| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: |
| EASTERN DISTRICT OF PENNSYLVANIA |
| Case number *(if known)* _____  Chapter  **11** |
| ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Midnight Madness Distilling LLC** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | **DBA  Faber Distilling**<br>**FKA  Theobald & Oppenheimer LLC** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **45-5493200** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business**<br><br>**118 N. Main Street**<br>**Trumbauersville, PA 18970**<br>Number, Street, City, State & ZIP Code<br><br>**Bucks**<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | theobaldandoppenheimer.com | |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ | |

Debtor  **Midnight Madness Distilling LLC** _____    Case number (*if known*) _____
      Name

7. **Describe debtor's business**   A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ■ None of the above

   B. *Check all that apply*

   ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
   See http://www.uscourts.gov/four-digit-national-association-naics-codes.
   __3121__

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*

   ☐ Chapter 7
   ☐ Chapter 9
   ■ Chapter 11. *Check **all** that apply*:

       ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

       ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

       ☐ A plan is being filed with this petition.

       ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

       ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the A*ttachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

       ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
   If more than 2 cases, attach a separate list.

   ■ No.
   ☐ Yes.

   District _____    When _____    Case number _____
   District _____    When _____    Case number _____

Debtor **Midnight Madness Distilling LLC** _____  Case number (_if known_) _____
      Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____  Relationship _____
District _____  When _____  Case number, if known _____

**11. Why is the case filed in _this district_?**

_Check all that apply:_

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (_Check all that apply._)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
        Contact name _____
        Phone _____

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

_Check one:_

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
■ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

■ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000

■ $1,000,001 - $10 million

☐ $500,000,001 - $1 billion

Official Form 201          **Voluntary Petition for Non-Individuals Filing for Bankruptcy**          page 3

Debtor  **Midnight Madness Distilling LLC**  Case number (*if known*)
Name

| | ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| | ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  **Midnight Madness Distilling LLC**_____  Case number (*if known*) _____
Name

| | Request for Relief, Declaration, and Signatures |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **June 21, 2021**
           MM / DD / YYYY

**X** **/s/ Casey Parzych**_____  **Casey Parzych**
Signature of authorized representative of debtor   Printed name

Title  **Manager**

**18. Signature of attorney**

**X** **/s/ Harry J. Giacometti**_____  Date **June 21, 2021**
Signature of attorney for debtor                            MM / DD / YYYY

**Harry J. Giacometti 55861**
Printed name

**Flaster Greenberg PC - Philadelphia**
Firm name

**1835 Market St.**
**Ste 1050**
**Philadelphia, PA 19103**
Number, Street, City, State & ZIP Code

Contact phone  **215-279-9393**   Email address  **harry.giacometti@flastergreenberg.com**

**55861 PA**
Bar number and State

JOINT RESOLUTION OF THE MANAGERS AND MAJORITY IN INTEREST OF
MEMBERS OF MIDNIGHT MADNESS DISTILLING, LLC

The undersigned managers ("**Managers**") and members who in the aggregate hold more than 50% of all the issued and outstanding Class A Units of the Company (the "**Majority In Interest**") of Midnight Madness Distilling, LLC ("**Company**" or "**Debtor**"). The Managers and Majority In Interest hereby waive all requirements as to notice of meeting and hereby consent to the adoption of the following resolutions as if they had been adopted during a duly convened meeting of the members and Managers held on June 3rd, 2021 pursuant to Sections 5.15 and 6.5 of the Company's Operating Agreement.

WHEREAS, the Company is insolvent and unable to pay its debts as they mature; and

WHEREAS, it would be in the best interests of creditors for the Company to file a voluntary petition under Chapter 11 of the Bankruptcy Code

WHEREAS, the Company's Operating Agreement as amended by the First Amendment to the Operating Agreement dated the same date herewith (the "First Amendment") provides that either the Managers or Majority In Interest may authorize, execute and verify or certify a petition under the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court.

NOW, THEREFORE, IT IS:

RESOLVED, that the First Amendment is hereby approved and ratified;

RESOLVED, that each of the Managers of the Board of Managers of the Company, CASEY PARZYCH and ANGUS RITTENBURG (each an "Authorized Person"), are hereby authorized and empowered individually, on behalf of, and in the name of, the Company to execute and verify or certify a petition under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") at such time as said Authorized Person may execute the same or shall otherwise determine it is in the best interest of the Company; and

RESOLVED, that any Authorized Person is hereby authorized and empowered on behalf of, and in the name of, the Company to execute and file all petitions, schedules, lists, and other papers and to take any and all action that any of the Authorized Persons may deem necessary, proper or desirable in connection with the Chapter 11 case, with a view to the successful prosecution of the case; and

RESOLVED, that any Authorized Person is hereby authorized and empowered on behalf of, and in the name of, the Company to execute a plan of reorganization under Chapter 11 of the Bankruptcy Code, including any and all modifications, supplements, and amendments thereto, and to cause the same to be filed with the Bankruptcy Court at such time as said Authorized Person executing the same shall determine; and

8308430 v1

RESOLVED, that the law firm of Flaster/Greenberg, P.C., is hereby employed as reorganization counsel for the Company upon such terms and conditions as the Authorized Persons shall approve, to render legal services to, and to represent the Company in connection with the Chapter 11 case, subject to Bankruptcy Court approval; and

RESOLVED, that any Authorized Person of the Company is hereby authorized and empowered on behalf of, and in the name of, the Company to retain and employ other attorneys, investment bankers, accountants, restructuring professionals, appraisers, broker, financial advisers and other professionals to assist in the Company's Chapter 11 case on such terms as are deemed necessary, proper or desirable; and

RESOLVED, that in connection with the commencement of the Chapter 11 case by the Company, any Authorized Person of the Company is hereby authorized and empowered on behalf of, and in the name of, the Company to perform such duties including but not limited to negotiating, executing and delivering a debtor-in-possession loan facility and/or agreements for the use of cash collateral (including in connection therewith, such notes, security agreements and other agreements or instruments as such officers consider appropriate), agreements of sale of assets of the Debtor, a plan of reorganization and necessary proceedings on such terms and conditions as such officer executing the same may consider necessary, proper or desirable, such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreements or instruments on behalf of the Company; such other business issues that may arise.

RESOLVED, that any and all past actions heretofore taken by the Authorized Person, any officer or any member of the Company in the name and on behalf of such Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

IN WITNESS WHEREOF, the undersigned have caused this Resolution to be duly executed as of the 3rd day of June, 2021.

CASEY PARZYCH, Manager and owner of 4,550 Class A Units (52.43%) of the Class A Units of the Company

ANGUS RITTENBURG, Manager and owner of 330 Class A Units (3.80%) of the Class A Units of the Company

2

8308430 v1