UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| MIDNIGHT MADNESS DISTILLING LLC | CASE NO. 21-11750 (MDC) |

DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE
CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363

Midnight Madness Distilling LLC (the "Debtor"), by and through its proposed counsel, Flaster Greenberg, P.C., hereby moves for authority to use its cash collateral pursuant to 11 U.S.C. § 363, and in support hereof, state as follows:

1. The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code") on June 21, 2021 (the "Petition Date") and has continued in possession of its property and operating its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtor is a Pennsylvania limited liability company and operates a distillery and packaging plant in Bucks County, Pennsylvania. It employs approximately 80 individuals on a full and part-time basis.

3. In and after April of 2019, the Debtor borrowed funds from PNC Bank, N.A. pursuant to a Loan Agreement dated April 19, 2019. In addition, the Debtor financed its machinery and equipment through PNC Equipment Finance (PNC Bank, N.A. and PNC Equipment Finance are hereinafter collectively referred to as "PNC").

4. PNC's obligations are evidenced by the following:

8284553 v1

(a) An Equipment Line of Credit Note dated April 16, 2019, in the original principal amount of $1,258,639.80;

(b) A Committed Line of Credit Note dated April 19, 2019 in the original principal amount of $250,000.00;

(c) An Equipment Line of Credit Note dated May 15, 2019, in the original principal amount of $1,141,360.00; and

(d) A Term Note dated June 7, 2019, in the original principal amount of $800,000.

5. Pursuant to a Security Agreement dated April 19, 2019 and a Cross Collateralization Agreement dated May 17, 2019, PNC has a first priority security interest in and lien on all of the Debtor's inventory, chattel paper, accounts, machinery, equipment, and general intangibles (the "Blanket Lien") and a second priority mortgage lien on the Debtor's real property located at 118 N. Main Street, Trumbauersville, Pennsylvania.

6. PNC filed financing statements perfecting its Blanket Lien with the Secretary of State of the Commonwealth of Pennsylvania (the "PNC UCC Financing Statements" copies of which are attached hereto as Exhibit 1).

7. As described in the PNC UCC Financing Statements, the Debtor granted to PNC a security interest in and to all of its "assets of every kind and nature…" (collectively, the "Collateral"). To the extent that PNC holds a valid, perfected and non-avoidable security interest, PNC's security interest in the Collateral or in the proceeds thereof constitute the cash collateral of PNC (the "Cash Collateral").

8. As of the Petition Date, the Debtor was indebted to PNC in the approximate amount of $2.5 million.

9. The Debtor seeks authority to use the Cash Collateral and to provide adequate protection to PNC on an interim basis, pursuant to the Debtor's Budget, attached hereto as Exhibit 2, and pending a final hearing on this Motion. The Debtor requires the use of Cash Collateral, as reflected in the Budget, to pay for necessary operating expenses essential to the Debtor's continued viability.

10. The Court may authorize the use of cash collateral under 11 U.S.C. §§363(c)(2)(B) and 363(e) if the Court determines that the secured party's interest in its collateral is adequately protected. A determination of adequate protection focuses on the nature of the collateral, the likelihood that it will deteriorate during the bankruptcy and the Debtor's prospects for a successful reorganization within a reasonable period of time.

11. The Debtor is proposing to make adequate protection payments to PNC as set forth in the attached Budget. Such payments are sufficient to protect PNC's interest in the Cash Collateral.

12. PNC's interest in Cash Collateral will be further protected in that if the Debtor's use of the Cash Collateral diminishes such interest, the Debtor will grant PNC replacement liens on post-petition accounts and proceeds thereof to secure such diminution.

13. The Debtor believes that the public interest is served by permitting use of Cash Collateral. If the use of Cash Collateral is denied, the Debtor will, in all probability, be forced to close, forcing its employees to lose their jobs and severely impairing the prospect of full payment of its creditors' claims.

14. It is in the best interests of the reorganization of the Debtor, its creditors, its employees and its equity interest holders, to authorize the use of cash collateral immediately so

that the Debtor may continue to meet its payroll obligations and purchasing needs on a current basis, to negotiate concerning the sale of certain of its assets, to reorganize and provide employment for employees, and to propose a successful plan of reorganization.

WHEREFORE, the Debtor prays for an immediate order authorizing the interim use of Cash Collateral, for a finding that the interests of PNC in the Cash Collateral are adequately protected pending a final hearing, for a prompt final hearing on use of Cash Collateral and the subsequent entry of an order permitting the Debtor to use Cash Collateral until such time as the Debtor's plan of reorganization is confirmed, and for such other and further relief as the Court deems just and proper under the circumstances.

**FLASTER GREENBERG P.C.**

Dated: June 22, 2021        By:    /s/ Harry J. Giacometti
                                            Harry J. Giacometti, Esq.
                                            William J. Burnett, Esq.
                                            1835 Market Street, Suite 1050
                                            Philadelphia, PA 19103
                                            (215) 587-5680
                                            harry.giacometti@flastergreenberg.com