UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| MIDNIGHT MADNESS DISTILLING LLC | CASE NO. 21-11750 (MDC) |

DEBTOR'S MOTION TO PAY PRE-PETITION
WAGES, SALARIES AND OTHER RELATED OBLIGATIONS

Midnight Madness Distilling LLC (the "Debtor"), by and through its proposed counsel, Flaster Greenberg, P.C., hereby moves for an Order authorizing the Debtor to pay its pre-petition wages, salaries and other related obligations, and in support hereof, state as follows:

1. The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, (the "Bankruptcy Code") on June 21, 2021 (the "Petition Date") and has continued in possession of its property and operating its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtor operates a distillery and packaging operation and trades under various labels including, Faber, Single Prop and others.

3. The Debtor employs approximately 80 individuals on a full and part-time basis, whose continued employment is necessary to the continued operation of the Debtor's business.

4. The Debtor's normal payroll period covers a biweekly period beginning every other Wednesday through the following Tuesday. The approximate gross payroll amount is approximately $145,000, but varies.

5. The Debtor pays its employees every other Friday, and the most recent pre-petition period ends on June 29, 2021, and is paid on July 2, 2021. Accordingly, the Debtor has

8284520 v1

accrued gross wages, salaries and other related obligations from June 16, 2021 through the Petition Date.

6. The Debtor seeks authorization to pay wages and salaries owed to its employees for services performed from the end of the most recent pre-petition pay period through the Petition Date, together with accrued taxes thereon and benefits relating thereto.

7. Any delay in approving payment of this compensation could disrupt the Debtor's relationship with its employees and irreparably impair their morale at a time when their dedication, confidence and cooperation is necessary.

8. It is in the best interests of the Debtor, and all the creditors of this bankruptcy estate, that the employees be paid. The amount to be paid to any one of the employees will not exceed the amount entitled to priority under § 507(a)(3) of the Code. Due to privacy concerns, the Debtor is not filing a schedule of proposed payments to employees. Instead, the Debtor has provided such a schedule to its proposed counsel, who has examined same and is satisfied that no employee will be paid in excess of the §507(a)(3) priority amount. The Debtor is prepared to provide a copy of the schedule to the Bankruptcy Court, the Office of the United States Trustee and any other party as otherwise directed by the Bankruptcy Court.

9. Casey Parzych, the principal of the Debtor, is included in the request for payment. Mr. Parzych's salary is based upon biweekly gross compensation in the amount of $2,950.00, and will be reflected in a notice of officer's compensation to be filed separately as required under Local Bankruptcy Rules.

10. In addition, Angus Rittenburg and Robert F. Culbertson, both interest holders in the Debtor, are included in the Debtor's payroll in the amount of $2,884.62 each.

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting the within motion and granting such other and further relief as is just and proper.

**FLASTER GREENBERG P.C.**

Dated: June 22, 2021         By:         */s/ Harry J. Giacometti*
                                         Harry J. Giacometti, Esq.
                                         William J. Burnett, Esq.
                                         1835 Market Street, Suite 1050
                                         Philadelphia, PA 19103
                                         (215) 587-5680
                                         Harry.giacometti@flastergreenberg.com