UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| MIDNIGHT MADNESS DISTILLING LLC | CASE NO. 21-11750-MDC |

**DEBTOR'S MOTION FOR EXPEDITED CONSIDERATION
PURSUANT TO LOCAL RULE 5070-1(f) OF CERTAIN
FIRST-DAY MOTIONS AND RELATED RELIEF**

Midnight Madness Distilling LLC (the "Debtor"), by and through its proposed counsel, Flaster Greenberg, P.C., hereby moves for expedited consideration of certain motions filed by the Debtor, and in support hereof, states as follows:

*Background*

1. The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on June 21, 2021 (the "Petition Date") and has continued in possession of its property and operating its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtor operates a distillery and packaging plant.

3. In connection with the filing, the Debtor has filed the following First-Day Motions: (a) the Debtor's Emergency Motion for Authority To Use Cash Collateral Pursuant to 11 U.S.C. §363 (the "Cash Collateral Motion"); (b) the Debtor's Motion to Pay Pre-Petition Wages, Salaries and Other Related Obligations (the "Pre-petition Wages Motion"); and (c) the Debtor's Motion for Entry of Interim and Final Order Determining Adequate Assurance of Payment for Future Utility Services (the "Utility Motion") (collectively, the Cash Collateral

Motion, the Pre-Petition Wages Motion, and the Utility Motion, are hereinafter referred to as the "First-Day Motions").

4. In addition, on the Petition Date, the Debtor filed a motion for approval of a sale under Bankruptcy Code Section 363 of substantially all of the Debtor's assets to the Buyer Affiliates (as that term is defined in the motion) (the "363 Motion"). The 363 Motion seeks expedited consideration of the bid procedures aspect of the motion.

### *Basis for Expedited Consideration*

5. **The Cash Collateral Motion.** The Debtor granted PNC Bank and PNC Equipment Finance (collectively "PNC") a security interest in and to all of its "inventory, chattel paper, accounts, equipment and general intangibles…" and all proceeds thereof (collectively, the "Collateral"). The Debtor needs immediate authority to use a portion of the Collateral to pay wages, to purchase supplies and other materials necessary to continue operations, to pay for goods and services, and to meet other ongoing obligations of the Debtor's business.

6. **Pre-Petition Wages Motion.** The Debtor has employees who have a portion of their most recent payroll falling within the pre-petition period. Accordingly, the Debtor is seeking court approval to pay its next regularly scheduled payroll in full, including the pre-petition portion of the payroll by Thursday, July 1st. No employee will receive in excess of the priority amount accorded to the employees under Bankruptcy Code Section 507(a)(3).

7. **The Utility Motion.** The Debtor is seeking the entry of an interim and a final order prohibiting utility providers from altering or discontinuing services on account of prepetition invoices and determining adequate assurance of payment for future utility services.

8. **The 363 Motion**. In order to effectuate the transaction contemplated in the 363 Motion in a timely manner and enable the business to continue, creditors to be paid and jobs

preserved, the Buyer Affiliates require that deal be consummated by August 12, 2021. Working backwards and as a result of that closing date, the Buyer Affiliates also require that this Court hold a hearing on bidding procedures on or before July 14, 2021 (subject to this Court's availability).

### *Notice to Other Parties of this Motion*

9. The Debtor has provided email and/or telephone notice regarding its request for expedited consideration of the Motions on PNC (by electronic mail to its counsel), and to the Office of the United States Trustee by telephone and email. The Debtor does not believe that any other party in the case will be affected, let alone prejudiced, by the shortening the time period in which this Court will dispose of the Motions.

10. If this Motion is granted, the Debtor proposes to serve electronically, by facsimile or by overnight mail, the accompanying Order and a copy of all Motions referenced herein and proposed Orders to the following: (a) the Office of the United States Trustee; (b) PNC; (c) the Debtor; and (d) the twenty largest unsecured creditors; and (e) the utilities providers referenced in the Utilities Motion.

11. In light of all of the benefits to the estate and also based on the Declaration of Casey Parzych in Support of First-Day Motions and Applications, the Debtor respectfully requests that this Court schedule hearing as follows: (a) a hearing on the First-Day Motions for **Tuesday, June 29, 2021 at 11:30 a.m**; and (b) a hearing on the proposed Bid Procedures Order for **Wednesday, July 14, 2021 at 11:30 a.m**.

WHEREFORE, the Debtor respectfully requests that this Court enter the attached Order, together with such other and further relief as is just and proper.

                                                  Respectfully submitted,

                                                  **FLASTER GREENBERG P.C.**

Dated:  June 22, 2021            By:      */s/ Harry J. Giacometti*
                                                            Harry J. Giacometti, Esq.
                                                            William J. Burnett, Esq.
                                                             1835 Market Street, Suite 1050
                                                            Philadelphia, PA 19103
                                                            (215) 587-5680
                                                           Harry.giacometti@flastergreenberg.com