## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| MIDNIGHT MADNESS DISTILLING, LLC | CASE NO. 21-11750 (MDC) |

### APPLICATION PURSUANT TO SECTIONS 327 AND 328 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 FOR AN ORDER AUTHORIZING DEBTOR TO EMPLOY FLASTER/GREENBERG P.C. AS ATTORNEYS *NUNC PRO TUNC* TO THE PETITION DATE

Midnight Madness Distilling LLC (the "Debtor"), for its application (the "Application"), pursuant to sections 327 and 328 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeks an order authorizing the Debtor to employ Flaster/Greenberg P.C. ("Flaster/Greenberg") as its attorneys *nunc pro tunc* to the Petition Date, and in support hereof respectfully states as follows:

Introduction

1.  By this Application, the Debtor seeks the entry of an order authorizing the Debtor to employ Flaster/Greenberg as its attorneys, *nunc pro tunc* to the Petition Date. By reason of Flaster/Greenberg's extensive experience and knowledge in the field of debtors' and creditors' rights, the Debtor believes that the retention of Flaster/Greenberg is in the best interests of the Debtor, its estate and its creditors.

Background

2.  On June 21, 2021 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its business and manage its property as a debtor-in-possession.

8284374 v1

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), because it is a matter concerning the administration of the Debtor's estate. The statutory and rule predicates for the relief sought in this Application are sections 327(a), 328(a) and 1107 of the Bankruptcy Code and Bankruptcy Rule 2014.

## Applicable Authority

4. Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

5. Section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> (a) The trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis … or on a contingent fee basis.

11 U.S.C. § 328(a).

6. Section 1107(a) of the Bankruptcy Code provides:

> (a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

11 U.S.C. § 1107(a).

7. Section 1107(b) of the Bankruptcy Code provides:

8284374 v1

2

    (b)    Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case.

11 U.S.C. § 1107(b).

8. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

    An order approving the employment of attorneys . . . or other professionals pursuant to § 327 . . . of the Code shall be made only on application of the trustee . . . .

Fed. R. Bankr. P. 2014(a).

9. Accordingly, this Court is authorized to grant the relief requested in this Application.

### Employment of Flaster/Greenberg

10. The Debtor seeks to employ Flaster/Greenberg in connection with the prosecution of its chapter 11 case because Flaster/Greenberg has extensive experience and knowledge in the field of debtors' and creditors' rights and the Debtor believes that Flaster/Greenberg is well qualified to represent the Debtor as a debtor-in-possession in its chapter 11 case. Flaster/Greenberg will provide its expertise with respect to bankruptcy-related issues and will act as general bankruptcy counsel for the Debtor.

### Services To Be Provided

11. Subject to approval of this Court, Flaster/Greenberg will render the following services to the Debtor:

    (a)    provide legal advice with respect to the Debtor's powers and duties as a debtor-in-possession in the continued operation of its business and management of its property;

    (b)    take necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on behalf of the Debtor and the defense of any actions commenced against the Debtor;

  (c) assist the Debtor in pursuing any and all insurance claims with respect to any loss incurred by the Debtor;

  (d) prepare, present and respond to, on behalf of the Debtor, necessary applications, motions, answers, orders, reports and other legal papers in connection with the administration of its estate;

  (e) negotiate and prepare, on the Debtor's behalf, plan(s) of reorganization, disclosure statement(s), and all related agreements and/or documents, and take any necessary action on behalf of the Debtor to obtain confirmation of such plan(s);

  (f) attend meetings and negotiations with representatives of creditors and other parties in interest and advising and consulting on the conduct of the case;

  (g) advising the Debtor with respect to bankruptcy law aspects of any proposed sale or other disposition of assets as well as any efforts to obtain financing;

  (h) advising and representing the Debtor in connection with a potential claim against its insurer on account of a loss incurred in connection with its business; and

  (i) perform any other legal services for the Debtor in connection with this chapter 11 case, except those requiring specialized expertise or for other reasons, for which special counsel will be retained.

In addition, Flaster/Greenberg will consult with the Debtor's management in connection with: (i) any actual or potential transaction involving the Debtor; and (ii) the operating, financial and other business matters relating to the ongoing activities of the Debtor. Flaster/Greenberg will also, to the extent requested, attend and participate in any creditors' committee meetings. Flaster/Greenberg has stated its willingness to act on behalf of the Debtor.

