UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| MIDNIGHT MADNESS DISTILLING LLC | CASE NO. 21-11750 (MDC) |

**AFFIDAVIT OF HARRY J. GIACOMETTI, ESQUIRE PURSUANT TO BANKRUPTCY RULE 2014 ON BEHALF OF FLASTER/GREENBERG P.C. AS PROPOSED ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION, AND DISCLOSURE PURSUANT TO SECTION 329 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014 AND 2016**

COMMONWEALTH OF PENNSYLVANIA    )
                                ) ss.:
COUNTY OF PHILADELPHIA          )

Harry J. Giacometti, being duly sworn, deposes and declares under penalty of perjury:

1. I am an attorney duly admitted to practice in the Commonwealth of Pennsylvania and in this Court, and am a shareholder with the firm of Flaster/Greenberg P.C. ("Flaster/Greenberg"). My firm maintains offices for the practice of law at 1835 Market Street, Suite 1050, Philadelphia, PA 19103, and other locations. I submit this declaration (the "Declaration") in connection with the Application of Midnight Madness Distilling LLC (the "Debtor"), to retain Flaster/Greenberg as its attorneys in the above-captioned chapter 11 case, pursuant to sections 327(a) and 328 of Title 11 of the United States Code (the "Bankruptcy Code"), and to provide the disclosures required under Section 329(a) of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

8284374 v1

1

2.   I have been advised by the Debtor that it wishes to employ Flaster/Greenberg as its attorneys to assist the Debtor in its chapter 11 case. To ascertain Flaster/Greenberg's "connections", as that term is used in Bankruptcy Rule 2014, with the Debtor and other parties-in-interest herein, Flaster/Greenberg reviewed a listing of all of its clients to determine whether any of them are known creditors, equity security holders, directors or officers of the Debtor. The records upon which the foregoing investigation was based are maintained by Flaster/Greenberg in the ordinary course of business and are believed to be accurate. In the event I become aware that any of the foregoing is not accurate, I will immediately advise the Court.

3.   Based upon the results of the above-described inquiry and conflict check, Flaster/Greenberg, to the best of my knowledge and belief, does not hold or represent any interest adverse to the Debtor's estate, and is a "disinterested person" as that term is defined and used in sections 101(14) and 327(a) (as limited by section 1107(b)) of the Bankruptcy Code. Flaster/Greenberg's conflict check has determined that the firm does represent an unsecured creditor in this Chapter 11 case. Specifically, from time to time, Flaster/Greenberg represents American Express Company in matters unrelated to the Debtor or this Chapter 11 case. Flaster/Greenberg will not represent American Express in connection with any aspect of this case nor will Flaster/Greenberg take any position directly adverse to this entity. In the event that the Debtor needs to take a positon directly adverse to American Express, Flaster/Greenberg will either obtain a mutual waiver or will defer the adverse matter to special counsel. Moreover, the fees paid by American Express are de minimus and represent significantly less than 1% of Flaster/Greenberg's annual revenues in the last year.

4.   Given the size and complexity of the Debtor's business and the number of parties-in-interest in this case, it is possible that Flaster/Greenberg, despite reasonable efforts to discover

"connections" as described above, does have "connections" with creditors or parties-in-interest not disclosed in this Declaration. I am not aware, however, of any connections not disclosed. If Flaster/Greenberg becomes aware of any additional connections, it will promptly supplement this Declaration.

5. Subject to this Court's approval, Flaster/Greenberg will charge the Debtor for its legal services on an hourly basis in accordance with its ordinary and customary rates in effect on the date such services are rendered, and submits that such rates are reasonable. In the normal course of business, Flaster/Greenberg revises its hourly rates from time to time, effective January 1st of each year. Set forth below are the 2021 hourly rates that Flaster/Greenberg will have in effect for the legal services of its professionals:

| | |
|---|---|
| Shareholders | $385.00 - $690.00 |
| Associates | $310.00 - $465.00 |
| Paralegals | $155.00 - $310.00 |

Because the fees: (a) are based on hourly rates and will correspond to the degree of effort expended on the Debtor's behalf, and (b) are Flaster/Greenberg's usual and customary rates for services of this nature, I believe that the terms and conditions of Flaster/Greenberg's employment are reasonable.

6. The Flaster/Greenberg attorneys and legal assistants who are likely to perform services in the above-captioned case and hourly rates attributable to their work for this engagement, effective as of the date of this Declaration, are:

| Name | Rate |
|---|---|
| Harry J. Giacometti (Shareholder) | $560.00 |
| William J. Burnett (Shareholder) | $560.00 |
| Megan C. Moore (Shareholder) | $605.00 |
| Lauren Schwimmer (Shareholder) | $385.00 |
| Damien Nicholas Tancredi (Shareholder) | $425.00 |
| Nicole A. Josephy (Associate) | $350.00 |

                Jennifer Vagnozzi (Paralegal)                $195.00

7. As this chapter 11 case proceeds, I anticipate that additional Flaster/Greenberg shareholders, associates, and paralegals may be assigned to work on this case. To the fullest extent possible, professionals having the requisite expertise who already have knowledge with respect to these areas and/or the matters involved will be assigned to this case so that duplication of effort is avoided. Consistent with the ranges of hourly rates described above, the hourly rates of the other Flaster/Greenberg shareholders, associates, and paralegals that hereafter may act for the Debtor may be higher or lower than those of the persons listed above.

8. In addition to the hourly rates set forth above, Flaster/Greenberg customarily charges its clients for all costs incurred, including photocopying charges, long distance telephone calls, outgoing facsimile transmissions, messengers, courier mail, computer assisted legal research, overtime meals, transportation, travel, lodging, meal charges for business travel and meetings, printing, transcripts, court fees, document retrieval and similar items. As such, Flaster/Greenberg will be seeking reimbursement of all such charges incurred with respect to or on behalf of the Debtor.

9. In connection with its retention of Flaster Greenberg for the filing of the present bankruptcy case, on May 5, 2021, the Debtor made a retainer payment of 75,000.00. In addition, on June 14, 2021, the Debtor made an additional retainer payment of $50,000. The aforementioned pre-petition retainer payments were utilized to satisfy pre-petition attorneys' fees and costs in the amount of $110,045.98 and the bankruptcy filing fee of $1,738.00. Accordingly, there is a retainer balance of $13,216.02, which is being held by Flaster Greenberg.

10. No promises have been received by Flaster/Greenberg, nor any shareholder or any associate of Flaster/Greenberg, as to compensation in connection with this case other than in

8284374 v1                                                     4

accordance with section 504 of the Bankruptcy Code. Neither Flaster/Greenberg, nor any shareholder, principal or associate of Flaster/Greenberg, has any agreement with any other entity to share with such entity any compensation received by Flaster/Greenberg in connection with this case.

11.     By reason of the foregoing, I believe that Flaster/Greenberg is eligible for employment by the Debtor pursuant to sections 327 and 328 of the Bankruptcy Code and the applicable Bankruptcy Rules.

Dated: June 22, 2021

_____
Harry J. Giacometti

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 22nd DAY
OF June, 2021

_____
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
JEANNE VALENTINO, Notary Public
Philadelphia County
My Commission Expires December 11, 2023
Commission Number 1360904

8284374 v1                                   5