**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | CHAPTER 11 |
| MIDNIGHT MADNESS DISTILLING LLC | CASE NO. 21-11750-MDC |

**ORDER (I) SCHEDULING A HEARING TO CONSIDER APPROVAL OF THE SALE
OR SALES OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, AND THE
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, (II) APPROVING CERTAIN BIDDING PROCEDURES,
ASSUMPTION AND ASSIGNMENT PROCEDURES, AND THE FORM AND MANNER
OF NOTICE THEREOF, (III) APPROVING PAYMENT EXPENSE REIMBURSEMENT
UNDER CERTAIN CONDITIONS,
AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the expedited motion (the "**Motion**")[1], dated June 21, 2021, of the

Debtor in the above-captioned chapter 11 case for the entry of an order: (i) scheduling a hearing

(the "Sale Hearing") on approval of the sale (the "Sale") of substantially all of the Debtor's real and

personal property and other related interests  (the "Assets"), free and clear of all liens, claims,

encumbrances, and other interests (collectively, the "Encumbrances"), other than those

Encumbrances permitted by the Asset Purchase Agreement by and between the Debtor and ETOH

Worldwide, LLC (the "Buyer") dated as of June 21, 2021 (the "APA") and authorizing the

assumption and assignment of certain executory contracts and unexpired leases (each, an "Assumed

Contract," and collectively, the "Assumed Contracts") in connection therewith, (ii) authorizing and

approving certain proposed bidding procedures for the Sale attached hereto as Exhibit 1

(collectively, the "Bidding Procedures"), certain proposed assumption and assignment procedures

---

[1] Capitalized terms used but not defined herein shall have the meanings given in the Motion or the Bidding
  Procedures (as defined below), as applicable.

(collectively, the "Assumption and Assignment Procedures"), and the form and manner of notice

thereof; (iii) approving payment of an expense reimbursement under certain conditions; and (iv)

granting related relief; and due and proper notice of the Motion having been given as provided in

the Motion; and it appearing that no other or further notice need be provided; and the Bidding

Procedures Hearing (as defined below) having been held; and all of the proceedings had before

the Court; and the Court having reviewed the Motion; and the Court having found and

determined that the relief sought in the Motion and set forth herein is in the best interests of the

Debtor, its estate and creditors, and all parties in interest and that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is hereby

### FOUND AND DETERMINED THAT:[2]

A.      This Court has jurisdiction to consider the Motion in accordance with 28 U.S.C.

§§ 157 and 1334.

B.      Venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408

and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

C.      The statutory and legal predicates for the relief requested in the Motion and

provided for herein are sections 105(a), 363, 365, 503 and 507 of title 11 of the United States

Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, and

9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

D.      In the Motion and at the hearing on the Motion (the "Bidding Procedures

Hearing"), the Debtor demonstrated that good and sufficient notice of the relief granted by this

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law
pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the
extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the
extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Order has been given and no further notice is required. A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 2002 and all other interested parties.

E.    The Sale Notice (as defined below) is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of this Order, the Bidding Procedures, the Auction, the Sale, and the Sale Hearing, and any and all objection deadlines related thereto, and no other or further notice is required of the foregoing.

F.    The Bidding Procedures are fair, reasonable, and appropriate and are designed to maximize recovery with respect to the Sale,

G.    The Assumption and Assignment Procedures provided for herein and in the Assumption Notice (as defined below) are reasonable and appropriate and consistent with the provisions of section 365 of the Bankruptcy Code and Bankruptcy Rule 6006. The Assumption and Assignment Procedures and the Assumption Notice have been tailored to provide an adequate opportunity for all Counterparties (as defined below) to assert any Contract Objections (as defined in the Assumption and Assignment Procedures).

H.    Entry of this Order is in the best interests of the Debtor, its estate and creditors and all other interested parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    Those portions of the Motion seeking approval of (a) the Assumption and Assignment Procedures, (b) the Bidding Procedures, (c) the date, time and place of the Auction and Sale Hearing, and (d) the noticing and objection procedures related to each of the foregoing, including, without limitation, the Sale Notice, substantially in the form attached hereto as Exhibit

8417033 v1

2 (the "Sale Notice"), and the Assumption Notice, substantially in the form attached hereto as

Exhibit 3 (the "Assumption Notice"), are hereby GRANTED as modified and provided herein.

       2.       Any objections to the relief granted by this Order that have not been withdrawn,

waived or settled, and all reservations of rights included therein, are hereby overruled and denied

on the merits with prejudice, except for (1) the Limited Objection of PACCAR Financial Corp to

Debtor's Motion to Sell Assets (ECF 75), and (2)  the Objection of PNC Bank, National

Association and PNC Equipment Finance, LLC to Debtor's Motion for Approval of Sale of

Assets and Related Sale and Bid Procedures (ECF 76) to the extent the issues raised therein are

not resolved as a result of the entry of this Order,[3] which are reserved until consideration of final

approval of a sale pursuant to the Motion.

**Approval of Bidding Procedures; Auction**

       3.       The Bidding Procedures are hereby approved. The failure to specifically include

or reference any particular provision of the Bidding Procedures in the Motion or this Order shall

not diminish or otherwise impair the effectiveness of such procedures, it being this Court's intent

that the Bidding Procedures are approved in their entirety, as if fully set forth in this Order. The

Debtor is hereby authorized to conduct the Auction (if any) of the Assets pursuant to the terms of

the Bidding Procedures and this Order. The Bidding Procedures shall govern the actions of the

Buyer, the Potential Bidders and the Qualifying Bidders (each as defined in the Bidding

Procedures), as well as the conduct of any Auction.

       4.       Notwithstanding any limitations provided for in any due diligence information,

including, without limitation, any non-disclosure, confidentiality or similar provisions, the

---

[3] In addition, PNC raised objections regarding proration, the terms of the Master Subcontract as well as issues relating to the sale of certain insurance claims. These objections are also reserved until the Sale Hearing.

8417033 v1

Debtor and its estate shall be authorized to provide due diligence information to any Potential

Bidders or Qualifying Bidders, provided that each Potential Bidder or Qualifying Bidder has

delivered an executed confidentiality agreement in form and substance acceptable to the Debtor.

The Debtor and its estate are not responsible for, and shall have no liability with respect to, any

information obtained by, or provided to, any Potential Bidders or Qualifying Bidders in

connection with the Bidding Procedures and the Sale, provided that the information was

provided in accordance with this Order and except as otherwise provided for in the Transaction

Agreement (including the APA) that is authorized and approved by the Court.

     5.     For the avoidance of doubt, and notwithstanding anything to the contrary in the

Motion, this Order or the Bidding Procedures, the requirement that a party execute a

confidentiality agreement to obtain access to due diligence information shall not restrict, prohibit

or alter the right that any party has under any applicable agreement, including loan agreements,

to receive, or the Debtor's obligation to provide, any information, which rights and obligations

are intended to remain unchanged by this Order and the Bidding Procedures.

     6.     A Qualifying Bidder that desires to make a bid shall deliver a written and

electronic copy of its bid in both PDF and MS-WORD format to the Debtor, with a copy to the

Consultation Parties (as defined below) so as to be received on or before **August 20, 2021 at

12:00 p.m. (ET)** (the "Bid Deadline"); provided that the Debtor may extend the Bid Deadline

without further order of the Court, after consulting with the applicable Consultation Parties. Any

party that does not submit a bid by the Bid Deadline will not be allowed to: (a) submit any offer

after the Bid Deadline or (b) participate as a bidder in the Auction (if any). The term

"Consultation Parties" as used in the Bidding Procedures and this Order shall mean the following

parties (provided that they are not a bidder for the Assets): (i) counsel to the Official Committee

8417033 v1

of Unsecured Creditors (if any), and (ii) counsel to PNC Bank, N.A. and its affiliates

(collectively, "PNC").

7.      Any Qualifying Bidders (including the Buyer) submitting a Qualifying Bid

(including the APA) are deemed to have submitted to the exclusive jurisdiction of this Court

with respect to all matters related to the Auction (if any) and the terms and conditions of the sale

or transfer of the Assets identified under the Transaction Agreement.

8.      In the event that the Debtor timely receives two or more Qualifying Bids for the

same Assets, the Debtor shall include such Assets in the Auction (if any). If no bid other than the

APA from the Buyer is submitted for the Assets on or before the Bid Deadline, the Debtor

instead shall cancel the Auction and request that this Court approve the APA from the Buyer and

the transactions contemplated thereunder at the Sale Hearing.

