## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

Chapter 11

Midnight Madness Distilling, LLC

Case No. 21-11750(MDC)

### SUPPLEMENTAL DECLARATION OF CASEY PARZYCH IN SUPPORT OF
### SALE AND BID PROCEDURE MOTIONS

I, Casey Parzych, being duly sworn, state the following under penalty of perjury:

1.      I am a member of Midnight Madness Distilling, LLC ("MMD" or the "Debtor"), a limited liability company organized under the laws of the Commonwealth of Pennsylvania and the debtor in the above captioned chapter 11 case.  As such, I oversee all aspects of the business of MMD.  I am over the age of 18 and authorized to submit this Declaration on behalf of the Debtor.  If called upon to testify I would testify competently to the facts set forth herein.

2.      I am providing this Declaration in connection with the Supplement (the "Supplement") to the Debtor's Motion for Entry of an Order: (i) Approving the Sale or Sale of up to Substantially All of the Debtor's Assets, and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (ii) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (iii) Scheduling Hearings for Such Relief and (iv) Granting Related Relief filed on June 21, 2021 [Docket No. 4] (the "Motion")[1]

3.      I have been a member and officer of MMD since its inception in May of 2012. I am generally familiar with the Debtor's day-to-day operations, business and financial affairs, and books and records.

---

[1] All capitalized terms not otherwise defined herein shall have the respective meanings ascribed thereto in the Motion.

1

4.      Except as otherwise indicated herein, all statements set forth in this declaration (this "Declaration") are based upon the information to the best of my knowledge and are based on: (a) my personal knowledge of and familiarity with the Debtor's operations, finances and restructuring efforts, (b) my review of relevant documents and information provided to me by employees of or professional advisors to the Debtor, (c) my opinion based on my experience and knowledge concerning the Debtor's operations and financial and business affairs, including my general knowledge of the industry in which the Debtor operates and/or knowledge of my own personal circumstances.

5.      Good Design Inc. is a British Columbia corporation ("Good Design") which is owned by Ashleigh Baldwin and Angus Rittenberg. Ms. Baldwin is my wife. Mr. Rittenberg is a minority unit holder, as well as an officer and manager of the Debtor.

6.      Polebridge, Limited Liability Company is a Pennsylvania limited liability company ("Polebridge") which is owned by Ashleigh Baldwin and Angus Rittenberg.

7.      Contrary to what was mistakenly stated by my counsel at the hearing on July 21, 2021, Good Design is not the parent company to Polebridge, the companies just are commonly owned.  Good Design is also registered fictitious name owned by Polebridge.

8.      On April 14, 2020, XO Energy MA, LP, an affiliate of the Buyer, loaned Polebridge $3,500,000 to manufacture hand sanitizer for a customer (the "Polebridge Loan").

9.      The Debtor agreed to supply material for the hand sanitizer.

10.     The hand sanitizer was produced, but the product was rejected by the customer.

11.     The Debtor may have insurance coverage related to this loss, but no formal claim has been submitted at this time.

2

12.    The Polebridge Loan was guaranteed by me, Good Design, Inc., Ashleigh Baldwin and Angus Rittenberg, jointly and severally (collectively, the "Polebridge Guaranty").

13.    There is not any formal or informal agreement or arrangement regarding the disposition of the Polebridge Guaranty or the Polebridge Loan between myself or any of the above entities or people and the Buyer or any of its affiliates or its agents.

14.    Neither Polebridge nor Good Design have any business operations at this time.

15.    There is not any formal or informal agreement or arrangement regarding the employment of myself or any of the above entities or individuals to work for the Buyer after closing of the transaction contemplated in the Motion (other than as disclosed in the APA).

16.    The only investment made by the Buyer (or its affiliates) to the Debtor relates to the equipment leases identified in the Motion (with prepetition arears of approximately $140,000).

17.    The Debtor is party to that certain Commercial Lease Agreement (the "Lease") dated January 1, 2016 with Finland Leasing, Inc. ("Finland") for a property located at 2300 Trumbauersville Road, Quakertown PA 18951 (the "Property").

18.    My father, Gary Parzych, is the owner of Finland.

19.    The Lease expired by its own terms on December 31, 2017.

20.    The Lease is currently in holder-over status and is month to month.

21.    Finland has previously stated that it would likely agree to lease the Property to the Buyer after the closing, and would also likely not lease the Property to any other bidder. Despite this statement, Finland has agreed to discuss potential arrangements regarding the Property (or disposition of the assets located there) with other bidders, if any.

22.     Other than the prior paragraph, neither Finland nor my father have any formal or informal agreement or arrangement regarding the Lease or the Property with me, the Debtor, the Debtor's affiliates or the Buyer or any of its affiliates or its agents.

I hereby affirm under penalty of perjury that the matters set forth herein are true and correct to the best of my knowledge, information and belief.

_____
**Casey Parzych**

4

8422186 v1