**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Midnight Madness Distilling LLC, | : | |
| Debtor. | : | Bankruptcy No.  21-11750-MDC |

# AMENDED ORDER GOVERNING PROCEDURES AT EVIDENTIARY HEARING CONDUCTED REMOTELY BY VIDEO CONFERENCE

**AND NOW WHEREAS**, it is necessary and appropriate to conduct an evidentiary hearing in the above case in connection with *Debtor's Expedited Motion for Entry of an Order (I) Approving the Sale or Sale of up to Substantially All of the Debtor's Assets, and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures and the Form and Manner of Notice Thereof, (III) Scheduling Hearings for Such Relief, and (IV) Granting Related Relief.*[1]

**AND**, the court having **SCHEDULED** a hearing (the "Hearing") on **August 27, 2021, at 10:30 a.m.**

**AND**, due to the limitations on public gatherings imposed by public health authorities in response to the COVID-19 pandemic, it being impractical to conduct the Hearing in the ordinary course in the courtroom.

**AND**, therefore, there being compelling circumstances justifying conducting the Hearing remotely by video conference pursuant to Fed. R. Bankr. P. 9017 (incorporating Fed. R. Civ. P.

---

[1] Bankr. Docket No.4.

43(a)).

It is therefore **ORDERED** that the parties shall comply with the following procedures in connection with the Hearing:

### Pretrial Disclosure Requirements

1. **On or before August 25, 2021, by 5:00 p.m. (ET)**, any party intending to call a witness to testify by video conference ("the Remote Witness") shall file and serve[2] a Remote Witness List setting forth the following:

    a. the name and title of the Remote Witness.
    b. a summary of subject matter of the anticipated testimony.
    c. an e-mail address for the witness.[3]
    d. the location of the Remote Witness (city, state, country).
    e. the place from which the Remote Witness will testify (e.g. home, office – no addresses are required).
    f. whether any other person(s) will be in the room with the Remote Witness during the testimony, and if so, who (name, title and the other person(s)' relationship to the Remote Witness), and the purpose of the other person(s)' presence.
    g. whether the Remote Witness will have access to any documents other than exhibits included on the Exhibit List required by Paragraph 3 below and, if so, a description of those documents and the reason why they have not been included on the Exhibit List.

2. **On or before August 25, 2021, by 5:00 p.m. (ET)**, any party intending to offer into evidence in its case in chief or otherwise use at the Hearing any exhibits shall:

---

[2] It is contemplated and preferred that all service required by this Order will be accomplished by e-mail. However, other means of service are acceptable so long as the document to be served is received within one (1) business day of service.

[3] The witness' e-mail address provides a means for opposing parties to communicate with the witness (when that is legally permissible) as well as a means for service of exhibits to be used in connection with the witness' examination by opposing counsel during the Hearing.

2

      a.    pre-mark each exhibit.

      b.    serve each party who has appeared in the matter(s) being heard at the Hearing with a list of each exhibit ("the Exhibit List").

      c.    serve each party with each pre-marked exhibit on the Exhibit List.[4]

      d.    deliver the Exhibit List and the exhibits to the court by e-mailing them to the Courtroom Deputy at Eileen_Godfrey@paeb.uscourts.gov.

3.    A party that wishes to use an exhibit in connection with the examination or cross-examination of a witness shall serve the witness with each such exhibit (with notice to all other parties) at least 24 hours prior to the Hearing.

4.    If a party anticipates the possibility of offering into evidence or otherwise using exhibits at the Hearing in the party's case in rebuttal:

      a.    On the same date as set forth in Paragraph 2, the party shall prepare a Rebuttal Exhibit List and shall e-mail the Rebuttal Exhibit List and all rebuttal exhibits to the Courtroom Deputy.

      b.    The court will retain, without reviewing, the Rebuttal Exhibit List and the rebuttal exhibits unless and until the party seeks to use a rebuttal exhibit at the Hearing.

      c.    If a party seeks to use a rebuttal exhibit, the rebuttal exhibit will then be e-mailed to all parties participating in the Hearing and the witness. If appropriate, the court will take a short recess to allow the other parties to review the exhibit.[5]

5.    **FAILURE TO COMPLY STRICTLY WITH THE REQUIREMENTS OF PARAGRAPHS 1-4 MAY RESULT IN THE EXCLUSION OF EVIDENCE OFFERED DURING THE HEARING**.

