UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT PENNSYLVANIA

IN RE:

MIDNIGHT MADNESS DISTILLING LLC         NO. 21-11750 MDC
                                        CHAPTER 11

SUPPLEMENTAL LIMITED OBJECTION OF PACCAR FINANCIAL CORP
TO DEBTOR'S MOTION TO AUCTION/SELL ASSETS

PACCAR FINANCIAL CORP ("PACCAR"), a secured creditor of Debtor, objects to the Motion, for the following reasons:

1. PACCAR is the perfected purchase money lienholder of two motor vehicles which Debtor wishes to include in an auction of Debtor's assets, namely two (2) 2017 Kenworth Vehicles: a) Model T370 -- VIN 2NKHHM7X2JM214870, and b) Model K370, VIN 3BKJHM7X6HF581594 (together, "Vehicles").

2. Copies of the Purchase Contracts and Electronic Titles are attached as Exhibits A and B.

3. Presumably, any successful bidder plans to continue paying the respective installment purchase contracts applicable to the each Vehicle, leaving PACCAR's lien in place.

4. However the purchase contracts prohibit assignment and transfer by Debtor, subject to the lien.

5. PACCAR does not consent to the auction/sale and cannot be obligated to, in effect, make a credit extension to any successful bidder. The Vehicles are the subject of installment purchase contracts which are not executory contracts nor leases that debtor may assume and assign. See, 11 USC§365(c)(1)(B) and (c)(2).

6. The purchase contracts for each Vehicle prohibits, *inter alia*, sale or transfer of the Vehicle subject to the lien and absent full payoff of the debt. See Para 10 (f) and (h) of the contracts.

7. PACCAR requires a credit application from any bidder in order to make a

reasonable determination as to whether the purchase contracts may assumed, with no assurance such credit will be extended. Essentially, the auction/sale is a prohibited novation of Debtor's obligations to PACCAR.

8. There is no provision of appropriate casualty and comprehensive insurance on the Vehicles, with PACCAR as loss payee, as required by the purchase contracts.

9. There is no provision in the Debtor's Agreement for any transfer of title with the preservation PACCAR's perfected lien.

10. The proposed sale does not adequately protect PACCAR's interests.

11. PACCAR requires full payoff of the contracts from any transferee.

WHEREFORE, PACCAR FINANCIAL CORP prays this Honorable Court to deny the Debtor's Proposed Auction and Sale to the extent that it allows transfer of title to the Vehicles without full payoff of the contract and lien, as well as for such other relief as is just and equitable.

Date: August 24, 2021

GERSHMAN LAW OFFICES PC

_____
Howard Gershman
610 York Road, Ste. 200
Jenkintown, PA 19046
215.886.1120
howard@gershman-law.com