UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MIDNIGHT MADNESS DISTILLING LLC | : | |
| | : | |
| Debtor. | : | Bankruptcy No.:  21-11750MDC |

**MOTION OF THE UNITED STATES TRUSTEE PURSUANT TO
11 U.S.C.§1112 TO DISMISS THE CASE OR CONVERT TO CHAPTER 7**

Andrew R. Vara, United States Trustee for Region 3 (the "UST"), by and through the undersigned counsel, hereby submits this Motion pursuant to 11 U.S.C.§ 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Dismiss the Case or Convert to a Chapter 7, said Motion being based on the following:

**I.     Jurisdiction**

1. The Bankruptcy Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C.§§ 1334 and 157(b).

2. The UST brings this Motion pursuant to the statutory duty to monitor bankruptcy cases under 28 U.S.C.§586(a)(3).

3. The UST has standing to prosecute the Motion pursuant to 11 U.S.C. §§307 and 1112 and FRBP 1017 and 9014.

4. The UST consents to the entry of a final order by this Court.

**II.    Background**

5. The Debtor commenced this case on June 21, 2021, by filing a voluntary petition under Chapter 11 of the United States Bankruptcy Code and since then has remained in operation of its business as a debtor in possession.

6. Upon information, the Debtor is a Pennsylvania limited liability company and operates a distillery and co-co-packaging plant in Bucks County, Pennsylvania.

7. On the petition date, the Debtor filed the Expedited Motion For Entry Of An Order: (1) Approving The Sale Or Sale Of Up To Substantially All Of The Debtor's Assets, And The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures And The Form And Manner of Notice Thereof, (III) Scheduling hearings For Such Relief And (IV) Granting Relief (the "Motion" or, the "Motion to Sell").

8. The Debtor sought this Court's approval to sell substantially all its assets to an entity called ETOH Worldwide, LLC (the "Buyer") as a good faith sale free and clear of liens and interests pursuant to Section 363 of the Bankruptcy Code. Attached to the Motion was the Asset Purchase Agreement between the parties also dated June 21, 2021 (the "June 21st APA").

9. The Debtor also requested that bidding procedures be established to allow for parties to bid on the assets at an auction to ensure that the highest and best offers could be obtained. Upon information, the auction was held on August 25, 2021.

10. Upon information, the winning bid was made by an entity called Millstone Spirits Group, LLC for an approximate price of $1.4 million dollars and agreements to assume certain contracts, and pay certain administrative expenses.

11. Upon information, the proposed purchase price offered at auction will not generate sufficient funds to pay unsecured creditors, let alone administrative expenses through a chapter 11 plan.

12. The UST is filing an objection to the sale, a hearing on which is scheduled for August 27, 2021.

13. Upon information, the Debtor may have causes of action under Sections 544, 547, 548, 549, and 550 under the Bankruptcy Code. These causes of action may include fraudulent transfers made by the Debtor to certain parties for no consideration and/or for no legitimate basis.

14. Upon information, the UST avers that prior to the petition date the Debtor caused to be made transfers of substantial value, which under the afore-referenced statutory provisions could be recovered by a trustee for the benefit of the estate, and potentially for unsecured creditors.

15. The Debtor has failed to timely file its financial operating reports since the petition date. The UST, creditors, and parties in interest are unable to examine the Debtor's post-petition operations and determine whether the Debtor has otherwise complied with its fiduciary obligations. Further, the failure to comply with this duty makes it impossible to determine the administrative expenses of the estate since the case was filed.

16. The Debtor has failed to file the Notice of Officer Compensation as required by LBR 4002-1 disclosing any payments made since the filing date or contemplated being made to the Debtor's officers.

17. Upon information, the UST avers that the Debtor is unable to effectuate a plan of reorganization and this case should be converted to a chapter 7 case or dismissed pursuant to Section 1112(b) of the Bankruptcy Code.

