IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| MIDNIGHT MADNESS DISTILLERY, LLC. | : | BANKR. NO. 21-11750 MDC |
| | : | |
| Debtor. | : | |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S EXPEDITED MOTION FOR ENTRY OF AN ORDER: (I) APPROVING THE SALE OR SALE OF UP TO SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, AND THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (II) APPROVING CERTAIN BIDDING PROCEDURES, ASSUMPTION AND ASSIGNMENT PROCEDURES, AND THE FORM AND MANNER OF NOTICE THEREOF, (III) SCHEDULING HEARINGS FOR SUCH RELIEF AND (IV) GRANTING RELATED RELIEF**

The United States Trustee for Region 3, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. section 586(a), hereby objects to the Debtor's Expedited Motion For Entry Of An Order: (1) Approving The Sale Or Sale Of Up To Substantially All Of The Debtor's Assets, And The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures And The Form And Manner of Notice Thereof, (III) Scheduling hearings For Such Relief And (IV) Granting Relief as follows:

**BACKGROUND**

1. Andrew R. Vara is the United States Trustee for Region 3 (the "UST") duly qualified and so acting.

2. The Debtor commenced this case on June 21, 2021 by filing a voluntary petition under Chapter 11 of the United States Bankruptcy Code and since then has remained in

1

operation of its business as a debtor in possession.

3. Upon information, the Debtor is a Pennsylvania limited liability company and operates a distillery and co-co-packaging plant in Bucks County, Pennsylvania.

4. On the petition date, the Debtor filed the Expedited Motion For Entry Of An Order: (1) Approving The Sale Or Sale Of Up To Substantially All Of The Debtor's Assets, And The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures And The Form And Manner of Notice Thereof, (III) Scheduling hearings For Such Relief And (IV) Granting Relief (the "Motion" or, the "Motion to Sell").

5. The Debtor sought this Court's approval to sell substantially all its assets to an entity called ETOH Worldwide, LLC (the "Buyer") as a good faith sale free and clear of liens and interests pursuant to Section 363 of the Bankruptcy Code. Attached to the Motion was the Asset Purchase Agreement between the parties also dated June 21, 2021 (the "June 21st APA").

6. The Debtor requested that bidding procedures be established to allow for parties to bid on the assets to ensure that the highest and best offers could be obtained. The hearing on bid procedures was scheduled for July 14. Counsel for PNC ("PNC") filed an objection to the Motion on July 12 (DI 76). The UST also raised comments and an informal objection prior to and at the hearing.

7. On July 14, immediately prior to the hearing, counsel for Debtor provided PNC and the UST certain documents including a copy of a Revised Asset Purchase Agreement ("Revised APA"), which was eventually filed on July 30 (DI 102).

2

8. The Revised APA removed the section from the Buyer's proposal that the debtor's trade debt would be assumed if the sale was approved.

9. The hearing on July 14 was continued to July 21, at which time the Debtor agreed to revise the Motion to address PNC's and the UST's objections to the bid procedures. This Court entered the Order on July 30, 2021. At the hearing all parties reserved the right to object to the request for approval of sale, particularly if the Buyer was the successful bidder at the auction.

10 Upon information, the auction was held on August 25, 2021, and an entity called Millstone Spirits, LLC ("Millstone") was the successful bidder.

11. Upon information, the final and successful bid by Millstone included a purchase price of $1.4 million dollars, payment of certain administrative expenses and a payment of $50,000 to be allocated to unsecured creditors.

12. The initial proposed sale to ETOH included causes of action the Debtor has under Sections 544, 547, 548, 549, and 550 under the Bankruptcy Code. It is not presently known whether the proposed purchase includes the causes of action.

13. Upon information, the Debtor made transfers of substantial value prior to the petition date which could be recovered for the benefit of the estate.

14. The Debtor has failed to timely file its financial operating reports since the petition date. The UST, creditors, and parties in interest are unable to examine the Debtor's post-petition operations and determine whether the Debtor has otherwise complied with its fiduciary obligations. Further, the failure to comply with this duty makes it impossible to determine the administrative expenses of the estate since the case was filed.

15. The Debtor has failed to file the Notice of Officer Compensation as required by LBR 4002-1 disclosing any payments made or contemplated being made to the Debtor's officers.

16. The UST avers that there is presently not sufficient information to enable the UST, creditors and other parties to determine whether there is a legitimate bankruptcy purpose to this sale. Without more information, the UST objects to the Debtor's motion.

17. Upon information, the UST avers that the Debtor is unable to effectuate a plan of reorganization and this case should be converted to a chapter 7 case or dismissed pursuant to Section 1112(b) of the Bankruptcy Code.

WHEREFORE, for the reasons set forth above, among others, the United States Trustee respectfully requests that the Court conduct a hearing on these issues and enter an order denying the relief requested by the Debtor in the Motion. The United States trustee specifically reserves the right to supplement his Objection at or prior to the time set for the hearing on this matter.

DATED this 25th day of August, 2021.

ANDREW R. VARA
United States trustee
For Regions 3 and 9

By: */s/ Kevin P. Callahan*
Kevin P. Callahan
Office of the U.S. Trustee
200 Chestnut Street, Suite 502
Philadelphia, PA 19106
(215) 597-4411
(215) 597-5795 (fax)

4