UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: )
)
MIDNIGHT MADNESS ) Case No. 21-11750-MDC
DISTILLING LLC, )
)
Debtor. ) Chapter 11

## LIMITED OBJECTION OF TOKYO CENTURY (USA) INC. TO DEBTOR'S MOTION TO SELL ASSETS

Now comes Tokyo Century (USA) Inc. ("Tokyo Century"), a secured creditor of the Debtor, and for its Limited Objection to Debtor's Expedited Motion for Entry of an Order: (I) Approving the Sale or Sale of up to Substantially all of the Debtor's Assets, and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Scheduling Hearings for Such Relief and (IV) Granting Related Relief [Dkt. 4] respectfully states as follows:

1. Non-Party Isuzu Finance of America, Inc. ("Isuzu") and Midnight Madness Distilling LLC ("Debtor") entered into Secured Promissory Note LN129081 dated on or about May 24, 2019 ("Note LN129081") for the purpose of loaning funds necessary for Debtor to purchase certain equipment identified more specifically therein. A true and correct copy of Note LN129081 is attached hereto as **Exhibit 1**.

2. Tokyo Century entered into a purchase and assignment agreement with Isuzu wherein it purchased Note LN129081 from Isuzu and Isuzu assigned its interest in Note LN129081 to Tokyo Century. A true and correct copy of the Purchase of Loan Contract is attached hereto as **Exhibit 2**.

3. The property Debtor financed through Note LN129081 is: (1) 2019 Hino 195, VIN: JHHRDM2H3KK007602 (the "Collateral"). *See* Exhibit 1.

4.    Tokyo Century holds a perfected first priority security interest in the Collateral. A true and correct copy of the Certificate of Title for a Vehicle is attached hereto as **Exhibit 3**.

5.    Tokyo Century objects to the assignment of Note LN129081 unless the purchaser can demonstrate adequate assurance of future performance. Section 365(a) of the Bankruptcy Code provides, in relevant part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Further, section 365(f) of the Bankruptcy Code provides that the "trustee may assign an executory contract . . . only if -- the trustee assumes such contract . . . and adequate assurance of future performance . . . is provided . . . ." 11 U.S.C. § 365(f)(2). The statutory requirement of "adequate assurance of future performance by the assignee" affords "needed protection to the non-debtor party because the assignment relieves the trustee and the bankruptcy estate from liability for breaches arising after the assignment. See Cinicola v. Scharffenberger, 248 F.3d 110, 120 (3d Cir. 2001); Carlisle Homes v. Azzari (In re Carlisle Homes, Inc.), 103 B.R. 524, 538 (Bankr. D.N.J. 1988) (recognizing section 365's attempt "to strike a balance between two sometimes competing interests, the right of the contracting non-debtor to get the performance it bargained for and the right of the debtor's creditors to get the benefit of the debtor's bargain) (quotation marks and alterations omitted).

6.    Additionally, Tokyo Century objects to the assignment Note LN129081 unless the first priority security interest in favor of Tokyo Century on such Collateral remains after any such assignment in full force and effect with the same priority.

Dated   9/25  , 2021

By: /s/ _____
Counsel for Tokyo Century (USA) Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August 2021, the foregoing was electronically filed through CM/ECF and the following parties were served via the following methods on August 25 2021:

## Via the Court's electronic notification system

- WILLIAM J. BURNETT    william.burnett@flastergreenberg.com, william.burnett@ecf.inforuptcy.com;jennifer.vagnozzi@flastergreenberg.com;jeanne.valentino@flastergreenberg.com
- KEVIN P. CALLAHAN    kevin.p.callahan@usdoj.gov
- JULIE A. CALLSEN    julie.callsen@tuckerellis.com, brittany.falkner@tuckerellis.com;thomas.fawkes@tuckerellis.com
- HOWARD GERSHMAN    hg229ecf@gmail.com, 229ecf@glpoc.comcastbiz.net
- HARRY J. GIACOMETTI    harry.giacometti@flastergreenberg.com, harry.giacometti@ecf.inforuptcy.com;jennifer.vagnozzi@flastergreenberg.com;giacometti.flastergreenberg@gmail.com;jeanne.valentino@flastergreenberg.com
- MATTHEW A. HAMERMESH    mhamermesh@hangley.com, ecffilings@hangley.com;kem@hangley.com;mjl@hangley.com
- MEGAN N. HARPER    megan.harper@phila.gov, karena.blaylock@phila.gov
- JEFFREY KURTZMAN    Kurtzman@kurtzmansteady.com
- JENNIFER L. MALESKI    jmaleski@dilworthlaw.com, mdolan@dilworthlaw.com;cchapman-tomlin@dilworthlaw.com
- MICHAEL G. MENKOWITZ    mmenkowitz@frof.com, brian-oneill-fox-5537@ecf.pacerpro.com;jdistanislao@foxrothschild.com
- CAROL E. MOMJIAN    cmomjian@attorneygeneral.gov
- JOEL L. PERRELL    jperrell@MilesStockbridge.com
- United States Trustee    USTPRegion03.PH.ECF@usdoj.gov

## Via First Class Mail

William J. Burnett
Flaster/Greenberg P.C.
1835 Market Street
Suite 1050
Philadelphia, PA 19103

Midnight Madness Distilling LLC
118 N. Main Street
Trumbauersville, PA 18970

Harry J. Giacometti
Flaster/Greenberg, P.C.
1835 Market Street
Suite 1050
Philadelphia, PA 19103

Kevin P. Callahan
United States Trustee
200 Chestnut Street
Suite 502
Philadelphia, PA 19106-2912

Ally Bank, c/o AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS

Oklahoma City, OK 73118

Uline
12575 Uline Drive
Pleasant Prairie, WI 53158

THEODORE J. ZELLER
Norris McLaughlin
515 West Hamilton Suite 502
Allentown, PA 18101

Wm. F. Comly & Son, Inc.
1825 E. Boston Street
Philadelphia, PA 19125-1296

/s/ _____
Counsel for Toto Century (USA) Inc.