**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | CHAPTER 11 |
| MIDNIGHT MADNESS DISTILLING, LLC | Case No. 21-11750 MDC |
| Debtor. | |

**DEBTOR'S RESPONSE TO MOTION OF THE UNITED STATES TRUSTEE PURSUANT TO 11 U.S.C. §1112(b) TO DISMISS CASE OR CONVERT TO CHAPTER 7**

Midnight Madness Distilling, LLC (the "Debtor"), by and through its undersigned counsel, hereby responds to the Motion of the United States Trustee Pursuant to 11 U.S.C. §1112 to Dismiss Case or to Convert to Chapter 7 as follows:

1. Denied. The allegations contained in paragraph 1 are legal conclusions.

2. Denied. The allegations contained in paragraph 2 are legal conclusions.

3. Denied. The allegations contained in paragraph 3 are legal conclusions.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted. See Docket No. 4.

8. Admitted.

9. Admitted.

10. Admitted in part; denied in part. The Debtor admits that the successful bid was placed by Millstone Spirits Group, LLC ("Millstone"). The Debtor denies that characterization of the successful bid, which is more specifically set forth in the Asset Purchase Agreement

8498237 v1

between the Debtor and Millstone.

11.    Denied. The Debtor specifically denies that the sale to Millstone will not generate sufficient funds to pay unsecured creditors or administrative expenses.

12.    Admitted, except that the hearing on the sale is presently scheduled for September 15, 2021.

13.    Denied. The Debtor specifically denies that such causes of action either exist or have merit.

14.    Denied. The Debtor specifically denies that such causes of action either exist or have merit.

15.    Denied as stated. While the Debtor was delinquent in its first two Monthly Operating Report - covering the 9 day period from the Petition Date through June 30, and the month of July – the June MOR was filed on August 30th, and the July MOR was filed on September 15th. Therefore, as of the date hereof, the Debtor is current on its Monthly Operating Reports. Moreover, it is anticipated that the August MOR will be filed timely.

16.    Admitted in part, denied in part. The Debtor admits that it failed to timely file its Notice of Officers Compensation. Nevertheless, the Debtor denies that it failed to notice the compensation contemplated to be made to the Debtor's officers. This information was disclosed in the Debtor's Motion for Approval of Pre-Petition Wages and Benefits. See Docket No. 12.

17.    Denied.

18.    Denied. The Debtor denies that cause exists to convert or dismiss this case. Furthermore, the Debtor has made payment of its quarterly fee obligations required by 28 U.S.C. § 1930(a)(6) through the second quarter of 2021.

19. Admitted.

20.-22. Denied as legal conclusions.

23. Denied as stated. The Motion was filed on August 25, 2021, only approximately one month after the first MOR (for the 9-day period in June) was due to be filed. While the Debtor recognizes that are critical in chapter 11 cases, the delay in filing the first two MORs by the Debtor should not implicate dismissal or conversion of this case.

24. Denied. It is specifically denied that the delay in filing operating reports for the first 40 days of this case would constitute cause for dismissal or conversion of this case.

25. Denied.

26. Admitted.

27. Denied as a legal conclusion.

28. Denied. The Debtor has filed its June MOR and has paid the fee based on disbursements made for that period.

29. Denied. Based upon the payment of the fee by the Debtor, there is no cause for conversion or dismissal.

30. Denied as a legal conclusion.

31. Denied. The Debtor specifically denies that the sale will leave the Debtor without means to propose a confirmable plan.

32.-34. Denied as legal conclusions. By way of further response, the Debtor asserts that dismissal or conversion of this case is not an appropriate remedy.

WHEREFORE, the Debtor respectfully requests that this Court deny the Trustee's

8498237 v1

Motion, and grant such other and further relief as this Court deems just and proper.

Date: September 15, 2021                    FLASTER/GREENBERG, P.C.

                               By: _____

                               Harry J. Giacometti, Esquire
                               William J. Burnett, Esquire
                               1835 Market Street, Suite 1050
                               Philadelphia, PA 19103
                               Tel:  (215) 587-5680
                               Email:  harry.giacometti@flastergreenberg.com
                               *Attorneys for Debtor*