IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 7 |
| MIDNIGHT MADNESS DISTILLING, INC. | Case No. 21-11750 (MDC) |
| Debtor. | |

**APPLICATION OF BONNIE B. FINKEL, CHAPTER 7 TRUSTEE OF THE ESTATE OF MIDNIGHT MADNESS DISTILLING, INC. FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF COZEN O'CONNOR AS ATTORNEYS**

Bonnie B. Finkel, the duly appointed chapter 7 trustee (the "Trustee") for the bankruptcy estate of the Debtor, Midnight Madness Distilling, Inc. (the "Debtor" or "Estate"), hereby applies to this Court for authority to employ the law firm of Cozen O'Connor ("Cozen O'Connor") as counsel to the Trustee, effective October 15, 2021 (the "Application") pursuant to sections 327 and 328 of Title 11 of the United States Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and in support thereof avers as follows:

**Jurisdiction**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), because it is a matter concerning the administration of the Estate.

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

3. The statutory predicates for the relief sought herein are section 327(a) of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2014.

1

## Applicable Authority

4. Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

   Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

5. Section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

   (a) The trustee…with the court's approval, may employ or authorize the employment of a professional person under section 327…of this title…on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

Fed. R. Bankr.P.2014(a). 7.

6. Accordingly, this Court is authorized to grant the relief requested in this Application.

## Background

7. On June 21, 2021 (the "Petition Date"), the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") for relief under Chapter 11 of Title 11 of the Bankruptcy Code.

8. On October 13, 2021, the Bankruptcy Court entered an order converting the Debtor's bankruptcy case (the "Bankruptcy Case") from a case under Chapter 11 to a case under Chapter 7 of the Bankruptcy Code and the Office of the United States Trustee appointed Bonnie B. Finkel to serve as the Trustee on October 14, 2021.

\54898428\2 00604.3853.000/532457.000

**Employment of Counsel**

9. The Trustee desires to retain Cozen O'Connor as the Trustee's general bankruptcy counsel.

10. Cozen O'Connor is a nationally recognized, full-service firm with bankruptcy and litigation capabilities. Moreover, Cozen O'Connor is well-qualified to represent the Trustee, as Cozen O'Connor's bankruptcy, restructuring and insolvency department has considerable experience in similar matters.

11. The Trustee believes that the employment of Cozen O'Connor in the Bankruptcy Case is in the best interest of the Estate and creditors. The Trustee believes, subject to the Declaration of John T. Carroll, III a Shareholder of Cozen O'Connor, which is attached hereto, that the firm is disinterested as defined in Section 101(14) of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtor and the Debtor's Estate, and is well-qualified to perform any and all legal services required by the Trustee on behalf of the Estate.

12. The Trustee anticipates that John T. Carroll, III of Cozen O'Connor will be principally responsible for the representation of the Trustee in the Bankruptcy Case, and that his firm will, upon application to this Court, seek payment based upon its regular rates for services rendered in these matters.

13. The services rendered will likely consist of, among other services:

   a. To advise and consult with the Trustee concerning questions arising in the conduct of the administration of the Estate and concerning the Trustee's rights and remedies with regard to the Estate's assets and the claims of secured, preferred and unsecured creditors and other parties in interest;

\54898428\2 00604.3853.000/532457.000

b. To appear for, prosecute, defend and represent the Trustee's interest in motions, contested matters, adversary actions, suits, and other proceedings arising in or related to the Bankruptcy Case;

c. To investigate and prosecute certain actions, if any, arising under the Trustee's avoiding powers; and,

d. To assist in the preparation of such pleadings, agendas, motions, notices and orders as are needed for the orderly administration of the Estate.

e. To assist the Trustee in continuing to perform obligations required of administrator (as defined in Section 3 of the Employee Retirement Income Security Act of 1974) of any employee benefit plans of the Debtor to the extent necessary under 11 U.S.C. § 704(a)(11) or otherwise.

14. The Trustee has determined that the above described legal services of Cozen O'Connor are needed to represent and assist the Trustee as provided for in 11 U.S.C. Section 327 in carrying out the Trustee's duties under 11 U.S.C. Section 704 and that the anticipated cost of such services are warranted and shall be beneficial to the administration of the Estate. In connection with the conversion of the Bankruptcy Case from Chapter 11 to Chapter 7 and the conduct of the Section 363 sale during the Chapter 11 there have been carve-outs created which will be available to pay the costs associated with the legal services of Cozen O'Connor. In addition, the Trustee anticipates recoveries from potential adversary actions as well as from preference recoveries and it is the Trustee's goal to cover administrative costs and make a meaningful distribution to unsecured creditors.

15. The Trustee is informed that the normal hourly billing rates as of the date of this filing of Cozen O'Connor's attorneys and paralegals who will be working on these matters at the time of this Application are as follows:

\54898428\2 00604.3853.000/532457.000

| | | |
|---|---|---|
| a. | Shareholders: | $840.00 |
| b. | Members: | $650.00 - $665.00 |
| c. | Associates: | $435.00 |
| d. | Paralegals: | $305.00 |

16. Upon her retention, the Trustee directed Cozen O'Connor to commence work on certain issues requiring immediate attention to prevent deterioration in the value of the Estate's property and assist the Trustee in carrying out the Trustee's duties under 11 U.S.C. Section 704, including but not limited to (a) review (i) Bankruptcy Schedules, (ii) Statement of Financial Affairs, (iii) Sale Approval Order and related Asset Purchase Agreement, and (iv) Conversion Order; (b) conferences with Debtor's counsel regarding the current status of the Debtor's estate and property; and (c) conferences with Trustee concerning open issues and measure to be taken regarding the foregoing to enable to the administration of the Estate.

17. In view of the above the Trustee respectfully requests that this Court authorize the retention of Cozen O'Connor nunc pro tunc as of October 15, 2021 pursuant to the terms set out herein.

## Notice

18. Notice of this Application has been provided to (i) the United States Trustee, (ii) counsel to the Debtor and (iii) the Clerk's Service List. The Trustee respectfully submits that no further notice of this Application is necessary.

19. No previous application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Trustee, Bonnie B. Finkel , respectfully requests that this Court enter the proposed Order filed with the Application approving the retention of Cozen O'Connor nunc

\54898428\2 00604.3853.000/532457.000

pro tunc as of October 15, 2021 and grant the Trustee such other and further relief as is just and proper.

|  |  |
|---|---|
| Dated: October 29, 2021 | By: */s/ Bonnie B. Finkel*<br>Bonnie B. Finkel, Trustee for the Bankruptcy Estate of Midnight Madness Distilling, Inc. |