11/5/2021

**Finland Leasing Company**
**PO Box 116**
**Quakertown, PA 18951**


**Telephone 215.536.3089**
Email: gary@parzychconstruction.com

Clerk
United States Bankruptcy Court
For the Eastern District of Pennsylvania
The Robert N.C. Nix, Sr. Federal Courthouse
900 Market Street
Suite 400
Philadelphia, PA 19106

NOV - 8 2021

In Reference to:
MIDNIGHT MADNESS DISTILLING, INC – Debtor
Chapter 7
Case No. 21-11750 (MDC)


To Whom it May Concern,

We are filing an objection to the Bankruptcy Court. Finland
Leasing has been omitted from Exhibit A Conflict Search
Parties and Schedule F Parties. Finland Leasing was previously
on the Service List and Exhibit B Schedule 1.01 VI Warehouse
lease and have since been removed. Please reinstate Finland
Leasing for the ongoing proceedings.


Sincerely,

*President*
Gary Parzych
Finland Leasing Company

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 7 |
| MIDNIGHT MADNESS DISTILLING, INC. | Case No. 21-11750 (MDC) |
| Debtor. | |

### APPLICATION OF BONNIE B. FINKEL, CHAPTER 7 TRUSTEE OF THE ESTATE OF MIDNIGHT MADNESS DISTILLING, INC. FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF COZEN O'CONNOR AS ATTORNEYS

Bonnie B. Finkel, the duly appointed chapter 7 trustee (the "Trustee") for the bankruptcy estate of the Debtor, Midnight Madness Distilling, Inc. (the "Debtor" or "Estate"), hereby applies to this Court for authority to employ the law firm of Cozen O'Connor ("Cozen O'Connor") as counsel to the Trustee, effective October 15, 2021 (the "Application") pursuant to sections 327 and 328 of Title 11 of the United States Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and in support thereof avers as follows:

#### Jurisdiction

1.     The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), because it is a matter concerning the administration of the Estate.

2.     Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

3.     The statutory predicates for the relief sought herein are section 327(a) of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2014.

## Applicable Authority

4.      Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

5.      Section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> (a) The trustee...with the court's approval, may employ or authorize the
> ~~employment of a professional person under section 327...of this title...on any~~
> reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

Fed. R. Bankr.P.2014(a). 7.

6.      Accordingly, this Court is authorized to grant the relief requested in this Application.

## Background

7.      On June 21, 2021 (the "Petition Date"), the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") for relief under Chapter 11 of Title 11 of the Bankruptcy Code.

8.      On October 13, 2021, the Bankruptcy Court entered an order converting the Debtor's bankruptcy case (the "Bankruptcy Case") from a case under Chapter 11 to a case under Chapter 7 of the Bankruptcy Code and the Office of the United States Trustee appointed Bonnie B. Finkel to serve as the Trustee on October 14, 2021.

\54898428\2 00604.3853.000/532457.000

## Employment of Counsel

9.      The Trustee desires to retain Cozen O'Connor as the Trustee's general bankruptcy counsel.

10.     Cozen O'Connor is a nationally recognized, full-service firm with bankruptcy and litigation capabilities. Moreover, Cozen O'Connor is well-qualified to represent the Trustee, as Cozen O'Connor's bankruptcy, restructuring and insolvency department has considerable experience in similar matters.

11.     The Trustee believes that the employment of Cozen O'Connor in the Bankruptcy Case is in the best interest of the Estate and creditors. The Trustee believes, subject to the Declaration of John T. Carroll, III a Shareholder of Cozen O'Connor, which is attached hereto, that the firm is disinterested as defined in Section 101(14) of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtor and the Debtor's Estate, and is well-qualified to perform any and all legal services required by the Trustee on behalf of the Estate.

12.     The Trustee anticipates that John T. Carroll, III of Cozen O'Connor will be principally responsible for the representation of the Trustee in the Bankruptcy Case, and that his firm will, upon application to this Court, seek payment based upon its regular rates for services rendered in these matters.

