IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | * | |
| MIDNIGHT MADNESS DISTILLING, LLC, | * | Case No. 21-11750-MDC<br>Chapter 11 |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**LIMITED OBJECTION OF MILLSTONE SPIRITS GROUP, LLC TO
MOTION OF ETOH WORLDWIDE, LLC AND AGTECH VI, LLC FOR
ALLOWANCE OF ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C.
§ 503(b)(1)(A)**

Millstone Spirits Group, LLC ("Millstone"), by and through its undersigned counsel, hereby files this limited objection to the Motion of ETOH Worldwide, LLC and Agtech VI, LLC (the "Movants") for Allowance of Administrative Expenses (the "Motion"). In support of its objection, Millstone respectfully states as follows:

## I.    BACKGROUND

1.    As set forth in the Motion, the Movants assert that in February 2021, the Movants purchased certain canning equipment and leased such equipment to the Debtor. The Equipment Lease Agreement dated June 1, 2021 between ETOH and the Debtor, which is attached as Exhibit A to the Motion, identifies the equipment as a Palmer 12/1 Rotary Canning Line (the "ETOH Leased Equipment"). The Equipment Lease Agreement dated June 1, 2021 between Agtech and the Debtor, which is attached as Exhibit B to the Motion, identifies the equipment as (i) a CCL-45 Craft Counterpressure Canning Line, Serial No. E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; (ii) a CCL-45 Craft Counterpressure Canning Line, Serial No. E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; (iii) a CCL-45 Craft Counterpressure Canning Line, Serial No. E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; (iv) an In-Line Labeler, Serial No. JM-200-1; (v) an In-Line Labeler, Serial No. JM-200-2; and (vi) a DT-6 Touch Velcorin System, Serial No.

1

90683520 (the "Agtech Leased Equipment" and together with the ETOH Leased Equipment, the "Leased Equipment").

2. The invoices for the purchase of pieces of the Leased Equipment appear to reveal two things. First, the Movants and the Debtor's businesses and management have been inextricably entertwined since well before this bankruptcy case was filed; and second, it is unclear whether the Movants are, in fact, the owners of all of the Leased Equipment.

3. Millstone does not dispute that, to the extent this Court determines the Movants are entitled to an administrative claim pursuant to 11 U.S.C. § 503(b)(1)(A), Millstone agreed to assume and pay that claim. Millstone does, however, object to the Movants' entitlement to an administrative claim for the reasons set forth herein, and demands strict proof thereof.

## II. ARGUMENT

4. As set forth in Millstone's objection to ETOH seeking approval of its breakup fee [Doc. No. 195], Millstone submits that the Movants are insiders of the Debtor, that the transactions resulting in the Movants' request for an administrative claim were not arms-length, and that the transactions should be reviewed with heightened scrutiny as a result. In addition to the evidence included in Millstone's breakup fee objection, and as will be investigated further through discovery in this contested matter, Millstone submits that the invoices for many of the parts associated with the Leased Equipment demonstrate the Movants' insider relationship. For example, several of the invoices that appear to be for pieces of the Leased Equipment were billed to "Kelly Festa, Etoh Worldwide." See various invoices, attached hereto as Exhibit 1. Ms. Festa was, at all relevant times, the Debtor's chief operating officer. Other invoices reflect equipment that was billed and shipped to a company called "American Cannabis" located at the Debtor's business address and "ordered by Kelly Festa." See various invoices, attached hereto as Exhibit

2

2. While the Debtor was never in the business of cannabis production, the venture formed by Debtor's members, Casey Parzych and Angus Rittenburg, with the indirect owner of the Movants, Shawn Sheehan, were in that business, through their "Wynk" business. Yet other invoices, such as those for the CCL-45 canning system that was part of the Agtech Leased Equipment, were billed directly to "Theobald & Oppenheimer," the dba used by the Debtor. See various invoices, attached hereto as Exhibit 3. In addition to the question of the Movants' insider relationship with the Debtor, Millstone is concerned as to whether the Movants actually owed the Leased Equipment at all.

5. Finally, Millstone disputes that any expenses the Movants claim were incurred under the leases yielded a benefit to the bankruptcy estate. The Motion includes no support for the claimed expenses other that invoices that state a quantity of canning done in each month, and the rate for that canning. Based on Millstone's knowledge of the canning equipment used, there should be evidence of the number of cans produced, reports submitted by the Debtor to the Alcohol and Tobacco Tax and Trade Bureau and corresponding accounts receivable. The Motion fails to include any documentation that would allow Millstone and the Court to ascertain the accuracy of the invoices and the benefit they conferred on the bankruptcy estate. Furthermore, prior to the September 30, 2021 closing on the sale of the Debtor's assets, Debtor's counsel relayed to Millstone that the canning work "was not profitable for MMD, could cause administrative insolvency and need to be paired back." See September 22, 2021 email, attached hereto as Exhibit 4. It is unclear whether the canning line was actually unprofitable, or whether Casey Parzych just wanted to move the equipment to his new business location. Regardless, Millstone does not concede that the Equipment Leases conferred a value upon the Debtor post-petition, and certainly not to the extent claimed in the Motion.