<u>No Adverse Interest, Disinterestedness and Disclosure of Connections</u>

 12. Flaster/Greenberg has informed the Debtor that it:

  (a) does not hold or represent an interest adverse to the Debtor's estate;

(b) is a "disinterested person" as defined by section 101(14), and used in section 327(a) (as qualified by section 1107(b)) of the Bankruptcy Code; and

(c) has no connection with the Debtor, its creditors or other parties-in-interest in this case, except as may be set forth in the Declaration, annexed to this Application as Exhibit A, of Harry J. Giacometti, Esquire, a shareholder of Flaster/Greenberg.

Professional Compensation

13. Subject to this Court's approval, Flaster/Greenberg will charge the Debtor for its legal services on an hourly basis in accordance with its ordinary and customary rates in effect on the date such services are rendered, and submits that such rates are reasonable. In the normal course of business, Flaster/Greenberg revises its hourly rates from time to time, effective on January 1st of each year. Set forth below is the current range of hourly rates that Flaster/Greenberg has informed the Debtor will be in effect for 2021 for the legal services of its professionals:

| | |
|---|---|
| Shareholders | $385.00 - $690.00 |
| Associates | $310.00 - $465.00 |
| Paralegals | $155.00 - $310.00 |

Because the fees: (a) are based on hourly rates and will correspond to the degree of effort expended on the Debtor's behalf, and (b) are Flaster/Greenberg 's usual and customary rates for services of this nature, the Debtor believes that the terms and conditions of Flaster/Greenberg 's employment are reasonable.

14. In addition to the hourly rates set forth above, Flaster/Greenberg customarily charges its clients for all costs incurred, including photocopying charges, outgoing facsimile transmissions, messengers, courier mail, computer assisted legal research, transportation, travel, lodging, meal charges for travel and business meetings, printing, transcripts, court fees,

document retrieval and similar items. As such, Flaster/Greenberg will be seeking reimbursement of all such charges incurred with respect to or on behalf of the Debtor.

15. In connection with its retention of Flaster Greenberg for the filing of the present bankruptcy case, on May 5, 2021, the Debtor made a retainer payment of $75,000.00. In addition, on June 14, 2021, the Debtor made an additional retainer payment of $50,000. The aforementioned pre-petition retainer payments were utilized to satisfy pre-petition attorneys' fees and costs in the amount of $110,045.98 and the bankruptcy filing fee of $1,738.00. Accordingly, there is a retainer balance of $13,216.02, which is being held by Flaster Greenberg.

16. Flaster/Greenberg has advised the Debtor that it intends to apply to this Court for periodic allowances of compensation and reimbursement of costs in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and general orders of this Court.

Best Interests of the Estate

17. Flaster/Greenberg's bankruptcy and restructuring attorneys are, in the Debtor's view, highly skilled and have developed a familiarity with the Debtor's business and affairs. Therefore, the Debtor believes that the employment of Flaster/Greenberg is in the best interests of the Debtor, its estate and its creditors.

No Prior Request

18. No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests the entry of an order, pursuant to sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014, substantially in the form attached to this Application: (i) authorizing the Debtor to employ the firm of

Flaster/Greenberg *nunv pro tunc* to the Petition Date, to represent the Debtor as its attorneys in this chapter 11 bankruptcy case; and (ii) granting such other and further relief as is just and proper.

Dated: June 22, 2021                              MIDNIGHT MADNESS DISTILLING LLC

                                                  By: */s/ Casey Parzych*
                                                        Casey Parzych, Member

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| MIDNIGHT MADNESS DISTILLING LLC | CASE NO. 21-11750 (MDC) |

**AFFIDAVIT OF HARRY J. GIACOMETTI, ESQUIRE PURSUANT TO BANKRUPTCY RULE 2014 ON BEHALF OF FLASTER/GREENBERG P.C. AS PROPOSED ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION, AND DISCLOSURE PURSUANT TO SECTION 329 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014 AND 2016**

COMMONWEALTH OF PENNSYLVANIA    )
                                ) ss.:
COUNTY OF PHILADELPHIA          )