9.      The Auction (if any) shall tentatively be held (subject to appropriate COVID

safety protocols and applicable guidance, including, if necessary or appropriate, by Zoom or

other teleconference) at the office of counsel to the Debtor, Flaster/Greenberg PC, 1835 Market

Street, Suite 1050, Philadelphia, PA 19103 beginning at 10:00 a.m. (prevailing Eastern Time) on

**August 23, 2021 at 10:00 am (ET)**.   Any Auction Bidder shall be notified of the exact location

and manner of conducting the Auction prior to the Auction.  Each Auction Bidder and the Buyer

(as defined in the Bidding Procedures) shall confirm in writing prior to the start of the Auction

that: (a) it has not engaged in any collusion with respect to the submission of any bid, the

bidding, or the Auction and (b) its Qualifying Bid is a good faith bona fide offer that it intends to

consummate if selected as a Successful Bidder. All proceedings at the Auction (if any) shall be

transcribed.

8417033 v1

10.    The Assets shall be offered only as a group in one lot as provided in the APA at
the Auction (if any). The Debtor, in consultation with the Consultation Parties, shall assess each
bid to determine whether it is the highest and best bid for the Assets, considering, among other
things: (a) the transaction structure and execution risk, including conditions as to timing and
certainty of closing, termination provisions, availability of financing and financial wherewithal
to meet all commitments, and required governmental or other approval; (b) variations between
competing bids and any incremental execution risk that the Debtor reasonably determines, in
consultation with the Consultation Parties, exists as a result of those variations; (c) the time
needed to close a Sale or other transaction compared with other Qualifying Bids and the cost to
the Debtor and its estate of any incremental delay; (d) the total consideration, including non-cash
consideration, to be received by the Debtor and its estate; (e) the ability to obtain a higher or
better offer for the Assets when sold; (f) existing funding available or proposed to be provided by
the Qualifying Bidder during the period necessary to close the Sale or other transaction; (g) the
net benefit to the Debtor's estate, taking into account the Buyer's rights to any expense
reimbursement, and similar bid protections; (h) the proposed treatment of existing secured
interests in the Assets, including any senior indebtedness in the case of a credit bid; (i) the impact
on employees, Counterparties (including claims that may be asserted related to rejection and
objections to adequate assurance), and other creditors; and (j) any other factors the Debtor may
reasonably deem relevant, all in consultation with the Consultation Parties.

11.    The Debtor shall have the right as it may reasonably determine to be in the best
interests of its estate to carry out the Bidding Procedures, including, without limitation, to, in
consultation with the Consultation Parties: (a) determine which bidders are Qualifying Bidders;
(b) determine which bids are Qualifying Bids; (c) deny Qualifying Bidders the opportunity to bid

on less than all of the Assets that were included in the APA, if applicable; (d) subject to the terms

of the Bidding Procedures, determine which bid is the Successful Bid  and Back-Up Bid, each as

it relates to the Auction (if any); (f) reject any bid that is (i) inadequate or insufficient, (ii) not in

conformity with the requirements of the Bidding Procedures or the Bankruptcy Code, or (iii)

contrary to the best interests of the Debtor and its estate; (g) adjourn or cancel the Auction and/or

the Sale Hearing in open court without further notice or as provided in this Order and in the

Bidding Procedures; (h) modify the Bidding Procedures consistent with their fiduciary duties and

the Bankruptcy Code; and (i) withdraw the Motion with respect to entry of the Sale Order for the

Assets at any time with or without prejudice.

**Assumption and Assignment Procedures; Contract Objections**

12.    The following "Assumption and Assignment Procedures" are hereby approved:

(a)    On or before **one business day after this Order is entered** (the
"Assumption Notice Deadline"), the Debtor shall file with the Court and serve on
each counterparty (each, a "Counterparty," and collectively, the "Counterparties")
to an Assumed Contract an assumption notice (an "Assumption Notice"). In the
event that the Debtor identifies any Assumed Contract that a potential purchaser
may potentially seek to acquire by assumption or assumption and assignment or
modify the Cure Amount (as defined herein) after the Assumption Notice
Deadline, the Debtor shall promptly file and serve a supplemental Assumption
Notice (a "Supplemental Assumption Notice").

(b)    The Assumption Notice (or Supplemental Assumption Notice, if
applicable) shall include, without limitation, the cure amount (each, a "Cure
Amount"), if any, that the Debtor believes is required to be paid to the applicable
Counterparty under section 365(b)(1)(A) and (B) of the Bankruptcy Code for each
of the Assumed Contracts.

(c)    If a Counterparty objects to the Debtor's ability to assume and/or assign
the Assumed Contract, the Counterparty must file with the Court and serve on the
counsel to the Debtor and the Consultation Parties a written objection (a "Contract
Objection").  Any Contract Objection shall: (i) be in writing; (ii) comply with the
Bankruptcy Rules and the Local Bankruptcy Rules; (iii) be filed with the Clerk of
this Court, together with proof of service, on or before 4:00 p.m. (ET) on **August
25, 2021 (ET)** (the "Contract Objection Deadline"), provided that if the Debtor
files any Supplemental Assumption Notice, such notice shall provide that the

Contract Objection Deadline shall be at least 10 days after service of such notice; and (iv) be served, so as to be actually received on or before the Contract Objection Deadline, upon the counsel to the Debtor and the Consultation Parties. Any objections to adequate assurance of future performance by a Successful Bidder or cure amounts shall be filed in accordance with this Order.

(d)    If the Successful Bidder is any party other than the Buyer, within 24 hours after the conclusion of the Auction, the Debtor shall file with the Court a notice identifying the Successful Bidder for the Assets (a "Notice of Successful Bidder"), which shall set forth, among other things, (i) the Successful Bidder and Back-Up Bidder (as defined in the Bidding Procedures), if any, (ii) the Assumed Contracts included in the Successful Bid or Back-Up Bid (as defined in the Bidding Procedures); (iii) the proposed assignee(s) of such Assumed Contracts; and (iv) the cure amount, if any, that the Debtor believes is required to be paid to the applicable Counterparty under section 365(b)(1)(A) of the Bankruptcy Code for each of the Assumed Contracts (the "Cure Amount"). The Debtor shall provide on a confidential basis no later than 24 hours after the Bid Deadline instructions for contacting such other Successful Bidder regarding the Adequate Assurance Information provided with such other Successful Bid to each affected Counterparty.

(e)    If the Successful Bidder is any party other than the Buyer, service of the Notice of Successful Bidder shall be made by overnight mail and/or email upon each affected Counterparty and Consultation Party and their counsel. In such an event, Counterparties may submit objections solely on the basis of adequate assurance of future performance by a Successful Bidder, an objection pursuant to 11 U.S.C. § 365(b)(3), or an objection to the Cure Amount, if applicable to that Counterparty, prior to the commencement of the Sale Hearing.

(f)    If no Contract Objection is timely received with respect to an Assumed Contract: (i) the Counterparty to such Assumed Contract shall be deemed to have consented to the assumption by the Debtor and (if applicable) assignment of such Assumed Contract, and will be forever barred from asserting any objection with regard to such assumption and assignment (including, without limitation, with respect to adequate assurance of future performance); (ii) upon receipt by the Counterparty of any Cure Amount, any and all defaults under such Assumed Contract and any and all pecuniary losses related thereto shall be deemed cured and compensated pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code; and (iii) the Cure Amount included in the Assumption Notice or Supplemental Assumption Notice, if applicable, for such Assumed Contract shall be controlling, notwithstanding anything to the contrary in such Assumed Contract, or any other related document, and the Counterparty shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other claims related to such Assumed Contract against the Debtor and (if applicable) the Debtor's assignee, or the property of any of them, that existed prior to the entry of the Sale Order.

8417033 v1

(g)      To the extent that the parties are unable to consensually resolve any Contract Objection prior to the commencement of the Sale Hearing, including, without limitation, any dispute with respect to the Cure Amount required to be paid to the applicable Counterparty under section 365(b)(1)(A) and (B) of the Bankruptcy Code (any such dispute, a "Cure Dispute"), such Cure Dispute will be adjudicated at a hearing approximately 14 days following the Sale Hearing or at such other date and time as may be mutually agreed to by the Debtor and the objecting Counterparty or scheduled by the Court.  All portions of any Contract Objections that are not Cure Disputes will be adjudicated at the Sale Hearing.  If the Contract Objection relates solely to a Cure Dispute, such Assumed Contract may be assumed by the Debtor and assigned, provided that the cure amount that the Counterparty asserts is required to be paid under section 365(b)(1)(A) and (B) of the Bankruptcy Code (or such lower amount as agreed to by the Counterparty) is paid to the Counterparty and the remaining disputed portions of the cure amount shall be held in escrow pending the adjudication or resolution of the Cure Dispute.

13.      As part of its bid, any Qualifying Bidder  must submit, for review by the Consultation Parties and Counterparties to Assumed Contracts of which such Qualified Bidder may seek to take assignment, information demonstrating the Qualifying Bidder's ability to provide adequate assurance of future performance under section 365(f)(2)(B) of the Bankruptcy Code (the "Adequate Assurance Information"). Adequate Assurance Information shall be provided on a confidential basis and must be kept confidential and shall only be used and disclosed as agreed to by the Qualifying Bidder that provided such Adequate Assurance Information or as ordered by the Court. This Order authorizes the filing of any Adequate Assurance Information under seal, and on the docket with such non-public information redacted, without further order of the Court; provided that unredacted versions of such pleadings shall be served upon the Debtor, with a copy to the Court's chambers. Any Representative receiving Adequate Assurance Information shall be notified and shall agree to be bound by the restrictions set forth in this Order.