---

[4] If an exhibit is on the docket, counsel may reference the applicable CM/ECF docket number rather than serving the exhibit itself on opposing counsel. However, an exhibit used in connection with the testimony of a witness must be supplied to the witness.

[5] The procedures in Paragraph 3 are included because there are situations in which a party may legitimately wish to hold back a rebuttal exhibit and use it only if necessary due to the developments during a hearing. If no such concerns exist, nothing in this Order precludes a party from including

### Technological and Logistical Protocols

6. Any attorney or party or representative of a party wishing to attend the Hearing and participate by video shall notify the Courtroom Deputy at least 72 hours prior to the Hearing in order to obtain the access information to the Hearing.[6]

7. **EACH PARTY CALLING A WITNESS IS RESPONSIBLE FOR PROVIDING THE ZOOM LINK TO THE WITNESS**.

8. **ALL AUDIO WILL BE THROUGH THE ZOOM WEBSITE. IT IS STRONGLY PREFERRED THAT ALL PARTICIPANTS EMPLOY THE COMPUTER AUDIO OPTION, RATHER THAN THE TELEPHONIC OPTION AVAILABLE ON THE ZOOM WEBSITE.**

9. When signing into Zoom, each participant shall use their first and last name as their screen name, not an e-mail address or nickname.

10. Counsel and parties must treat the proceeding as if it were in open court so appropriate dress and decorum are required.

11. To reduce the risk of transmission problems with the video or audio during the Hearing, the parties should, when possible, limit themselves to one (1) participating attorney and it is preferable that those persons who do not anticipate addressing the court limit themselves to audio participation. The court reserves the right to limit the attendance of non-litigants and their counsel to receipt of audio.

12. No participant may use a virtual background without Court permission. Any virtual background must be dignified and respectful. The background may not contain any

---

rebuttal exhibits on the primary Exhibit List and labeling them as such.

messages or background that is political or that may influence the witness or the proceeding or that is otherwise inappropriate.  **FAILURE TO COMPLY WITH THIS PARAGRAPH MAY RESULT IN THE IMPOSITION OF SANCTIONS**.

13.During testimony by a party or witness, no one is permitted to communicate - via text or chat application or any other means - with the testifying witness except by way of on the record oral questions directed toward that witness.

14.All participants must appear on camera during the entire hearing, whether or not they are speaking, unless the Court directs otherwise.  No participant shall be permitted to attend or participate in a hearing being conducted on Zoom by telephone only without prior Court approval, which shall be requested by such participant or their counsel no later than 24 hours prior to the scheduled start of the hearing.

15.All participants shall make their best efforts to ensure that they are attending the Zoom hearing from a location which affords stable, reliable Internet access with sufficient connection speed to permit them to attend and participate in the hearing without interruption. Each party or their counsel shall communicate this requirement to any witnesses to be called on such party's behalf and shall coordinate with such witnesses to identify a suitable location from which to attend the hearing.

16.Participants must limit or eliminate possible background distractions.

17.If during the course of the proceeding it becomes necessary for counsel to consult with a client in private, counsel request to be sent to a breakout room for a short time to have a private conversation. However, this Paragraph does not apply when the client is in the midst of

---

[6] An attorney may make the request on behalf of a client or client representative.

testifying.

18.     **CONSISTENT WITH JUDICIAL CONFERENCE POLICY, NO PERSON MAY RECORD THE VIDEO OR AUDIO OF THE HEARING.  FAILURE TO COMPLY WITH THIS PARAGRAPH MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

Dated:  August 13, 2021

_____
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Harry J. Giacometti, Esquire
William J. Burnett, Esquire
Flaster/Greenberg, PC
1835 Market Street, Suite 1050
Philadelphia, PA 19103

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

Kevin P. Callahan, Esquire
United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912