18. The UST believes cause exists to convert or dismiss this Chapter 11 case to Chapter 7 under Section 1112(b) of the Bankruptcy Code because: (1) the Debtor has failed to file, or timely file operating reports since the filing of this bankruptcy case on June 21, 2021; (b) Debtor has failed to pay UST quarterly fees; and (c) Debtor is unable to propose a confirmable plan and there is no reasonable likelihood of rehabilitation.

### III. LEGAL ARGUMENT

**Cause Exists Under 11 U.S.C. §1112(b)(1) to Dismiss This Bankruptcy Case.**

19. 11 U.S.C. §1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request …the Court shall convert a case under this Chapter to a case under Chapter 7 or dismiss a case under this Chapter, whichever is in the best interest of creditors and the estate, for cause unless the Court determines that the appointment under Section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

20. Section 1111(b) includes a non-exclusive list of what constitutes "cause;" however, the Court should "consider other factors as they arise and use its equitable power to reach the appropriate result." *Pioneer Liquidating Corp v. United States trustee (In re Consolidated Pioneer Mortgage Entities),* 248 B.R. 368, 375, (B.A. 9th Cir. 2000) *aff'd,* 264 F.3d 803 (9th Cir. 2001). The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for dismissal or conversion under §1112(b). *Id.*

21. As movant, the United States trustee bears the burden of establishing by preponderance of the evidence that cause exists. *Sullivan v. Harnisch (In re Sullivan),* 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014)(citation omitted). Where reorganization or rehabilitation is unrealistic or futile, a Chapter 11 case may be dismissed or converted even at its outset. *Johnston v. Jem Dev. Co. v. Johnston (In re Johnston),* 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992). And, if a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide

whether dismissal, conversion is in the best interests of creditors and the estate; and (2) identify whether there is unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate. *In re Sullivan*, 522 B.R. at 612.

**Cause Exists Under 11 U.S.C.§1112(b)(4)(F) because Debtor has Failed to File Operating Reports**.

22.   "Cause," as used in Section 1112(b)(1), is defined in pertinent portions of Section 1112(b)(4) as follows:

> For purposes of this subsection, the term 'cause' includes—
> ….
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by tis title or by any rule applicable to a case under this Chapter;
> …

11 U.S.C. §§1112(b)(1) and (b)(4)(F).

23.   The Debtors have failed to file operating reports ("MORS") at all since the filing of the case. MORs are required by applicable United States trustee guidelines, as well as the Bankruptcy Code and Rules.[1] As other Courts have held, monthly reports and the financial disclosures contained in them "are the life blood of the Chapter 11 process" and are more than "mere busy work." *YBA Nineteen, LLC v. IndyMac Venture, LLC (In re YBA Nineteen, LLC)* 505 B.R. 289, 303 (S.D. Ca. 2014)(citation omitted). *See also In re Berryhill*, 127 B.R. 427, 433

---

[1] The applicable United States Trustee Guidelines ("Guidelines") provide that each Chapter 11 Debtor "shall file with the court and contemporaneously serve as the United States Trustee a report for every calendar month or portion thereof during which the case is pending. *See Region 17: United States Trustee Guidelines,* available at http:www.justice.gov/ust/r17/docs/general guidelines.htm (last viewed October 8, 2016). The Guidelines also require debtors to file each operating report "on or before the 20th day of the month immediately following the month described in the report." *Id. See also In re Whetten,* 473 B.R. 380,382 (Bankr. D. Colo. 2012).
("The UST is charged with supervising the administration of Chapter 11 cases, including a debtor's performance of its statutory and fiduciary responsibilities. 28 U.S.C. § 586(a)(3). To perform this role, the UST has adopted reporting requirements embodied in its guidelines, which a debtor-in-possession is required to fulfill"). In addition, FRBP 2015(a)(2), (3), and (5) requiring the filing of periodic reports as the United States Trustee require.

(Bankr. N.D. Ind. 1991)(citation omitted).