13.     The services rendered will likely consist of, among other services:

a.      To advise and consult with the Trustee concerning questions arising in the conduct of the administration of the Estate and concerning the Trustee's rights and remedies with regard to the Estate's assets and the claims of secured, preferred and unsecured creditors and other parties in interest;

3

b.      To appear for, prosecute, defend and represent the Trustee's interest in motions, contested matters, adversary actions, suits, and other proceedings arising in or related to the Bankruptcy Case;

c.      To investigate and prosecute certain actions, if any, arising under the Trustee's avoiding powers; and,

d.      To assist in the preparation of such pleadings, agendas, motions, notices and orders as are needed for the orderly administration of the Estate.

~~e.      To assist the Trustee in continuing to perform obligations required of~~ administrator (as defined in Section 3 of the Employee Retirement Income Security Act of 1974) of any employee benefit plans of the Debtor to the extent necessary under 11 U.S.C. § 704(a)(11) or otherwise.

14.     The Trustee has determined that the above described legal services of Cozen O'Connor are needed to represent and assist the Trustee as provided for in 11 U.S.C. Section 327 in carrying out the Trustee's duties under 11 U.S.C. Section 704 and that the anticipated cost of such services are warranted and shall be beneficial to the administration of the Estate.   In connection with the conversion of the Bankruptcy Case from Chapter 11 to Chapter 7 and the conduct of the Section 363 sale during the Chapter 11 there have been carve-outs created which will be available to pay the costs associated with the legal services of Cozen O'Connor.   In addition, the Trustee anticipates recoveries from potential adversary actions as well as from preference recoveries and it is the Trustee's goal to cover administrative costs and make a meaningful distribution to unsecured creditors.

15.     The Trustee is informed that the normal hourly billing rates as of the date of this filing of Cozen O'Connor's attorneys and paralegals who will be working on these matters at the time of this Application are as follows:

4

| a. | Shareholders: | $840.00 |
| b. | Members: | $650.00 - $665.00 |
| c. | Associates: | $435.00 |
| d. | Paralegals: | $305.00 |

16.    Upon her retention, the Trustee directed Cozen O'Connor to commence work on certain issues requiring immediate attention to prevent deterioration in the value of the Estate's property and assist the Trustee in carrying out the Trustee's duties under 11 U.S.C. Section 704, including but not limited to (a) review (i) Bankruptcy Schedules, (ii) Statement of Financial Affairs, (iii) Sale Approval Order and related Asset Purchase Agreement, and (iv) Conversion Order; (b) conferences with Debtor's counsel regarding the current status of the Debtor's estate and property; and (c) conferences with Trustee concerning open issues and measure to be taken regarding the foregoing to enable to the administration of the Estate.

17.    In view of the above the Trustee respectfully requests that this Court authorize the retention of Cozen O'Connor nunc pro tunc as of October 15, 2021 pursuant to the terms set out herein.

## Notice

18.    Notice of this Application has been provided to (i) the United States Trustee, (ii) counsel to the Debtor and (iii) the Clerk's Service List. The Trustee respectfully submits that no further notice of this Application is necessary.

19.    No previous application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Trustee, Bonnie B. Finkel , respectfully requests that this Court enter the proposed Order filed with the Application approving the retention of Cozen O'Connor nunc

5

\54898428\2 00604.3853.000/532457.000

pro tunc as of October 15, 2021 and grant the Trustee such other and further relief as is just and proper.

Dated:  October 29, 2021                  By:   _/s/ Bonnie B. Finkel_
                                                Bonnie B. Finkel, Trustee for the
                                                Bankruptcy Estate of Midnight Madness
                                                Distilling, Inc.

\54898428\2 00604.3853.000/532457.000

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Chapter 7 |
| MIDNIGHT MADNESS DISTILLING, INC. | Case No. 21-11750 (MDC) |
| Debtor. | |

**ORDER GRANTING APPLICATION OF BONNIE B. FINKEL, CHAPTER 7 TRUSTEE
OF THE ESTATE OF MIDNIGHT MADNESS DISTILLING, INC.
FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
COZEN O'CONNOR AS ATTORNEYS**