116939\000001\4866-8746-9568.v1

6. Millstone does not purport to understand the tangled web of interrelationships between the Debtor and the Movants, but suggests that there is ample evidence for the Court to look carefully at the Movants' role in this bankruptcy case, and their entitlement to an administrative claim.

7. Millstone intends to seek discovery in connection with the Motion, and in accordance with the Court's instructions, will attempt to propose a joint scheduling order with the Movants on or before November 30, 2021.

WHEREFORE, Millstone Spirits Group, LLC, respectfully requests that this Court enter an Order:

A. Denying the Motion;

B. Disallowing the administrative claims requested by the Movants;

C. Finding that Millstone has no obligation to pay the Movants for any amounts that are not allowed by order of this Court as an administrative claim; and

D. Granting such other and further relief as this Court deems fair and just.

DATE: November 19, 2021    Respectfully submitted:

/s/ Patricia B. Jefferson
Joel L. Perrell Jr
 PA Bar No. 204803
Patricia B. Jefferson
 Admitted Pro Hac Vice
Miles & Stockbridge P.C.
100 Light Street, 10th Floor
Baltimore, Maryland 21202
Tel: (410) 385-3406
Fax: (410) 698-1354
Email: pjefferson@milesstockbridge.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 19, 2021, a true and correct copy of the foregoing Motion for 2004 Examination was served via this Court's CM ECF system upon:

- WILLIAM J. BURNETT    william.burnett@flastergreenberg.com, william.burnett@ecf.inforuptcy.com;jennifer.vagnozzi@flastergreenberg.com;jeanne.valentino@flastergreenberg.com
- KEVIN P. CALLAHAN    kevin.p.callahan@usdoj.gov
- JULIE A. CALLSEN    julie.callsen@tuckerellis.com, brittany.falkner@tuckerellis.com;thomas.fawkes@tuckerellis.com
- BONNIE B. FINKEL    finkeltrustee@comcast.net, NJ69@ecfcbis.com;Finkeltrustee@comcast.net
- HOWARD GERSHMAN    hg229ecf@gmail.com, 229ecf@glpoc.comcastbiz.net
- HARRY J. GIACOMETTI    harry.giacometti@flastergreenberg.com, harry.giacometti@ecf.inforuptcy.com;jennifer.vagnozzi@flastergreenberg.com;giacometti.flastergreenberg@gmail.com;jeanne.valentino@flastergreenberg.com
- MATTHEW A. HAMERMESH    mhamermesh@hangley.com, ecffilings@hangley.com;kem@hangley.com;mjl@hangley.com
- MEGAN N. HARPER    megan.harper@phila.gov, Edelyne.Jean-Baptiste@Phila.gov
- JEFFREY KURTZMAN    Kurtzman@kurtzmansteady.com
- JENNIFER L. MALESKI    jmaleski@dilworthlaw.com, mdolan@dilworthlaw.com;cchapman-tomlin@dilworthlaw.com
- MICHAEL G. MENKOWITZ    mmenkowitz@frof.com, brian-oneill-fox-5537@ecf.pacerpro.com;jdistanislao@foxrothschild.com
- CAROL E. MOMJIAN    cmomjian@attorneygeneral.gov
- JOEL L. PERRELL    jperrell@MilesStockbridge.com
- EVERETT K. SHEINTOCH    esheintoch@sheintochlaw.com, ssilenzi@sheintochtodd.com
- ANTHONY ST. JOSEPH    anthony.stjoseph@usdoj.gov, mardella.suarez@usdoj.gov,CaseView.ECF@usdoj.gov
- United States Trustee    USTPRegion03.PH.ECF@usdoj.gov

And via first class mail, postage prepaid, upon:

Alcohol & Tobacco Tax & Trade Bureau
Daniel Peralta
Senior Counsel (Field Operations)
1301 Clay Street, Suite 650N
Oakland, CA 94612

Ally Bank, c/o AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

Commonwealth of Pennsylvania
Department of Labor and Industry
Collections Support Unit
651 Boas Street, Room 925
Harrisburg, PA 17121

116939\000001\4866-8746-9568.v1

Uline
12575 Uline Drive
Pleasant Prairie, WI 53158

Wm. F. Comly & Son, Inc.
1825 E. Boston Street
Philadelphia, PA 19125-1296

THEODORE J. ZELLER
Norris McLaughlin
515 West Hamilton Suite 502
Allentown, PA 18101

        */s/ Patricia B. Jefferson*
        Patricia B. Jefferson