Harry J. Giacometti, being duly sworn, deposes and declares under penalty of perjury:

1. I am an attorney duly admitted to practice in the Commonwealth of Pennsylvania and in this Court, and am a shareholder with the firm of Flaster/Greenberg P.C. ("Flaster/Greenberg").  My firm maintains offices for the practice of law at 1835 Market Street, Suite 1050, Philadelphia, PA 19103, and other locations.  I submit this declaration (the "Declaration") in connection with the Application of Midnight Madness Distilling LLC (the "Debtor"), to retain Flaster/Greenberg as its attorneys in the above-captioned chapter 11 case, pursuant to sections 327(a) and 328 of Title 11 of the United States Code (the "Bankruptcy Code"), and to provide the disclosures required under Section 329(a) of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. I have been advised by the Debtor that it wishes to employ Flaster/Greenberg as its attorneys to assist the Debtor in its chapter 11 case. To ascertain Flaster/Greenberg's "connections", as that term is used in Bankruptcy Rule 2014, with the Debtor and other parties-in-interest herein, Flaster/Greenberg reviewed a listing of all of its clients to determine whether any of them are known creditors, equity security holders, directors or officers of the Debtor. The records upon which the foregoing investigation was based are maintained by Flaster/Greenberg in the ordinary course of business and are believed to be accurate. In the event I become aware that any of the foregoing is not accurate, I will immediately advise the Court.

3. Based upon the results of the above-described inquiry and conflict check, Flaster/Greenberg, to the best of my knowledge and belief, does not hold or represent any interest adverse to the Debtor's estate, and is a "disinterested person" as that term is defined and used in sections 101(14) and 327(a) (as limited by section 1107(b)) of the Bankruptcy Code. Flaster/Greenberg's conflict check has determined that the firm does represent an unsecured creditor in this Chapter 11 case. Specifically, from time to time, Flaster/Greenberg represents American Express Company in matters unrelated to the Debtor or this Chapter 11 case. Flaster/Greenberg will not represent American Express in connection with any aspect of this case nor will Flaster/Greenberg take any position directly adverse to this entity. In the event that the Debtor needs to take a positon directly adverse to American Express, Flaster/Greenberg will either obtain a mutual waiver or will defer the adverse matter to special counsel. Moreover, the fees paid by American Express are de minimus and represent significantly less than 1% of Flaster/Greenberg's annual revenues in the last year.

4. Given the size and complexity of the Debtor's business and the number of parties-in-interest in this case, it is possible that Flaster/Greenberg, despite reasonable efforts to discover

"connections" as described above, does have "connections" with creditors or parties-in-interest not disclosed in this Declaration. I am not aware, however, of any connections not disclosed. If Flaster/Greenberg becomes aware of any additional connections, it will promptly supplement this Declaration.

5. Subject to this Court's approval, Flaster/Greenberg will charge the Debtor for its legal services on an hourly basis in accordance with its ordinary and customary rates in effect on the date such services are rendered, and submits that such rates are reasonable. In the normal course of business, Flaster/Greenberg revises its hourly rates from time to time, effective January 1st of each year. Set forth below are the 2021 hourly rates that Flaster/Greenberg will have in effect for the legal services of its professionals:

| | |
|---|---|
| Shareholders | $385.00 - $690.00 |
| Associates | $310.00 - $465.00 |
| Paralegals | $155.00 - $310.00 |

Because the fees: (a) are based on hourly rates and will correspond to the degree of effort expended on the Debtor's behalf, and (b) are Flaster/Greenberg's usual and customary rates for services of this nature, I believe that the terms and conditions of Flaster/Greenberg's employment are reasonable.