8417033 v1

14.     As part of its bid, each Qualifying Bidder (including the Buyer) must agree to pay any Cure Amounts associated with any Assumed Contracts and assume any obligations that accrued or are accruing under an Assumed Contract but which are not yet due for any Assumed Contract to be acquired in a Sale.

15.     Within 24 hours after the Bid Deadline, the Debtor, or its agents, shall send via overnight mail or email to each Counterparty and its counsel, if such Counterparty's counsel has filed an entry of appearance in the above-captioned case, any bids (other than the bid from the Buyer in the APA) that identify such Counterparty's Assumed Contract as a contract to be acquired in a Sale, including such Qualified Bidder's Adequate Assurance Information.

16.     The Assumption and Assignment Procedures are appropriate and fair to all Counterparties and comply in all respects with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

17.     The inclusion of a contract, lease or other agreement on an Assumption Notice shall not constitute or be deemed a determination or admission by the Debtor, its estate, or any other party in interest that such contract, lease or other agreement is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and any and all rights with respect thereto shall be reserved.

**Sale Hearing and Objections to the Sale**

18.     The Sale Hearing shall be held in this Court on **August27, 2021 at 10:30 a.m (via zoom)**. In consultation with the Consultation Parties, the Debtor may adjourn or reschedule the Sale Hearing without notice or with limited and shortened notice to parties, including by: (a) an announcement of such adjournment at the Sale Hearing or (b) the filing of a notice of adjournment with the Court prior to the commencement of the Sale Hearing.

8417033 v1

19.     Any objections to the Sale or the relief requested in connection with the Sale (a "Sale Objection"), other than a Contract Objection, which shall be governed by the Assumption and Assignment Procedures, must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) set forth the specific basis for the Sale Objection; (d) be filed with the Clerk of this Court, together with proof of service, on or before 4:00 p.m. (ET) on **August 25, 2021** (the "Sale Objection Deadline"); and (e) be served, so as to be actually received on or before the Sale Objection Deadline, upon the counsel to the Debtor and the Consultation Parties; provided that solely with respect to an objection to the conduct of the Auction (if any), the designation of any Successful Bidder or Bid or Back-Up Bidder or Bid, the terms (including price) of such bids, and the Debtor's ability to satisfy the conditions of section 363(f) of the Bankruptcy Code with respect to a Successful Bid or Back-Up Bid (an "Auction Objection"), the deadline to file an Auction Objection shall be prior to the commencement of the Sale Hearing (the "Auction Objection Deadline"). If a Sale Objection or Auction Objection is not filed and served on or before the Sale Objection Deadline or Auction Objection Deadline, as applicable, in accordance with the foregoing requirements, an objecting party shall be barred from objecting to the Sale and shall not be heard at the Sale Hearing, and this Court may enter the Sale Order without further notice to such party.

20.     Failure to file a Sale Objection on or before the Sale Objection Deadline and failure to file an Auction Objection on or before the Auction Objection Deadline (a) shall forever bar the assertion, whether at any Sale Hearing or thereafter, of any objection to the Motion, to entry of the Sale Order, and/or to the consummation and performance of the Sale contemplated by any Transaction Agreement with a Successful Bidder or Back-Up Bidder (including the APA with the Buyer), and (b) for purposes of section 363(f) of the Bankruptcy Code, shall constitute

8417033 v1

"consent" to the entry of the Sale Order and consummation of the Sale and all transactions related thereto.

21.     The Debtor and the Consultation Parties shall have until commencement of the Sale Hearing to file and serve a reply to any objection filed in connection with the Sale, including any Sale Objection, Auction Objection, or Contract Objection.

**Form and Manner of Notice of Sale Hearing**

22.     The Sale Notice, the Assumption Notice, the Notice of Successful Bidder, the Bidding Procedures, and the Assumption and Assignment Procedures and the objection periods associated with each of the foregoing are reasonably calculated to provide sufficient and effective notice to any affected party and to afford each affected party the opportunity to exercise any rights affected by the Motion as it relates to the Bidding Procedures, Auction, Sale, Sale Hearing, and the assumption and assignment of the Assumed Contracts pursuant to Bankruptcy Rules 2002(a)(2), 6004 and 6006, and such notices and objection periods are hereby approved.

23.     Within two (2) business days after the entry of the Bidding Procedures Order, the Debtor will serve the Sale Notice by first class mail on: (1) the Office of the United States Trustee; (2) counsel to the Official Committee of Unsecured Creditors, if any; (3) counsel to PNC, Debtor's prepetition secured lender; (4) all parties known by the Debtor to assert a lien on any of the Assets; (5) all persons known to have asserted an interest in any of the Assets; (6) all non-Debtor parties to any of the Assumed Contracts; (7) the Office of the United States Attorney for the Eastern District of Pennsylvania; (8) the Office of the Attorney General of Pennsylvania; (9) the Office of the Secretary of State of Pennsylvania; (10) the Internal Revenue Service; (11) the Pennsylvania Department of Revenue; (12) the Pennsylvania Liquor Control Board; (13) the United States Environmental Protection Agency and similar state agency in Pennsylvania; and

8417033 v1

(14) any other parties that have filed a notice of appearance and demand for service of papers in

this chapter 11 case as of the date of service. In addition, the Debtor will serve the Sale Notice on

all of the Debtor's known creditors, investors, and equity holders (for whom identifying

information and addresses are available to the Debtor).

**Miscellaneous**

24.      If the Sale of the Assets to the Buyer is not consummated under circumstances

that render the Expense Reimbursement payable as provided in the APA, then within five (5)

business days of the Closing Date, the Buyer shall move this Court for payment of the Expense

Reimbursement in an amount not to exceed $100,000.  The foregoing shall not limit the right of

the Buyer to seek specific performance of the APA at any time after the entry of an order of this

Court approving the APA.

25.      . Upon approval by the Court, the Buyer shall be paid the Expense

Reimbursement from the cash proceeds of the Successful Bid at closing, or other sources if

necessary, prior to payment from such proceeds (or other sources) of any claims against the

Debtor, including claims secured by the proceeds of such Successful Bid (or other sources), and

any holders of claims secured by such proceeds (or other sources) shall be deemed to have

released their security interests in such proceeds (or other sources) to the extent of the approved

Expense Reimbursement.  The Buyer reserves the right to seek to have the Expense

Reimbursement, to the extent due and owing, to be deemed an expense of administration of the

Debtor's estate pursuant to 11 U.S.C. § 503 senior in priority to any other expenses of

administration to the extent of the proceeds of the Sale, and PNC reserves the right to object to

such priority treatment.

8417033 v1

26.     If the Expense Reimbursement has not been approved by the Bankruptcy Court as of the closing date, then the Debtor shall establish an appropriate reserve for payment of the Expense Reimbursement (upon approval), with the balance of the sale proceeds to be distributed to the holders of claims secured by such proceeds at closing or as soon as practicable thereafter. Any excess funds held in reserve shall promptly be distributed to the holders of claims secured by proceeds promptly after payment of the approved Expense Reimbursement.

27.     PNC reserves the right to credit bid the full amount of its obligations, and PNC (or any successor-in-interest to PNC) will be deemed a Qualified Bidder for such credit bid.

28.     The Debtor is authorized to conduct the Sale without the necessity of complying with any state or local bulk transfer laws or requirements.

29.     In the event that there is a conflict between this Order or the Bidding Procedures, on the one hand, and the Motion, the APA or a Transaction Agreement, on the other hand, this Order and the Bidding Procedures shall control and govern, and this Order shall control in the event of any conflict with the Bidding Procedures.

30.     Prior to mailing the Sale Notice and the Assumption Notice, as applicable, the Debtor may fill in, or cause to be filled in, any missing dates and other information, correct any typographical errors, conform the provisions thereof to the provisions of this Order, and make such other, non-material changes as the Debtor deems necessary or appropriate.

31.     All persons or entities that participate in the bidding process (including the Buyer) shall be deemed to have knowingly and voluntarily: (a) consented to the entry of a final order by this Court in connection with the Motion or this Order (including any disputes relating to the bidding process, the Auction and/or any Sale) to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection

8417033 v1

herewith consistent with Article III of the United States Constitution and (b) waived any right to a jury trial in connection with any disputes relating to the any of the foregoing matters.

32.     This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004(h) or 6006(d) or any other provision of the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules is expressly waived. The Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and may, in its sole discretion and without further delay, take any action and perform any act authorized or approved under this Order.

33.     The requirements set forth in Local Rules 6004-1, 9006-1 and 9013-1 are hereby satisfied or waived.

34.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of the Order.