24. Even if the Debtor was now to file all monthly operating reports that are past due, the Debtor's delay in filing would itself constitute cause to convert or dismiss this case under Section 1112(b),[2] Cause, as defined in Section 1112(b), includes the "unexcused failure to satisfy timely any filing or reporting requirement." 11 U.S.C. §1112(b)(4)(F)(emphasis added). *In re Babayoff,* 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011)(finding cause to convert or dismiss under Section 1112(b) where debtor filed multiple monthly operating reports "in a single batch, weeks or months late").

25. Accordingly, there is cause to convert this bankruptcy case, and the Court should enter an order converting the case pursuant to 11 U.S.C.§§1112(b)(1) and (b)(4)(F).[3]

**Cause Exists Under Section 11 U.S.C.§§1112(b)(1) and 1112(b)(4)(K) because Debtor has failed to pay fees due and owing to the UST.**

26. Under 28 U.S.C. § 1930(a)(6), the Debtor is obligated to pay fees based upon "disbursements" made during a calendar quarter to the United States Trustee System Fund. 28 U.S.C. § 1930(a)(6) establishes a funding mechanism for the United States Trustee Program ("the Program"). Under 28 U.S.C. § 1930(a)(6), quarterly fees must be paid in each open chapter 11 case in an amount scaled upon "disbursements" made in the case.

27. 28 U.S.C. § 1930(a)(6) was intended as a revenue-generating mechanism for the UST Program, and it applies "to all disbursements made during the entire [chapter 11] process,

---

[2] Given the Debtor's failure to file operating reports, the UST reserves the right to supplement the Motion in the event that the Debtor tardily files the reports that support cause for conversion under Section 1112(b)(4)(K) if they reveal that Debtor has not paid all quarterly fees required by 28 U.S.C. §1930(a)(6).
[3] Given the Debtor's failure to file operating reports, the UST reserves the right to supplement the Motion in the event that the Debtor tardily files reports that support cause for conversion under Section 1112(b)(4)(A).

including ordinary operating expenses, before or after confirmation, as a type of user tax on those who benefit the most from the program." *Walton v. Jamko, Inc. (In re Jamko, Inc.)*, 240 F.3d 1312, 1316 (11th Cir. 2001) (bracketed text added). Payment of quarterly fees is mandatory in every case, and they must be paid every quarter (or fraction thereof) from the quarter in which the petition is filed until the quarter in which the case is closed pursuant to a final decree. *See Genesis Health Ventures, Inc. v. Stapleton (In re Genesis Health Ventures, Inc.)*, 402 F.3d 416, 421 (3d Cir. 2005); *United States Trustee v. Gryphon at the Stone Mansion, Inc.*, 166 F.3d 552, 554 (3d Cir. 1999). The fee owed in a particular quarter is determined solely by operation of statute – it is not subject to adjustment by the courts. *See, e.g., Jamko,* 240 F.3d at 1314 (noting that calculation of fee is mandated by statute); *Jorgenson v. Schwartz (In re Wilko Machine Co.)*, No. 97-55937, 1997 WL 77963 (9th Cir. Feb. 4, 1997); *Office of the U.S. Trustee v. Hays Builders, Inc. (In re Hays Builders, Inc.)*, 144 B.R. 778, 779 (W.D. Tenn. 1992); *United States Trustee v. Kroy (Europe) Ltd. (In re Kroy (Europe) Ltd.),* Nos. CIV 99-834-PHX-SMM *et al.*, 2000 WL 194311 at *3 (D. Ariz. Jan. 26, 2000) ("...there is no language in section 1930(a)(6) indicating that Congress intended to create an 'inequitable' exception to payment of the fees"); *In re Central Copters, Inc.*, 226 B.R. 447, 451 (Bankr. D. Mont. 1998); *In re Meyer*, 187 B.R. 650, 653 (Bankr. W.D. Mo. 1995).

28. The Debtor owes quarterly fees for the 2nd quarter of 2020; however, without operating reports filed, the UST is unable to determine the correct amount due. (The UST reserves the right to amend this instant motion as to fees due up until the time of hearing.)

29. The Debtor's failure in this regard to timely pay UST fees constitutes a "failure to pay any fees or charges required under chapter 123 of title 28" pursuant to 11 U.S.C. § 1112(b)(4)(K). Accordingly, relief is warranted under 11 U.S.C.§ 1112(b)(1).