Upon consideration of the Application of Bonnie B. Finkel, Chapter 7 Trustee (the "Trustee"),[1] to Employ Cozen O'Connor ("Cozen O'Connor") as Counsel to the Trustee Nunc Pro Tunc as of October 15, 2021 (the "Application") for the Estate of Midnight Madness Distilling, Inc., the above-captioned Debtor (the "Debtor" or "Estate"), and pursuant to the Declaration of John T. Carroll, III (the "Declaration") in support of the Application; and the Court being satisfied that (i) Cozen O'Connor is disinterested as that term is defined in Section 101(14) of the Bankruptcy Code and does not hold or represent any interest adverse to the Estate, (ii) that retention of Cozen O'Connor as general bankruptcy counsel for Trustee is necessary and in the best interest of the Estate; (iii) appropriate notice of the Application has been given; and (iv) sufficient cause appears therefore,

IT IS ORDERED THAT:

1.     The Application is approved, as set forth herein.

---

[1] Capitalized terms shall have the same meaning ascribed to them in the Application.

\54898428\2 00604.3853.000/532457.000

2.    Pursuant to Section 327(a) of the Bankruptcy Code, the Trustee is hereby authorized to employ and retain Cozen O'Connor as counsel to the Trustee, nunc pro tunc as of October 15, 2021.

3.    Cozen O'Connor shall file applications and be compensated and reimbursed for expenses in accordance with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of this Court.

Dated:

_____
HONORABLE MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Chapter 7 |
| MIDNIGHT MADNESS DISTILLING, INC. | Case No. 21-11750 (MDC) |
| Debtor. | |

**DECLARATION OF JOHN T. CARROLL, III IN SUPPORT OF APPLICATION OF
BONNIE B. FINKEL, CHAPTER 7 TRUSTEE OF THE ESTATE OF MIDNIGHT
MADNESS DISTILLING, INC. FOR AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF COZEN O'CONNOR AS ATTORNEYS**

John T. Carroll, III, hereby declares as follows:

### Introduction

1.     I am a Shareholder of the firm of Cozen O'Connor ("Cozen O'Connor")[1], which maintains an office for the practice of law at 1201 North Market Street, Suite 1001, Wilmington, Delaware 19801 and its principal office at One Liberty Place, 1650 Market Street, Suite 2800, Philadelphia, PA 19103. Cozen O'Connor is an international law firm, whose attorneys are recognized for their expertise and experience in insurance, corporate, real Estate, securities, intellectual property, bankruptcy, tax and complex litigation.

2.     I am an attorney admitted, practicing and in good standing in the Commonwealth of Pennsylvania, the State of Delaware and the State of New Jersey. I am admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the Middle District of Pennsylvania, the United States District Court for the

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Application.

\54898428\2 00604.3853.000/532457.000

District of Delaware, the United States District Court for the District of New Jersey and the United States Supreme Court.

3.      I submit this Declaration in support of the application of the Chapter 7 Trustee, Bonnie B. Finkel (the "Trustee") for an Order authorizing the employment and retention of Cozen O'Connor ("Cozen O'Connor") as counsel to Trustee for the above captioned Estate (the "Debtor" or "Estate"), (the "Bankruptcy Case"), in compliance with §§ 327(a), 328, 329 and 504 of Title 11 of the United States Code (the "Bankruptcy Code") and to provide the disclosures required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.      Unless otherwise stated herein, I have personal knowledge of the facts set forth in this Declaration.

5.      The Trustee requested Cozen O'Connor to become her counsel in the Bankruptcy Case including assuming responsibility for legal services and the preparation and filing of all future pleadings and documents related to the Bankruptcy Case. Cozen O'Connor has extensive expertise and knowledge in the field of Debtors' and creditors' rights and business reorganization under the Bankruptcy Code. In preparing to represent the Trustee in the Bankruptcy Case, Cozen O'Connor has become familiar with the business and financial affairs of the Debtor and many of the potential legal issues that have arisen or may arise in the context of the Bankruptcy Case. Cozen O'Connor is both well qualified and able to represent the Trustee in the Bankruptcy Case in an efficient and timely manner.

6.      Except as set forth in this Declaration, I have not, nor has any member, associate or counsel of Cozen O'Connor, insofar as I have been able to ascertain, represented the Debtor,

2

\5489842\2 00604.3853.000/532457.000

Debtor's creditors, equity security holders or any other party in interest in connection with the Bankruptcy Case.