6. The Flaster/Greenberg attorneys and legal assistants who are likely to perform services in the above-captioned case and hourly rates attributable to their work for this engagement, effective as of the date of this Declaration, are:

| Name | Rate |
|---|---|
| Harry J. Giacometti (Shareholder) | $560.00 |
| William J. Burnett (Shareholder) | $560.00 |
| Megan C. Moore (Shareholder) | $605.00 |
| Lauren Schwimmer (Shareholder) | $385.00 |
| Damien Nicholas Tancredi (Shareholder) | $425.00 |
| Nicole A. Josephy (Associate) | $350.00 |

        Jennifer Vagnozzi (Paralegal)        $195.00

7.     As this chapter 11 case proceeds, I anticipate that additional Flaster/Greenberg shareholders, associates, and paralegals may be assigned to work on this case. To the fullest extent possible, professionals having the requisite expertise who already have knowledge with respect to these areas and/or the matters involved will be assigned to this case so that duplication of effort is avoided. Consistent with the ranges of hourly rates described above, the hourly rates of the other Flaster/Greenberg shareholders, associates, and paralegals that hereafter may act for the Debtor may be higher or lower than those of the persons listed above.

8.     In addition to the hourly rates set forth above, Flaster/Greenberg customarily charges its clients for all costs incurred, including photocopying charges, long distance telephone calls, outgoing facsimile transmissions, messengers, courier mail, computer assisted legal research, overtime meals, transportation, travel, lodging, meal charges for business travel and meetings, printing, transcripts, court fees, document retrieval and similar items. As such, Flaster/Greenberg will be seeking reimbursement of all such charges incurred with respect to or on behalf of the Debtor.

9.     In connection with its retention of Flaster Greenberg for the filing of the present bankruptcy case, on May 5, 2021, the Debtor made a retainer payment of 75,000.00. In addition, on June 14, 2021, the Debtor made an additional retainer payment of $50,000. The aforementioned pre-petition retainer payments were utilized to satisfy pre-petition attorneys' fees and costs in the amount of $110,045.98 and the bankruptcy filing fee of $1,738.00. Accordingly, there is a retainer balance of $13,216.02, which is being held by Flaster Greenberg.

10.    No promises have been received by Flaster/Greenberg, nor any shareholder or any associate of Flaster/Greenberg, as to compensation in connection with this case other than in

8284374 v1        4

accordance with section 504 of the Bankruptcy Code.  Neither Flaster/Greenberg, nor any shareholder, principal or associate of Flaster/Greenberg, has any agreement with any other entity to share with such entity any compensation received by Flaster/Greenberg in connection with this case.

11. By reason of the foregoing, I believe that Flaster/Greenberg is eligible for employment by the Debtor pursuant to sections 327 and 328 of the Bankruptcy Code and the applicable Bankruptcy Rules.

Dated: June 22, 2021

_____
Harry J. Giacometti

SWORN TO AND SUBSCRIBED
BEFORE ME THIS          DAY
OF                      , 2021

_____
NOTARY PUBLIC

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | CHAPTER 11 |
| MIDNIGHT MADNESS DISTILLING LLC | CASE NO. 21-11750 (MDC) |

**ORDER GRANTING APPLICATION TO EMPLOY**
**FLASTER/GREENBERG, P.C. AS DEBTOR'S COUNSEL**

AND NOW, this _____ day of _____, 2021, upon consideration of the Application for an Order Authorizing Debtor to Employ Flaster/Greenberg, P.C. as Attorneys *Nunc Pro Tunc* to the Petition Date, pursuant to Section 327 of the United States Bankruptcy Code and Bankruptcy Rule 2014 (the "Application"), the Court having concluded that the employment of Flaster/Greenberg, P.C. is necessary and is in the best interests of the Debtor and its estate, the Court being satisfied that Flaster/Greenberg, P.C. represents no interest adverse to the Debtor's estate with respect to matters as to which it is to be engaged, that Flaster/Greenberg, P.C. is disinterested under Sections 101 and 327 of the United States Bankruptcy Code, and sufficient cause appearing therefor, it is

ORDERED AND DECREED that

1.  The Application is APPROVED.

2.  The Debtor is hereby authorized to employ Flaster/Greenberg, P.C. effective as of June 21, 2021, pursuant to the terms more fully set forth in the Application, and

      3.      Flaster/Greenberg, P.C. may receive such compensation as is approved by this Court upon application after notice and opportunity for hearing.

                              _____
                                Magdeline D. Coleman
                                Chief United States Bankruptcy Judge

Interested Parties:

Harry J. Giacometti, Esquire
William J. Burnett, Esquire
Flaster/Greenberg P.C.
1835 Market Street, Suite 1050
Philadelphia, PA 19103

8284374 v1                              7