[END OF DOCUMENT]

8417033 v1

Exhibit 1

Bidding Procedures

8417033 v1

## **BIDDING PROCEDURES**

On June 21 2021, Midnight Madness Distillery, LLC, as Debtor and Debtor in possession (the "Debtor"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is operating its business and managing its properties as a Debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

The Debtor has entered into that certain Asset Purchase Agreement by and between the Debtor and ETOH Worldwide, LLC (the "Buyer") dated as of June 21, 2021 (the "APA") for the purchase of the Assets.

On [    ], 2021, the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court") entered an order [Docket No.    ] (the "Bidding Procedures Order"), which, among other things, authorized the Debtor to solicit bids and approved these procedures (collectively, the "Bidding Procedures"), which are to be employed by the Debtor in connection with the proposed sale of the Assets (including the APA to the Buyer) (the "Sale"), free and clear of all liens, claims, encumbrances, and other interests (collectively, the "Encumbrances"), other than those Encumbrances permitted by the APA or a Transaction Agreement (as defined below), on an AS-IS, WHERE-IS with ALL FAULTS basis.

**ANY PARTY INTERESTED IN BIDDING ON THE ASSETS SHOULD CONTACT:**
Wm. F. Comly & Son, Inc. 1825 E. Boston Street Philadelphia, PA 19125-1296; 215-634-2500; auctions@comly.com; ATTN: Jim Comly jcomly@comly.com; (610)656-2190 (the "Investment Banker")

| Event | Proposed Dates |
|---|---|
| Deadline to serve Sale Notice, including to potential purchasers by first class mail | **One business day after Bidding Procedures Order is entered** |
| Deadline to serve Assumption Notice | **One business day after Bidding Procedures Order is entered** |
| Deadline to object to Assumption Notice (other than adequate assurance) | **August 25, 2021 at 4:00 p.m.** |
| Deadline to object to Sale (other than with respect to assumption and assignment) | **August 25, 2021 at 4:00 p.m.** |
| Bid Deadline | **August 20, 2021 at 12:00 p.m.** |

| | |
|---|---|
| Auction, if any, commence | **August 23, 2021 at 10:00 a.m.** |
| Deadline to object to adequate assurance | **August 25, 2021 at 4:00 p.m.** |
| Deadline to Object to Conduct of Auction | **At Sale Hearing** |
| Sale Hearing | **August 27 2021 at 10:30 a.m. (via Zoom)** |
| Projected Outside Closing Date | **September 3, 2021** |

1. **Assets to be Sold**

The Debtor shall offer for sale all of the Assets. Potential Bidders may only bid on all the Assets in one lot.

2. **Participation Requirements**

The Buyer is deemed to be a Qualified Bidder and have satisfied these Participation Requirements.

If PNC Bank, N.A. (including any affiliates who are secured creditors of the Debtor, collectively "PNC") or any successor-in-interest to PNC elects to submit a credit bid, PNC (or such successor-in-interest) shall be deemed to be a Qualified Bidder and have satisfied these Participation Requirements

Any person or entity that wishes to conduct due diligence and gain access to the Debtor's confidential data concerning the Assets (the "Data" and such person or entity, a "Potential Bidder") must submit to the Debtor and their advisors an executed confidentiality agreement in form and substance reasonably satisfactory to the Debtor, which by its terms will inure to the benefit of the Successful Bidders, to the extent of confidential information relating to the Assets acquired by such party.

Any Potential Bidder that wishes to participate in the bidding process for the Assets must first become a "Qualifying Bidder." A party may be qualified as a Qualifying Bidder up to the Bid Deadline **(i.e., August 20, 2021) but is encouraged to qualify as soon as possible because the Bidding Procedures do not permit any due diligence or financing conditions in Qualifying Bids.** To become a Qualifying Bidder, a Potential Bidder must submit as part of its Bid sufficient information, as determined by the Debtor, to allow the Debtor, after consultation with the Consultation Parties, to determine that the interested party (i) has, or can obtain, the financial wherewithal and any required internal corporate, legal or other authorizations to close a

2

sale transaction, including, but not limited to, current audited financial statements of the interested party (or such other form of financial disclosure acceptable to the Debtor in their discretion) and (ii) can provide adequate assurance of future performance under any executory contracts and unexpired leases to be assumed by the Debtor and assigned to such bidder pursuant to section 365 of the Bankruptcy Code in connection with the Sale.

Each Potential Bidder shall comply with all reasonable requests for information and due diligence access by the Debtor or their advisors regarding the ability of such Potential Bidder to consummate its proposed transaction.

To the extent that a bid is proposed by a group or committee to which Bankruptcy Rule 2019 applies, such parties must promptly file the statement required by such rule as a condition to becoming a Qualifying Bidder.

### 3.    Bankruptcy Court Jurisdiction

In conjunction with any actions or proceedings arising from or relating to the Bidding Procedures, the Sale, the Auction (as defined below), the acts or omissions of the Debtor, the Investment Banker, and their respective representatives and/or the construction and enforcement of the contemplated transaction documents of such parties, the Buyer, any Potential Bidders and Qualifying Bidders shall: (a) be deemed to have waived any right to a jury trial and consented and submitted to the exclusive jurisdiction of the Court, (b) bring any such action or proceeding in the Court, and (c) be deemed to have consented to the Court entering a final judgment determining any such action or proceeding and that such final judgment in any such action or proceeding, including all appeals, shall be conclusive and may be enforced in other jurisdictions (including any foreign jurisdictions) by suit on the judgment or in any other manner provided by applicable law.

### 4.    Form of Agreement

Each Qualifying Bidder (other than the Buyer), must include with its bid an executed asset purchase agreement or other agreement for the applicable Sale (each a "Transaction Agreement"), clean and marked against the APA from the Buyer, which must include the following:

> i.    identification of the Assets to be acquired either in the Transaction Agreement itself or as a schedule to the Transaction Agreement;

> ii.    full disclosure of the identity of the bidder and whether such party is an insider (as defined in section 101 of the Bankruptcy Code) of the Debtor, along with the contact information of the specific person(s) whom the Debtor or their advisors should contact in the event that the Debtor wishes to discuss the bid submitted by the Qualifying Bidder;

3

iii.     the purchase price to be paid by such Qualifying Bidder, including what amount is being paid as cash and what amount constitutes a credit bid, as well as any liabilities proposed to be paid or assumed by such Qualifying Bidder;

iv.     identify whether the Qualifying Bidder or the Debtor shall be responsible for any transfer or similar taxes that arise from the Sale;

v.     the Qualifying Bidder's agreement to pay any cure costs required to be paid to assume and assign executory contracts and unexpired leases that are included in the bid;

vi.     a commitment to close the transactions contemplated by the Transaction Agreement promptly upon entry of the order approving the Sale;

vii.     contain a written acknowledgement and representation that the bidder (i) has had an opportunity to conduct any and all due diligence regarding the Assets, (ii) has relied solely upon its own independent review, investigation and/or inspection of any documents and other information in making its bid, (iii) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Assets, or the completeness of any documents or other information provided in connection with the Bidding Procedures and the Sale, and (iv) has not entered into any agreement with any other potential bidder concerning the Auction or the Sale or disclosed any agreement with any other potential bidder concerning the Auction or Sale;

viii.     a statement that the Transaction Agreement is not subject to contingencies of any kind, including, without limitation, contingencies related to financing, due diligence or third party, regulatory or internal approval; and

ix.     a statement that the Qualifying Bidder has obtained any required internal corporate, legal or other authorizations to close a sale transaction and to provide adequate assurance of future performance as required under section 365 of the Bankruptcy Code.

The APA from the Buyer is deemed to have satisfied each of these requirements.

**5.**     **<u>Due Diligence</u>**

Subject to the execution of a confidentiality agreement by a Potential Bidder or Qualifying Bidder, the Debtor will provide any Potential Bidder or Qualifying Bidder with reasonable access to the Data and any other additional information that the Debtor believes to be reasonable and appropriate under the circumstances. All additional due diligence requests shall be directed to the Investment Banker at the contact information provided above.

4

All due diligence materials provided to Potential Bidders and Qualifying Bidders shall be subject to the limitations on use and disclosure included in any confidentiality agreement entered into pursuant to the Bidding Procedures.

Notwithstanding any limitations provided for in any due diligence materials in the Debtor's possession, including, without limitation, any non-disclosure, confidentiality or similar provisions, the Debtor and its estate shall be authorized to provide due diligence information to Potential Bidders that have executed a confidentiality agreement.