### Cause exists Under Section 11 U.S.C.§§1112(b)(4)(A) because there is no reasonable likelihood of rehabilitation.

30. The Bankruptcy Code provides for conversion or dismissal of a chapter 11 case based on continuing loss to or diminution of the estate in order to prevent the debtor-in-possession "from gambling on an enterprise at the creditors' expense when there is no hope of rehabilitation." *In re Lizeric Realty Corp.*, 188 B.R. 499, 503 (Bankr. S.D.N.Y. 1995); *see also*. *In re The Reserves Resort, Spa & Country Club LLC*, Bankr. D. Del Case No. 12-13316-KG (Memorandum Opinion dated July 12, 2013). Although section 1112(b)(4)(A) appears to require both loss to or diminution of the estate *and* the absence of a reasonable likelihood of rehabilitation, "[f]undamental bankruptcy policy continues to support the proposition that the inability to propose a feasible reorganization or liquidation plan provides 'cause' for dismissal or conversion of a chapter 11 case on request of an interested party. … [T]he inability to effectuate a plan, by itself, provides cause for dismissal or conversion of a chapter 11 case." *In re DCNC N.C. I, LLC*, 407 B.R. 651 (Bankr. E.D. Pa. 2009).

31. If the sale is approved, the Debtor will be left with no assets and no funds with which to propose a confirmable plan and therefore, unlikely to rehabilitate under Chapter 11 of the Bankruptcy Code.

### Once Cause is Established, Debtor has the burden of Establishing All Elements of the Statutory Defenses Available Under 11 U.S.C.§1112(b)(2).

32. Once "cause" is established, the burden then shifts to the debtor to demonstrate that §1112(b)(2) precludes relief under §1112(b)(1). *See (In Sanders),* 2013 Bankr. LEXIS 4681 at *18-19. The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances…that establish that such relief is not in the best interest of creditors and the estate." *See* 11 U.S.C.§1112(b)(1). For the exception to apply: (1)

the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time. *See Warren v. Young (In re Warren)*, 2015 Bankr. LEXIS at *11-12 (B.A.P. 9 Cir. May 28, 2015). As noted, the debtor bears the burden of proving unusual circumstances are present in the case the render dismissal or conversion is not in the best interest of creditors or the estate. *In re Sanders*, 2013 Bankr. LEXIS 4681 at *18-19.

33. In addition to establishing unusual circumstances, a debtor or other respondents seeking to avoid conversion or dismissal must establish the requirements set forth in Sections 1112(b)(2)(A)—(b)(2)(B). Section 1112(b)(2) provides:

> …*and* the debtor or any other party in interest establishes that— (A) There is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129 (e) of this title, or if such sections do not apply, within a reasonable period of time; *and* (B) The grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)
>
> (I) for which there exists a reasonable justification for the act or omission; *and*
>
> (ii) that will be cured within a reasonable period of time fixed by the Court.

11 .S.C.§1112(b)(2) (emphasis added).

34. More importantly, the Debtor must establish each of the statutory elements set forth under Section 1112(b)(2) because the statute is written in the conjunctive. *In re Om Shivai, Inc.* 447 B.R. 459, 465 (Bankr. D.S.C. 2011); *Landmark Atlantic Hess Farm, LLC.*, 448 B.R. 707,

717 (Bankr. D. Md. 2011). In addition, the Debtors must demonstrate that the relief requested in the Motion is not predicated upon Section 1112(b)(4)(A).

## CONCLUSION

**WHEREFORE**, the United States Trustee moves the Court to enter an order (a) granting the Motion; (b) converting this case or dismissing this case and (c) granting such other relief as is just under the circumstances.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Regions 3 and 9**

BY: */s/ Kevin P. Callahan*
Kevin P. Callahan
Trial Attorney
Office of the U.S. Trustee
200 Chestnut Street, Suite 502
Dated: August 25, 2021          Philadelphia, PA 19106
Phone: (215) 597-4411