### The Firm Procedures

7.     To prepare this Declaration, I obtained as included in the Chapter 11 Bankruptcy Petition and related documents filed prior to conversion including the names of (a) the Debtor, (b) the former and current directors and officers (c) the equity security holders of the Debtor, if any (d) the unsecured creditors and (e) known secured creditors of the Debtor ("Conflict Search Parties"). I have submitted the aforesaid Conflict Search Parties which appear on the listing attached hereto as Exhibit "A" for review in Cozen O'Connor's conflicts system. Cozen O'Connor's conflicts system has generated a report regarding the names submitted (the "Conflicts Report").

8.     Cozen O'Connor maintains and systematically updates its conflict check system in the regular course of business of the firm, and it is the regular practice of Cozen O'Connor to make and maintain these records. Cozen O'Connor's conflict system is designed to include (i) every matter on which Cozen O'Connor now or has been engaged; (ii) the entity engaging Cozen O'Connor; (iii) the identity of related parties and their relationship to the matter; and (iv) the attorney at Cozen O'Connor who is responsible for the matter. It is Cozen O'Connor's policy that no new matter be accepted or opened within the firm without completing and submitting to the firm's case management staff the information necessary to check such matter for conflicts. Although the conflicts system is regularly updated for every new matter undertaken by Cozen O'Connor, the accuracy of the conflict system and the scope of its coverage is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

3

## Cozen O'Connor's Connections with Parties In Interest

9.      To the best of my knowledge after diligent inquiry, except as set forth in this Declaration, Cozen O'Connor has no material "connections," as such term is used in FRBP 2014(a) with the Debtor, Debtor's creditors, employees, other professionals, the United States Trustee, or any other party in interest, all to the extent ascertainable from the information obtained from the Debtor's Bankruptcy Petition and related documents.

10.      <u>Debtor</u>.  Cozen O'Connor's conflicts search of the Debtor identified on the Conflict ~~Search Parties (Exhibit A) has been completed and does not reveal a conflict.~~

11.      <u>Directors, Officers and Equity Security Holders</u>.  Cozen O'Connor's conflicts search of the Current Officers/Directors as of the petition date and the Former Officers/Directors and equity security holders, if any, identified on the Conflict Search Parties list (Exhibit A) has been completed and does not reveal a conflict.

12.      <u>Secured Lenders</u>.  Cozen O'Connor's conflicts search of the known secured creditors, if any, identified on the Conflict Search Parties list (Exhibit A) reveals no conflicts provided; however, Cozen O'Connor in matters unrelated to the Debtor does represent PNC Financial Services Group, Inc. which is an affiliate of listed secured creditors, PNC Bank N.A. and PNC Equipment Finance.  Based on a review of the claims docket, it appears that the claims of PNC Bank N.A. and PNC Equipment Finance have been transferred with the only remaining held claim being a forgivable PPP Loan subject to an SBA guaranty.

13.      <u>Unsecured Creditors</u>.  Cozen O'Connor's conflicts search of the unsecured creditors identified on the Conflict Search Parties list (Exhibit A), subject to the special classification described below of "Insurance Coverage Matters" and "Subrogation Matters", reveals no conflicts except for representation of those unsecured creditors, if any, identified on

4

\54898428\2 00604.3853.000/532457.000

Exhibit "B" hereto in matters unrelated to the Bankruptcy Case.   Cozen O'Connor will not represent the parties identified on Exhibit "B" hereto in connection with any matters related to the Estate of the Debtor.

14.     Cozen O'Connor is an international law firm with more than 775 attorneys practicing in 30 cities in the United States and one office in London, England, one office in Toronto, Ontario, one office in Montreal, QC and one office in Vancouver, British Columbia. In addition to insolvency and corporate counsel, Cozen O'Connor provides legal counsel in many practice areas such as tax, healthcare, public finance, real Estate, employment, commercial, intellectual property and insurance litigation. Cozen O'Connor's largest practice group is devoted to insurance litigation, primarily coverage litigation, commercial subrogation and casualty defense.