**6.**    **Bid Requirements**

To be deemed a "Qualifying Bid," a bid must be received from a Qualifying Bidder on or before the Bid Deadline and must satisfy each of the following requirements (each, a "Bid Requirement"):

(a)    be in writing;

(b)    fully disclose the identity of the Qualifying Bidder and whether such party is an insider (as defined in section 101 of the Bankruptcy Code) of any Debtor, and provide the contact information of the specific person(s) whom the Debtor or their advisors should contact in the event that the Debtor have any questions or wish to discuss the bid submitted by the Qualifying Bidder;

(c)    be accompanied by a clean, executed copy of a Transaction Agreement that satisfies the requirements of Section 4 of these Bidding Procedures, along with a marked copy of the Transaction Agreement that reflects any variations from the Debtor's form of Transaction Agreement, if any;

(d)    set forth the purchase price to be paid by such Qualifying Bidder, including what amount is being paid as cash and what amount constitutes a credit bid, and identify the liabilities proposed to be paid or assumed by such Qualifying Bidder;

(e)    state that such Qualifying Bidder offers to purchase all of the Assets included in the APA upon substantially the same terms as, or terms more favorable to the Debtor and its estate than, the terms set forth in the APA;

(f)    state that such Qualifying Bidder's offer is formal, binding and unconditional and is irrevocable until the conclusion of the Sale Hearing unless such party is the Successful Bidder or Back-Up Bidder (both as defined below) in which case such offer is formal, binding and unconditional and is irrevocable until two (2) business days after the closing of the Sale of the Assets;

(g)    state that such Qualifying Bidder is financially capable of consummating the transactions contemplated by the Transaction Agreement and contain such financial and other information to allow the Debtor to make a reasonable determination as to the Qualifying Bidder's financial and other capabilities to close the transactions

contemplated by its proposed Transaction Agreement, including, without limitation, (i) written evidence satisfactory to the Debtor, in consultation with the Consultation Parties, that the Qualifying Bidder has a commitment for financing or other evidence of the ability to close the transactions contemplated by the Transaction Agreement, and (ii) such financial and other information demonstrating the Qualifying Bidder's ability to show adequate assurance of future performance under section 365(f)(2)(B) of the Bankruptcy Code, in a form that allows the Debtor to make available, within 24 hours after such receipt, such information to any counterparties to any contracts or leases proposed to be assumed and assigned in connection with the Sale;

(h)     identify with particularity each and every executory contract, unexpired lease and unexpired sublease the assumption and assignment of which is a condition to close the transactions contemplated by the proposed Transaction Agreement, and provide that such Qualifying Bidder will pay all Cure Amounts associated with any such assumed executory contracts;

(i)     a commitment to close the transactions contemplated by the Transaction Agreement promptly upon of entry of the order approving the Sale;

(j)     not request or entitle such Qualifying Bidder (other than the Buyer) to any break-up fee, termination fee, expense reimbursement or similar type of fee or payment;

(k)     the aggregate consideration proposed by the Qualifying Bidder (other than the Buyer) must equal or exceed the sum of the amount of (A) the cash purchase price under the APA ($1,025,000), plus (B) the amount of secured debts (other than those owed to PNC Bank, N.A. and its affiliates) to be assumed under the APA, totaling $447,824.49), plus (C) the maximum amount of the expense reimbursement ($100,000), plus (D) $50,000;

(l)     not contain any contingencies of any kind, including, including without limitation, contingencies related to financing, due diligence or third party, regulatory or internal approval;

(m)     provide for the Qualifying Bidder to serve as a backup bidder (the "Back-Up Bidder") if the Qualifying Bidder's bid is the next highest and best bid (the "Back-Up Bid") after the Successful Bid (as defined below), in accordance with the terms of the Transaction Agreement and these Bidding Procedures;

(n)     include written evidence of authorization and approval from the Qualifying Bidder's board of directors (or comparable governing body) with respect to the submission, execution, and delivery of the Transaction Agreement;

(o)     subject to Section 7 of the Bidding Procedures, provide a good faith cash deposit (the "Deposit") in an amount equal to five percent (5%) of the total consideration provided under the proposed Transaction Agreement; and

6

(p)      provide for liquidated damages in the event of the Qualifying Bidder's breach of, or failure to perform under, the Transaction Agreement equal to the amount of the Deposit.

Subject to the next sentence, a bid from a Qualifying Bidder satisfying all of the above requirements, as determined by the Debtor, in consultation with the Consultation Parties, shall constitute a Qualifying Bid. The Debtor both reserves the right and is authorized to work with any Qualifying Bidder in advance of the Auction to cure any deficiencies in a bid that is not initially deemed a Qualifying Bid.

Each Qualifying Bidder submitting a bid shall be deemed to: (a) acknowledge and represent that it is bound by all of the terms and conditions of the Bidding Procedures; and (b) have waived the right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code related in any way to the submission of its bid, the Bidding Procedures, and the Sale.
The Buyer is deemed to be a Qualifying Bidder as a result of the APA.

7.      **Credit Bidding**

Any party that wishes to submit a credit bid either as a component or as the entirety of the consideration for its bid shall identify the amount of the claim and the nature, extent, and priority of the lien upon which its credit bid is premised. Except where the Debtor has stipulated to the amount of a Senior Secured Claim (as defined below) in a "cash collateral" order entered by the Court, any party submitting a credit bid agrees to provide the Debtor with documentation to evidence the amount, nature, extent, validity and perfection of such claim and lien to the extent it has not already done so..

PNC (or its successor-in-interest) is entitled to credit bid the full amount of all secured obligations and any existing secured liabilities then outstanding to PNC as and to the extent set forth in the Order authorizing the Debtor to use cash collateral that was approved  by this Court (the "Cash Collateral Order").

Any party submitting a credit bid must include in their bid either (i) provisions for the satisfaction or assumption of any secured claims that are senior to the secured claim that forms the basis of the credit bid (a "Senior Secured Claim") or (ii) evidence that the holder of any Senior Secured Claim has affirmatively consented to any other treatment of its Senior Secured Claim.

Parties entitled to credit bid shall not be required to comply with Paragraphs 6(o) or 11(m) of the Bidding Procedures regarding providing a Deposit in connection with their bids solely with respect to the amount of the Senior Secured Claim included as consideration for their bid.

8.      **Bid Deadline**

7

A Qualifying Bidder that desires to make a bid shall deliver a written and electronic copy of its bid in both PDF and MS-WORD format to the Debtor, with a copy to the Consultation Parties, so as to be received on or before **August 20, 2021 at 5:00 p.m. (ET) (the "Bid Deadline")**; provided that the Debtor may extend the Bid Deadline without further order of the Court, after consulting with the applicable Consultation Parties. All parties wishing to submit a Qualifying Bid shall submit the bid materials required by Section 6 (including the executed Transaction Agreement and a certified check or wire transfer for the Deposit amount, if any) to the Investment Banker at the contact information provided above with a copy to counsel to the Debtor: (i) Flaster/Greenberg P.C., 1835 Market Street, Suite 1050, Philadelphia, PA 19103; Attn: William J. Burnett., Esquire (William.Burnett@flastergreenberg.com); (ii) the Office of the United States Trustee; (iii) counsel to the Official Committee of Unsecured Creditors Committee (if any); and (iv) counsel to PNC Bank, N.A. Dilworth Paxson LLP
1500 Market Street, Suite 3500E, Philadelphia, PA 19102; Attn: Jennifer L. Maleski, Esquire (jmaleski@dilworthlaw.com).

**Any party that does not submit a bid by the Bid Deadline will not be allowed to (a) submit any offer after the Bid Deadline, or (b) participate in the Auction. Consistent with the terms of any confidentiality agreements executed by them, all Potential Bidders and Qualifying Bidders shall maintain as confidential, up until the Auction, the fact that they have submitted a bid and the terms and conditions of such bid.**

9.    <u>**Evaluation of Qualifying Bids**</u>

The Debtor, in consultation with the Consultation Parties, shall make a determination regarding whether a timely submitted bid from a Qualifying Bidder is a Qualifying Bid, and shall notify all Qualifying Bidders whether their bids have been determined to be a Qualifying Bid by no later than prior to the Auction Date (as defined below). In the event that a bid is determined not to be a Qualifying Bid, the Qualifying Bidder shall be notified by the Debtor and shall have until the beginning of the Auction to modify its bid so as to become a Qualifying Bid; provided that any Qualifying Bid may be improved at the Auction as set forth herein.

Prior to the commencement of the Auction (if any), the Debtor shall determine, in consultation with the Consultation Parties, which of the Qualifying Bids, at such time, is the highest and best bid for purposes of constituting the opening bid of the Auction (the "Baseline Bid" and the Qualifying Bidder submitting the Baseline Bid, the "Baseline Bidder"), and shall promptly notify all Qualifying Bidders with Qualifying Bids of the Baseline Bid.

The APA from the Buyer is a Qualifying Bid and is the Baseline Bid for the Assets as of the date of this Order.

10.    <u>**One Qualifying Bid**</u>

If no other Qualifying Bid (other than the Buyer's APA) is submitted on or before the Bid Deadline, the Debtor shall not hold an Auction and shall have the right to request at the Sale Hearing (as defined in the Bidding Procedures Order) that the Court approve the APA with the Buyer and the transactions contemplated thereunder.