## Insurance Coverage Matters

15.     From time to time Cozen O'Connor is engaged by insurance companies to defend their insureds (the "Insured") against claims. In such instances, Cozen O'Connor's fees are paid by the insurance company and not the Insured. Cozen O'Connor does not consider itself to be the Insured's counsel, except nominally, in that there is no fee being paid by the Insured (the "Coverage Client") to Cozen O'Connor. Cozen O'Connor has attached as Exhibit "C" a schedule of creditors of the Debtor which have pending insurance coverage matters, if any, for which Cozen O'Connor has been named by the insurance company as counsel for the Insured. The representation by Cozen O'Connor of these Coverage Clients is in matters which are unrelated to the Debtor.

### Subrogation Matters

16.    From time to time Cozen O'Connor is engaged by insurance companies to represent them in seeking recovery of sums paid to their Insureds in settlement of claims when the insurance company believes that a party other than the Insured may have been responsible for the loss.  In such instances, the insurance company exercises its right to pursue a claim in the name of the Insured.    Cozen O'Connor has attached as Exhibit "D" a schedule of the creditors of the Debtor which are insurance company clients of Cozen O'Connor in actions unrelated to the Debtor for the ~~benefit of the insurance company which has satisfied its obligation to the identified  Insured.~~

17.    As a large international law firm, Cozen O'Connor maintains a large and diversified legal practice that encompasses the representation of many financial institutions, private and public commercial corporations and other business entities and individuals, some of which are or may consider themselves to be creditors or parties in interest in the Bankruptcy Case or otherwise. Cozen O'Connor will not represent any of such entities or individuals in connection with the Bankruptcy Case.

18.    In addition, I have ascertained that there is no material connection between Cozen O'Connor and United States Trustee, Assistant United States Trustee for the Eastern District of Pennsylvania, any person employed with the Office of the United States Trustee for the Eastern District of Pennsylvania, or any Judges of the Eastern District of Pennsylvania Bankruptcy Court with the exception of a current employee of Cozen O'Connor, Ira Bodenstein, having previously served as United States Trustee for Region 11 and for a one year period as the acting United States Trustee for  Region 9 and in such capacity supervised Andrew Vara (Acting United States Trustee for Region 3) who was a trial attorney at the time.

\54898428\2 00604.3853.000/532457.000

19.    Cozen O'Connor shall supplement or amend this Declaration in the event additional disclosure is required with respect to any of the parties in interest identified in this Declaration or other parties in interest that become known to Cozen O'Connor in the course of the Bankruptcy Case.

**Cozen O'Connor is Disinterested**

20.    Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither I, Cozen O'Connor or any member, counsel or associate thereof, insofar as I have been able to ascertain has any connection with the Debtor, its unsecured creditors or any other parties in interest, or the United States Trustee or any person employed in the Office of the United States Trustee, except as disclosed or as otherwise described herein.

21.    Based on the conflicts search described herein, Cozen O'Connor does not hold or represent any interest adverse to the Estate except as otherwise described herein.

22.    Based on the conflict search described herein, Cozen O'Connor is a "disinterested person" as that term is defined in § 101(14) of Title 11 of the Bankruptcy Code, in that Cozen O'Connor, its members, counsel and associates:

a.    are not creditors, equity security holders or insiders of the Debtor;

b.    are not and were not, within two years before the date of commencement of the Bankruptcy Case, a director, officer, or employee of the Debtor; and

c.    do not have any interest materially adverse to the interest of the Estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

7

\54898428\2 00604.3853.000/532457.000

## CO's Rates and Billing Practices

23.     Cozen O'Connor intends to apply for compensation for professional services rendered in connection with the Bankruptcy Case subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the local rules and orders of this Court.  Such applications will seek compensation on an hourly basis, plus reimbursement of actual, necessary expenses and other charges that Cozen O'Connor incurs during the Bankruptcy Case.  The principal attorneys and paralegals designated to represent the ~~Trustee in the Bankruptcy Case, and their standard hourly rates as of this filing are as follows:~~

| | |
|---|---|
| John T. Carroll, III, Shareholder | $840.00 per hour |
| Eric L. Scherling, Member | $650.00 per hour |
| Christina Sanfelippo, Associate | $435.00 per hour |
| Marla Benedek, Associate | $435.00 per hour |
| Jill L. Deeney, Paralegal | $305.00 per hour |

The hourly rates set forth above are subject to periodic adjustment to reflect economic and other conditions.  Customarily, such rates are adjusted effective January 1 of each year.  Other attorneys and paralegals may from time to time serve the Trustee in connection with the matters described in this Declaration.