11.   **Auction**

In the event that the Debtor timely receives more than one Qualifying Bid, the Debtor shall conduct an auction (the "Auction"). Following the Auction, the Debtor will determine, in consultation with the Consultation Parties, which Qualifying Bid is the highest and best bid for the Assets, which will be determined by considering, among other things, the following non-binding and non-exclusive factors: (a) the transaction structure and execution risk, including conditions as to, timing of and certainty of closing, termination provisions, availability of financing and financial wherewithal to meet all commitments, and required governmental or other approval; (b) variations between competing bids and any incremental execution risk that the Debtor reasonably determines, in consultation with the Consultation Parties, exists as a result of such variations; (c) the time needed to close a Sale or other transaction compared with other Qualifying Bids and the cost to the Debtor and its estate of any incremental delay; (d) the total consideration, including non-cash consideration to be received by the Debtor and its estate; (e) the ability to obtain a higher or better offer for the Assets; (f) existing funding available or proposed to be provided by the Qualifying Bidder during the period necessary to close the Sale or other transaction; (g) the net benefit to the Debtor's estate, taking into account the Buyer's rights to the expense reimbursement, or similar bid protection; (h) the proposed treatment of existing secured interests in the subject Assets, including any senior indebtedness in the case of a credit bid; (i) the impact on employees, Counterparties (including claims that may be asserted related to rejection and objections to adequate assurance), and other creditors; and (j) any other factors the Debtor may reasonably deem relevant.

The Auction shall be governed by the following procedures:

(a)   the Auction shall be tentatively held (subject to appropriate COVID safety protocols and applicable guidance, including, if necessary or appropriate, by Zoom or other teleconference) at the office of counsel to the Debtor, Flaster/Greenberg PC, 1835 Market Street, Suite 1050, Philadelphia, PA 19103 beginning at 10:00 a.m. (prevailing Eastern Time) on **August 23, 2021 at 10:00 am (ET)**;

(b)   only Qualifying Bidders with Qualifying Bids (including the Buyer together, the "Auction Bidders") shall be entitled to make any subsequent bids at the Auction;

(c)   the Auction Bidders shall appear in person at the Auction (subject to 11(a) above), or through a duly authorized representative. In the event that a Qualifying Bidder becomes a Successful Bidder or Back-up Bidder, then whomever is attending the Auction on behalf of a Qualifying Bidder must have the authority, immediately after the conclusion of the Auction, to complete and execute all agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which a Successful Bid or Back-up Bid was made;

(d)   only the Debtor, the Auction Bidders, and the Consultation Parties, together with the professional advisors to each of the foregoing parties, may attend the

9

Auction. Parties who intend to attend the Auction must provide counsel for the Debtor at least one (1) business day's written notice of their intent to attend the Auction so that the Debtor can make appropriate arrangements;

(e)      the Debtor and their professional advisors shall direct and preside over the Auction, which shall be transcribed;

(f)      the Auction Bidders shall confirm that they have not engaged in any collusion with respect to the Bidding Procedures, the Auction, or the Sale;

(g)      bidding on any lot of Assets shall commence at the amount of the Baseline Bid, and the Auction Bidders may submit successive bids in increments of at least $50,000, provided that each such successive bid must otherwise be a Qualifying Bid;

(h)      the Auction may include individual negotiations with any of the Auction Bidders, but all bids shall be made on the record and in the presence of all of the Auction Bidders;

(i)      all material terms of the bid that is deemed to be the highest and best bid for each round of bidding shall be fully disclosed to the Auction Bidders, and the Debtor shall use reasonable efforts to clarify any and all questions that the Auction Bidders may have regarding the Debtor's announcement of the then-current highest and best bid;

(j)      the Debtor and its professional advisors, in consultation with the Consultation Parties, may employ and announce at the Auction additional procedural rules that are reasonable under the circumstances (e.g., the amount of time allotted to make subsequent bids) for conducting the Auction, provided that such rules are (i) not inconsistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Pennsylvania, or any applicable order of the Court entered in connection with this Chapter 11 Case, including, without limitation, the Bidding Procedures Order, and (ii) disclosed to the Auction Bidders;

(k)      the Auction Bidders shall have the right to make additional modifications to their Transaction Agreement in conjunction with each Qualifying Bid submitted in each round of bidding during the Auction, provided that (i) any such modifications on an aggregate basis and viewed in whole, shall not, in the Debtor's discretion, in consultation with the Consultation Parties, be less favorable to the Debtor and its estate than the terms of any Qualifying Bid that was announced as the then-current highest and best bid for the Assets that are the subject of the bids, and (ii) each Qualifying Bid (unless superseded by a subsequent Qualifying Bid at the Auction) shall constitute an irrevocable offer and shall be binding on the Auction Bidder submitting such bid until the conclusion of the Sale Hearing, unless such bid is selected as a Successful Bid or Back-Up Bid, which shall remain binding as provided for herein;

(l)    the Debtor shall have the right to request any additional financial information that will allow the Debtor to make a reasonable determination, in consultation with the Consultation Parties, as to an Auction Bidder's financial and other capabilities to consummate the transactions contemplated by the Transaction Agreement, as may be amended during the Auction, and any further information that the Debtor may believe is reasonably necessary to clarify and evaluate any bid made by an Auction Bidder during the Auction;

(m)    upon the conclusion of the Auction, the Debtor shall determine, in consultation with the Consultation Parties, subject to Court approval, the offer or offers for the Assets that is or are the highest and best from among the Qualifying Bids submitted at the Auction (each a "Successful Bid"). The bidder submitting a Successful Bid shall be the "Successful Bidder" for such Assets and shall have such rights and responsibilities of the purchaser as set forth in the Transaction Agreement. The Debtor shall designate a "Back-Up Bid (or Bids)" (and the corresponding "Back-Up Bidder (or Bidders)") in the event that a Successful Bidder does not close a Sale or the Court does not approve the Successful Bid. Subject to Section 7 of the Bidding Procedures, within one business day after the conclusion of the Auction, the Successful Bidder(s) and any Back-Up Bidder(s) shall deliver an additional Deposit payment so that each such bidder's total Deposit amount is equal to ten percent (10%) of the cash amount of the Successful Bid or Back-Up Bid, as applicable; and

(n)    immediately after the conclusion of the Auction and without undue delay, each Successful Bidder and Back-Up Bidder shall complete and execute all agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which the Successful Bid or Back-Up Bid was made.

**EACH SUCCESSFUL BID AND ANY BACK-UP BID (INCLUDING THE APA) SHALL CONSTITUTE AN IRREVOCABLE OFFER AND BE BINDING ON THE APPLICABLE SUCCESSFUL BIDDER AND BACK-UP BIDDER, RESPECTIVELY, FROM THE TIME THE BID IS SUBMITTED UNTIL THE TIME PERIOD SPECIFIED IN THESE BIDDING PROCEDURES. EACH QUALIFYING BID THAT IS NOT A SUCCESSFUL BID OR BACK-UP BID SHALL BE IRREVOCABLE UNTIL THE CONCLUSION OF THE SALE HEARING, AT WHICH POINT THEY SHALL BE DEEMED WITHDRAWN AND TERMINATED.**

## 12.    Sale Hearing

The Successful Bid (which, if no Auction is held, may be the APA) and any Back-Up Bid will be subject to approval by the Court. The Sale Hearing to approve the Successful Bid(s) and any Back-Up Bid(s) shall take place **August 27, 2021 at 10:30 a.m. (via Zoom)**. In consultation with the Consultation Parties, the Sale Hearing may be adjourned by the Debtor from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing or by filing a notice on the docket of the Debtor's chapter 11 case.

11

8417033 v1

### 13.    Backup Bidder

Notwithstanding any of the foregoing, in the event that a Successful Bidder fails to close the applicable Sale promptly upon the Sale Order becoming a final order (or such later date as may be extended by the Debtor in consultation with the Consultation Parties), (i) the Back-Up Bid for that Sale will be deemed to be the Successful Bid, (ii) the Back-Up Bidder will be deemed to be the Successful Bidder, and (iii) the Debtor will be authorized, but not directed, to schedule an additional Sale Hearing to approve a Sale to the Back-Up Bidder upon two days' notice to any party that was entitled to receive notice of the original Sale Hearing. Nothing herein shall prevent the Success Bidder from closing prior to the Sale Order becoming a final order, so long as the effectiveness of the Sale Order is not stayed by operation of Bankruptcy Rule 6004(h)

### 14.    Return of Deposits

All Deposits shall be returned to each bidder not selected by the Debtor as a Successful Bidder or Back-Up Bidder for any Sale no later than three (3) business days following the conclusion of the Sale Hearing. The deposit of a Back-Up Bidder shall be returned within three (3) business days of the closing of the applicable Sale to the Successful Bidder; the deposit of the Successful Bidder or, if the Sale is closed with the Back-Up Bidder, the deposit of the Back-Up Bidder, shall be applied to the purchase price for the Sale. If the Successful Bidder (or, if the Sale is to be closed with the Back-Up Bidder, then the Back-Up Bidder) fails to consummate the Sale because of a breach or failure to perform on the part of such bidder, then the Debtor and its estate shall be entitled to retain the Deposit of the Successful Bidder (or, if the Sale is to be closed with the Back-Up Bidder, then the Back-Up Bidder) as liquidated damages resulting to the Debtor and its estate for such breach or failure to perform.