24.     The hourly rates set forth above are Cozen O'Connor's standard hourly rates for insolvency work of this nature.  These rates are set at a level to compensate Cozen O'Connor fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is Cozen O'Connor's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  These expenses include, among other things, long distance telephone charges, facsimile charges, certain mail charges, express mail charges, special or hand delivery charges, photocopying charges, computerized research, travel expenses, and expenses for "working meals," as well as extra-ordinary overhead expenses such as secretarial

\54898428\2 00604.3853.000/532457.000

overtime. Cozen O'Connor will charge the Trustee for these expenses in a manner and at rates
consistent with the charges made to Cozen O'Connor's clients, generally.

25.     Cozen O'Connor has not entered into any agreement or writing with third parties
respecting the division of fees to be received in the Bankruptcy Case or other agreement prohibited
by 18 U.S.C. § 155.

## Conclusion

26.     This Declaration constitutes the statement of Cozen O'Connor pursuant to §§ 327,
328(a), 329, and 504 of the Bankruptcy Code, and Fed. R. Bankr. P. 2014(a) and 2016(b).

Dated:  October 29, 2021                          COZEN O'CONNOR

By:     */s/ John T. Carroll, III*
        John T. Carroll, III (PA 34243)
        One Liberty Place
        1650 Market Street
        Suite 2800
        Philadelphia, PA  19103
        (302) 295-2028 Telephone
        (215) 701-2140 Facsimile
        Email:  jcarroll@cozen.com

        *Proposed Counsel to*
        *Bonnie B. Finkel, Trustee for the*
        *Bankruptcy Estate of Midnight Madness*
        *Distilling, Inc.*

## EXHIBIT "A" - CONFLICT SEARCH PARTIES

### Client:

Bonnie B. Finkel, Trustee

### Debtor:

Midnight Madness Distilling, Inc.
f/k/a Theobald and Oppenheimer, LLC
d/b/a Faber Distilling

### Officers/Directors:

Casey Parzych
Angus Rittenburg
Anthony Lorubbio

### Schedule D Parties:

Ally Bank
First Western Bank & Trust
Francis E. Stubbs
Honda Finance
Isuzu Finance of America
PACCAR Financial
PNC Bank NA
PNC Equipment Finance
Toyota Industries Commercial Finance

### Schedule E Parties:

U.S. Department of the Treasury
Internal Revenue Service
Keystone Collections
Pennsylvania Department of Revenue

### Schedule F Parties:

ACCU Staffing SVCS
Aftek, Inc.
Agtech VI, LLC
Albatrans, Inc.
American Express
American Supply Company

\54898428\2 00604.3853.000/532457.000

Bancshares Realty, LLC
BDS Souderton
Bergey's Commercial Tire Centers
Berkley Insurance Co.
Berlin Packaging, LLC
Betsy Moyer Taxes
Blank Rome LLP
Bouder Mechanical Services, Inc.
Capital One
Catskill Marketing, LLC
Classic Staffing Services, Inc.
D.J. Whelan & Co.
Devault Refrigeration
Dutch Valley Food Dist
ETOH Worldwide LLC
Express Employment Professionals
Foodarom
Good Plumbing, Heating, Air Conditioning, Inc.
Grain Processing Corp.
Greenwood Associates, Inc.
Hoover Materials Handling Group
Iron Heart Canning Company, LLC
KorPack
Labelworx
Landis Pallet & Box Co Inc.
Lane IP Limited
McCallion Staffing Specialists
McMaster-Carr
Merican Mule LLC
Mike Boyer
Morrison Container
Nationwide Insurance
Norris McLaughlin
North Industrial Chemicals
NYCO Corporation
O-1 Packaging Solutions, LLC
OK Kosher Certification
Ore Rentals
Penny Power
Polebridge
Roberts Oxygen Company
Ronald Frank
Soiree Partners
Sunteck
Technical Beverage Services
The Cincinnati Insurance Company