### 15.    Consultation Parties

The term "Consultation Parties" as used in these Bidding Procedures shall mean, with respect to any Assets, unless such party is a potential bidder for such Assets: (i) counsel to the Official Committee of Unsecured Creditors (if any); and (ii) counsel to PNC Bank, N.A..

For the avoidance of doubt, any consultation rights provided to the Consultation Parties by these Bidding Procedures shall not limit the Debtor's discretion in any way and shall not include the right to veto any decision made by the Debtor in the exercise of their business judgment.

In the event that any Consultation Party, any member of an official committee or an affiliate of any of the foregoing participates as a potential purchaser in the sales process, any obligation of the Debtor to consult with the bidding party established under these Bidding Procedures will be waived, discharged and released without further action, until such party advises the Debtor that they are irrevocably withdrawing as a potential purchaser in the sale process at which time such party's consultation rights will be reinstated; provided that the bidding party will have the same rights as any other Qualifying Bidder set forth above.

8417033 v1

If a member of an official committee submits a Qualifying Bid, such committee will continue to have consultation rights as set forth in these Bidding Procedures; provided that the committee shall exclude such member from any discussions or deliberations regarding the sale of the Assets in question and shall not provide any confidential information regarding the sale of the Assets to such member.

16. **Reservation of Rights**

Notwithstanding any of the foregoing, and subject to the terms and conditions of the APA, the Debtor and its estate reserve the right to, after consultation with the Consultation Parties, modify these Bidding Procedures at or prior to the Auction, including, without limitation, to extend the deadlines set forth herein, to allow for bidding on only a portion of the Assets and not all of them, modify bidding increments, to waive terms and conditions set forth herein with respect to any or all potential bidders (including, without limitation, the Bid Requirements), to impose additional terms and conditions with respect to any or all Potential Bidders, to adjourn or cancel the Auction at or prior to the Auction, and to adjourn or cancel the Sale Hearing.

Additionally, the Debtor, in consultation with the Consultation Parties, have the right to terminate the sale and auction process with respect to any or all of the Assets at any time.

17. **Buyer's Brokers/Indemnity**

Each Potential Bidder or Qualifying Bidder warrants and represents that it is a principal acting on its own behalf, and not as a broker, finder, or agent acting on another's behalf. Each Potential Bidder or Qualifying Bidder understands that the Debtor and Investment Banker and their respective representatives have not agreed to pay any brokerage commissions, finder's fee or other compensation in connection with a Potential Bidder's or Qualifying Bidder's possible purchase. In addition, each Potential Bidder or Qualifying Bidder hereby agrees to indemnify, defend and hold the Debtor, Investment Banker, and their respective representatives harmless from and against any and all claims, damages, losses and liabilities, costs and expenses (including reasonable attorneys' fees and disbursements) arising out of any such claims made by third-party brokers on account of or related to such Potential Bidder or Qualifying Bidder.

18. **Disclaimer**

By submitting a bid, each Potential Bidder and Qualifying Bidder including the Buyer agrees to and acknowledges the following terms and conditions with respect to any information received from the Debtor related to the Assets ("Information"):

    (a)    The Assets are being offered AS-IS, WHERE-IS, with ALL FAULTS.

    (b)    The Information has been prepared:

        i.    for informational purposes only;

13

      ii.      from materials supplied by the Debtor, local municipalities, and other sources commonly accepted as reliable sources for such type of Information; and

      iii.      to assist Potential Bidders and Qualifying Bidders in making their own evaluation of the offering and does not purport to be all-inclusive or to contain all of the information that interested parties may desire. The Debtor, Investment Banker and their respective officers, directors, employees, affiliates, agents, advisors and representatives (such parties, collectively, "Representatives") have not assumed responsibility for independent verification of any of the information contained herein and have not in fact in any way audited such Information. In all cases, Potential Bidders and Qualifying Bidders should conduct their own investigation and analysis of the offering, conduct site inspections, and scrutinize the Information. Potential Bidders and Qualifying Bidders should engage legal counsel, accountants, engineers, and/or such other professional advisors as Potential Bidders and Qualifying Bidders deem appropriate for evaluating the Assets.

      (c)      None of Potential Bidders, Qualifying Bidders or their respective Representatives are entitled to rely on the accuracy or completeness of the Information except as provided for in a Transaction Agreement that is authorized and approved by the Court.

      (d)      Although the Debtor and Investment Banker have endeavored for the Information to contain data which they believe to be relevant for the purpose of any Potential Bidder's or Qualifying Bidder's investigation, except as expressly set forth in a Transaction Agreement accepted by the Debtor and approved by the Court, none of the Debtor, Investment Banker or any of their respective Representatives:

      i.      have made or make and expressly disclaim making any written or oral statements, representations, warranties, promises or guarantees, whether express or implied or by operation of law or otherwise, with respect to the Assets or with respect to the accuracy, reliability or completeness of the Information;

      ii.      to the fullest extent permitted by law, shall have any liability whatsoever to Potential Bidders, Qualifying Bidders or their Representatives on any basis (including, without limitation, in contract, tort, under federal, foreign or state securities laws or otherwise) as a result of, relating or pertaining to, or resulting or arising from (i) any Potential Bidder's, any Qualifying Bidder's, or any of their Representative's reliance on the Information, (ii) Potential Bidder's, Qualifying Bidder's, or their Representatives' use or non-use of the Information, or (iii) any alleged acts or omissions of Debtor, Investment Banker or any of their respective Representatives, or any errors or omissions in the Information;

iii.    shall have any liability or responsibility for any decisions made by any Potential Bidder, Qualifying Bidder or any of their Representatives in reliance on any Information;

iv.    will be under any obligation or duty (express or implied) to make available any Information to any Potential Bidders, any Qualifying Bidders, or any of their Representatives; and

v.    will be under any duty or obligation (express or implied) to update, supplement, revise or correct any Information disclosed under these Bidding Procedures, regardless of the circumstances.

(e)    No contract or agreement providing for any transaction shall be deemed to exist between a Potential Bidder or Qualifying Bidder and the Debtor unless and until a Qualifying Bidder and the Debtor execute and deliver a Transaction Agreement that is authorized and approved by the Court, and Potential Bidders and Qualifying Bidders hereby waive, in advance, any claims (including, without limitation, breach of contract) in connection with any transaction unless and until a Potential Bidder or Qualifying Bidder and the Debtor shall have executed and delivered a Transaction Agreement, which has been authorized and approved by the Court. The Debtor reserves the right, in its discretion, to reject any and all proposals made by any Potential Bidder or Qualifying Bidder with regard to a transaction, and to terminate discussions and negotiations with a Potential Bidder or Qualifying Bidder at any time. Subject to the terms of these Bidding Procedures and the APA, the Debtor shall be free to establish and change any process or procedure with respect to a transaction as the Debtor in its sole discretion shall determine (including, without limitation, negotiating with any other interested party and entering into a final definitive agreement relating to a transaction with any other party without prior notice to any Potential Bidder, Qualifying Bidder or any other person).

(f)    Each of the Debtor, the Investment Banker and the Debtor's other advisors, individually and collectively, have not made any representations or warranties except as expressly set forth in any Transaction Agreement executed by the Debtor, which has been authorized and approved by the Court. Potential Bidders and Qualifying Bidders may rely only on the representations and warranties expressly set forth in a Transaction Agreement executed by the applicable Debtor, which has been authorized and approved by the Court.

Exhibit 2

Sale Notice

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| MIDNIGHT MADNESS DISTILLING LLC | CASE NO. 21-11750(MDC) |

### NOTICE OF SALE OF ASSETS

Midnight Madness Distillery, LLC, as Debtor and Debtor in possession (collectively, the "Debtor"), is seeking to sell its real and personal property and other related interests (the "Assets"). The Debtor will consider proposals to acquire some or all of the Assets through a sale under section 363 of the Bankruptcy Code. The Debtor has entered into that certain Asset Purchase Agreement by and between the Debtor and ETOH Worldwide, LLC (the "Buyer") dated as of June 21, 2021 (the "APA") for the purchase of the Assets.

By order, dated          [Docket No.    ] (the "Bidding Procedures Order"), the Bankruptcy Court approved certain "Bidding Procedures" that govern the sale(s) of, or other transaction(s) to acquire, the Assets by the highest and best bidder. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order.

The Debtor has requested that the Bankruptcy Court enter an order (the "Sale Order"), providing, among other things, for the sale of the Assets free and clear of all liens, claims, encumbrances and other interests, to the extent permissible by law, and the assumption of certain liabilities. A separate notice will be provided to counterparties to executory contracts and unexpired leases with the Debtor that may be assumed and assigned in connection with the Sale Orders.