\54898428\2 00604.3853.000/532457.000

Trout Brothers
Uline Ship Supply
UPS
Utica National Insurance
Vanguard/Ascensus

**Equity Security Holders:**

Andrew Schlosser
Angus Rittenburg
Anthony Lorubbio
Bruce Howell
Carl Lorubbio
Casey Parzych
~~Daniel Heckmann~~
Daniel Owen Parker
David Schwartz
Dianne Howell
Doug Heckmann
Gina Super
Joe Silvaggio
John Greer
Joyce Heckmann
Julie Heckmann
Kenneth Justin Brown
Robert F. Culbertson
Roberta Richards
Shawn Brown
Stephen Browning
Stephen Heckmann
Steve Super
Tom Frost
Tom Penrose
Tracy Penrose
Vince Silvaggio

**Office of the United States Trustee**
**Region 3 – Philadelphia  - Staff Directory**

| | |
|---|---|
| Andrew R. Vara | Acting United States Trustee |
| Frederic J. Baker | Assistant U.S. Trustee |
| Dave P. Adams | Trial Attorney |
| Maria Nicole Borgesi | Paralegal Specialist |
| Kevin P. Callahan | Trial Attorney |
| Kevin Cartwright | Trial Attorney |
| Joanne E. Clausen | Secretary |
| George M. Conway | Trial Attorney |
| Lisa L. Costa | Legal Assistant (Bankruptcy/OA) |
| Dianne P. Dugan | Administrative Officer |
| Sandra J. Forbes | Bankruptcy Analyst |
| James B. Lambe | Paralegal Specialist |
| Nancy Miller | Legal Assistant (Bankruptcy/OA) |
| Deborah Roseboro | Legal Data Technician |
| John Schanne | Trial Attorney |
| Hugh J. Ward | Bankruptcy Analyst |

**Bankruptcy Judges**
**United States Bankruptcy Court**
**Eastern District of Pennsylvania**

Magdeline D. Coleman, Chief Judge
Hon. Eric L. Frank, Judge
Hon. Ashely M. Chan, Judge
Hon. Patricia M. Mayer, Judge

**Clerk of the United States Bankruptcy Court**
**Eastern District of Pennsylvania**

Timothy B. McGrath

EXHIBIT "B"

| | UNSECURED/SECURED CREDITORS AS CLIENTS IN MATTERS UNRELATED TO BANKRUPTCY CASE |
|---|---|

| | |
|---|---|
| 1. | Berkley Insurance Co. |
| 2. | The Cincinnati Insurance Company |
| 3. | UPS |
| 4. | The Vanguard Group, Inc./ Ascensus |
| 5. | Utica National Insurance |
| 6. | America Honda Motor Company, Inc. an affiliate of listed creditor, Honda Finance * |
| 7. | Nationwide Mutual Insurance Company an affiliate of listed creditor Nationwide Insurance * |
| 8. | Norris McLaughlin & Marcus, PA ** |

\* Cozen O'Connor represents in unrelated matters an affiliate of the listed creditor not the creditor.

\*\* Cozen O'Connor's affiliate, Margolis Healey, in an unrelated matter serves as an expert security witness for this creditor on behalf of the creditor's client, Rutgers University.

5

## EXHIBIT "C"

| COVERAGE CLIENTS PENDING INSURANCE COVERAGE MATTERS | |
| --- | --- |

| | CLIENT | RELATION TO DEBTOR |
| --- | --- | --- |
| | None | |

6

**EXHIBIT "D"**

| SUBROGATION MATTERS UNRELATED TO BANKRUPTCY CASE | |
|---|---|

| | CREDITOR/INSURANCE COMPANY CLIENT | INSURED |
|---|---|---|
| | | |
| 1. | Utica National Insurance | United Clothing Supply, LLC |

\54898428\2 00604.3853.000/532457.000

## SERVICE LIST

McCallion Staffing Specialists
601 A Bethlehem Pike
Montgomeryville, PA 18936

NYCO Corporation
1073 S County Line Road #B
Souderton, PA 18964

PennyPower
202 S 3rd Street
Coopersburg, PA 18036

The Cincinnati Insurance Company
334 Jefferson Ct.
Trappe, PA 19426

Sunteck
125 Sunteck Lane
Cresco, PA 18326

Berlin Packaging, LLC
525 West Monroe Street
14th Floor
Chicago, IL 60661-0000

Foodarom
5525 West 1730 South
Suite 202
Salt Lake City, UT 84104-0000

Michael G. Menkowitz, Esq.
Fox Rothschild, LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103