Copies of the Bidding Procedures Order, the Bidding Procedures, and other pleadings are available at the website for the Bankruptcy Court or by email counsel to the Debtor as noted below.

### ANY PARTY INTERESTED IN BIDDING ON THE ASSETS SHOULD
**CONTACT:** Wm. F. Comly & Son, Inc. 1825 E. Boston Street Philadelphia, PA 19125-1296 215-634-2500; auctions@comly.com ATTN: Jim Comly jcomly@comly.com (610)656-2190 (the "Investment Banker")

### PLEASE TAKE NOTE OF THE FOLLOWING INFORMATION AND IMPORTANT DEADLINES:

- The deadline to file an objection with the Bankruptcy Court to the proposed sale of the Assets (the "Sale Objection Deadline") is **August 25, 2021 at 4:00 p.m. (ET)**; provided

8417033 v1

that, solely with respect to an objection to the conduct of the Auction, the designation of any Successful Bidder or Bid or Back-Up Bidder or Bid, the terms (including price) of such bids, or the Debtor's inability to satisfy the conditions of section 363(f) of the Bankruptcy Code with respect to a Successful Bid or Back-Up Bid (an "Auction Objection"), the deadline to file an Auction Objection shall be prior to the commencement of the Sale Hearing.

- Objections must be filed and served in accordance with the Bidding Procedures Order. In connection with the proposed sale process, interested bidders may be subject to an expedited discovery process.

- The deadline to be qualified as a Qualifying Bidder and to submit a Qualifying Bid is **August 20, 2021 at 5:00 p.m. (ET)**. Subject to Section 7 of the Bidding Procedures with respect to credit bids, all Qualifying Bids must be accompanied with a deposit in an amount equal to five percent (5%) of the total consideration provided under the proposed Transaction Agreement.

- If a Qualifying Bid is timely submitted other than the APA, an Auction shall tentatively be held (subject to appropriate COVID safety protocols and applicable guidance, including, if necessary or appropriate, by Zoom or other teleconference) at the office of counsel to the Debtor, Flaster/Greenberg PC, 1835 Market Street, Suite 1050, Philadelphia, PA 19103 beginning at 10:00 a.m. (prevailing Eastern Time) on **August 23, 2021 at 10:00 am (ET)**.

- The Bankruptcy Court will conduct a hearing (the "Sale Hearing") to consider the proposed Sales on: **August 27 2021 at 10:30 a.m. (via Zoom) at 10:30 a.m. (ET)**.

8417033 v1

**THE FAILURE OF ANY PERSON OR ENTITY TO FILE AND SERVE AN OBJECTION BY THE APPLICABLE OBJECTION DEADLINE SHALL BE DEEMED CONSENT TO, AND A BAR TO THE ASSERTION BY SUCH PERSON OR ENTITY OF ANY OBJECTION TO, THE MOTION, SALE ORDERS, THE PROPOSED TRANSACTIONS, OR THE DEBTOR'S CONSUMMATION AND PERFORMANCE OF THE TRANSACTION AGREEMENT(S) (INCLUDING, WITHOUT LIMITATION, THE DEBTOR'S TRANSFER OF ANY OF THE ASSETS AND ASSUMPTION AND ASSIGNMENT OF ANY ASSUMED CONTRACTS, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS).**

Dated: July __, 2021                    **FLASTER/GREENBERG P.C.**

/s/ *William J. Burnett*
William J. Burnett (Bar No. 75975)
Harry J. Giacometti (Bar No. 55861)
1835 Market Street, Suite 1050
Philadelphia, PA 19103
(215) 279-9383 Telephone
(215) 279-9394 Facsimile
william.burnett@flastergreenberg.com

COUNSEL FOR THE
DEBTOR-IN-POSSESSION

3

8417033 v1

Exhibit 3

Assumption Notice

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | CHAPTER 11 |
| MIDNIGHT MADNESS DISTILLING LLC | CASE NO. 21-11750(MDC) |

**NOTICE OF ASSUMPTION, ASSIGNMENT AND CURE AMOUNT WITH RESPECT
TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE DEBTOR**

  Midnight Madness Distillery, LLC, as Debtor and Debtor in possession (collectively, the "Debtor"), is seeking to sell its personal property and other related interests (the "Assets"). The Debtor will consider proposals to acquire some or all of the Assets through a sale under section 363 of the Bankruptcy Code. The Debtor has entered into that certain Asset Purchase Agreement by and between the Debtor and ETOH Worldwide, LLC (the "Buyer") dated as of June 21, 2021 (the "APA") for the purchase of the Assets.

  By order, dated   [Docket No.   ](the "Bidding Procedures Order"), the Bankruptcy Court approved certain "Bidding Procedures" that govern the sale(s) of, or other transaction(s) to acquire, the Assets by the highest and best bidder. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order.

  The Debtor has requested that the Bankruptcy Court enter an order (the "Sale Order"), which provides, among other things, for the sale of the Assets free and clear of all liens, claims, encumbrances and other interests, to the extent permissible by law, and the assumption by the applicable purchaser of certain liabilities. In connection with this marketing and sale process, the Debtor is seeking to assume or assume and assign certain of its executory contracts and unexpired leases related to the Assets (collectively, the "Assumed Contracts").

  Copies of the Bidding Procedures Order, the Bidding Procedures, and other pleadings are available at the website for the Bankruptcy Court or by email counsel to the Debtor as noted below.

  **You are receiving this Notice because you may be a party to an Assumed Contract. A list of the Assumed Contracts is attached hereto as Exhibit A.** The Debtor has determined the current amounts owing (the "Cure Amounts") under each Assumed Contract and have listed the applicable Cure Amounts on Exhibit A. The Cure Amounts are the only amounts proposed to be paid upon any assumption or assumption and assignment of the Assumed Contracts, in full satisfaction of all amounts outstanding under the Assumed Contracts.

8417033 v1

**To the extent that a non-Debtor party to an Assumed Contract objects to (i) the assumption and assignment of such party's Assumed Contract or (ii) the applicable Cure Amounts, the non-Debtor counterparty must file and serve an objection in accordance with the Bidding Procedures Order, so as to be received by the undersigned counsel for the Debtor and the other parties specified in the Bid Procedures Order by August 25, 2021, at 4:00 p.m. (ET).**

If a Qualifying Bid is timely submitted other than the APA, an Auction shall tentatively be held (subject to appropriate COVID safety protocols and applicable guidance, including, if necessary or appropriate, by Zoom or other teleconference) at the office of counsel to the Debtor, Flaster/Greenberg PC, 1835 Market Street, Suite 1050, Philadelphia, PA 19103 beginning at 10:00 a.m. (prevailing Eastern Time) on **August 23, 2021 at 10:00 am (ET).** After the Auction occurs, and if a buyer other than the Buyer is the Successful Bidder, the Debtor will file and serve a notice that identifies the proposed new acquirers of the Assets, and the proposed assignees of any Assumed Contracts. The deadline to object to adequate assurance of future performance with respect to such proposed assignees, shall be prior to the commencement of the Sale Hearing.

If no objection is timely received with respect to Cure Amounts or the assumption of an Assumed Contract, (i) a non-Debtor party to a Contract shall be forever barred from objecting to the Cure Amounts and from asserting any additional cure or other amounts with respect to such Contract, (ii) the Cure Amounts set forth on Exhibit A attached hereto shall be controlling, notwithstanding anything to the contrary in any Assumed Contract, or any other document, and the non-Debtor party to an Assumed Contract shall be deemed to have consented to the Cure Amounts, (iii) the non-Debtor party to a Contract shall be forever barred and estopped from asserting any other claims related to such Contract against the Debtor or the applicable transferee, or the property of any of them; and (iv) the Counterparty shall be deemed to consent to, and the Debtor shall be permitted to proceed with, the assumption and assignment of the applicable Assigned Contract.

The Debtor will seek to assume and assign the Assumed Contracts that have been selected by a Successful Bidder or the Buyer, as applicable, at a hearing before the Bankruptcy Court (a "Sale Hearing") on **August 27 2021 at 10:30 a.m. (via Zoom) at _:00 a.m.** (ET), or such other date as determined by the Debtor in accordance with the terms of the Bidding Procedures Order. A hearing regarding the Cure Amounts, if any, may be adjourned by agreement of the Debtor and applicable objection party or by order of the Court.

Dated: July __, 2021                    **FLASTER/GREENBERG P.C.**

                                        /s/ *William J. Burnett*

8417033 v1

William J. Burnett (Bar No. 75975)
Harry J. Giacometti (Bar No. 55861)
1835 Market Street, Suite 1050
Philadelphia, PA 19103
(215) 279-9383 Telephone
(215) 279-9394 Facsimile
william.burnett@flastergreenberg.com
 COUNSEL FOR THE
DEBTOR-IN-POSSESSION

Exhibit A

Assumed Contracts