Brian A. Berkley, Esq
Fox Rothschild, LLP
10 Sentry Parkway, Suite 200
P.O. Box 3001
Blue Bell, PA 19422-3001

Jeffrey Kurtzman, Esquire
Kurtzman/Steady, LLC
101 N. Washington Ave., Suite 4A
Margate, NJ 08403

Attn: Ally Bank Department
AIS Portfolio Services, LP
Account:XXXXXXXXX8513
4515 N. Santa Fe Ave., Dept. APS
Oklahoma City, OK 73118

ACCU Staffing SVCS
308 W. Main Street
Lansdale, PA 19446

Catskill Marketing, LLC
10 North Street
Middletown, NY 10940

Greenwood
6280 W. Howard Street
Niles, IL 60714

Labelworx
51 Runway Road
Levittown, PA 19057

O-1 Packaging Solutions, LLC
One Michael Owens Way Plaza 2
Perrysburg, OH 43551

Roberts Oxygen Company
614 Westtown Road #C
West Chester, PA 19382

Uline Ship Supply
700 Uline Way
Allentown, PA 18106

UPS
258 N. West End Blvd.
Quakertown, PA 18951

Dennis A. Dressler
Counsel for Isuzu Finance of America, Inc.
Dressler & Peters, LLC
70 W. Hubbard Street, Ste 200
Chicago, IL 60654

Dennis A. Dressler
Counsel for Tokyo Century (USA), Inc.
Dressler & Peters, LLC
70 W. Hubbard Street, Ste 200
Chicago, IL 60654

Finland Leasing Co. Inc.
P.O. Box 116
Quakertown, PA 18951-0116

Megan N. Harper, Esquire
City of Philadelphia Law Department
Municipal Services Building
1401 JFK Blvd, 5th Floor
Philadelphia, PA 19102-1595

Commonwealth of Pennsylvania
Department of Labor and Industry
Collections Support Unit
651 Boas Street, Room 925
Harrisburg, PA 17121

Carol E. Momjian, Senior Deputy Atty
Commonwealth of Pennsylvania Office at
Attorney General -The Phoenix Building
1600 Arch Street, Suite 300
Philadelphia, PA 19103

PA Department of Revenue
PO BOX 280427.
HARRISBURG PA 17128-0427

Office of the Secretary of State
302 North Office Building,
401 North Street
Harrisburg, PA 17120

## Schedule 1.01

Assigned Contracts Known as of the Effective Date

| Contract Type | Name (and, if available, address) of Contracting Party |
|---|---|
| I.    Equipment Lease | Agtech VI, LLC<br>6115 Estate Smith Bay<br>East End Plaza, Suite 120<br>St Thomas, VI 00802 |
| II.   Xerox and printing services agreement | Altek Business Systems, Inc.<br>300 Emien Way<br>Telford, PA 18969 |
| III.  Packaging Agreement | Church Street Beverage LLC |
| IV.  Mitsubishi Forklift | De Lage Landen Financial Services 1111 Old Eagle School Road<br>Wayne, PA 19087 |
| V.    Equipment Lease | ETOH Worldwide LLC<br>6115 Estate Smith Bay<br>East End Plaza, Suite 120<br>St Thomas, VI 00802 |
| VI.  Warehouse Lease<br>2300 Trumbauersville Rd. Quakertown PA | Finland Leasing<br>2300 Trumbauersville Road<br>Quakertown, PA 18951 |
| VII. Referral and packaging agreement | Iron Heart Canning Company, LLC 7130 Golden Ring Road<br>Essex, MD 21221 |
| VIII.   2018 Isuzu FTR - 54DK6S162.JSG017 44 and other equipment | Isuzu Finance of America<br>2500 Westchester Avenue, Suite 312<br>Purchase, NY 10577-2578 |
| IX.  Leak detection equipment lease | LACO Technologies, Inc.<br>1418 Bloomingdale Road<br>Queenstown, MD 21658 |
| X.    Packaging Agreement | Merican Mule LLC<br>150 The Promenade N<br>Long Beach, CA 90802 |