IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 7 |
| MIDNIGHT MADNESS DISTILLING, INC. | Case No. 21-11750 (MDC) |
| Debtor. | |

**APPLICATION OF BONNIE B. FINKEL, CHAPTER 7 TRUSTEE OF THE ESTATE OF MIDNIGHT MADNESS DISTILLING, INC. FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MILLER COFFEY TATE LLP AS ACCOUNTANTS**

Bonnie B. Finkel, the duly appointed chapter 7 trustee (the "Trustee") for the bankruptcy estate of the Debtor, Midnight Madness Distilling, Inc. (the "Debtor" or "Estate"), hereby applies to this Court for authority to employ the accounting firm of Miller Coffey Tate LLP ("MCTLLP") as accountants to the Trustee, effective November 18, 2021 (the "Application") pursuant to sections 327 and 328 of Title 11 of the United States Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and in support thereof avers as follows:

**Jurisdiction**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), because it is a matter concerning the administration of the Estate.

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

3. The statutory predicates for the relief sought herein are section 327(a) of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2014.

1

**Applicable Authority**

4. Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

5. Section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> (a) The trustee…with the court's approval, may employ or authorize the employment of a professional person under section 327…of this title…on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

Fed. R. Bankr.P.2014(a). 7.

6. Accordingly, this Court is authorized to grant the relief requested in this Application.

**Background**

7. On June 21, 2021 (the "Petition Date"), the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") for relief under Chapter 11 of Title 11 of the Bankruptcy Code.

8. On October 13, 2021, the Bankruptcy Court entered an order converting the Debtor's bankruptcy case (the "Bankruptcy Case") from a case under Chapter 11 to a case under Chapter 7 of the Bankruptcy Code and the Office of the United States Trustee appointed Bonnie B. Finkel to serve as the Trustee on October 14, 2021.

**Employment of Accountants**

9. The Trustee desires to retain MCTLLP as the Trustee's Accountants.

10. MCTLLP is a nationally recognized, full-service firm with Accounting and bankruptcy consulting capabilities. Moreover, MCTLLP is well-qualified to represent the Trustee, as it has considerable experience in similar matters. The Trustee is informed and believes that MCTLLP have the appropriate accounting skills and personnel needed to perform the services required by this estate.

11. The Trustee believes that the employment of MCTLLP in the Bankruptcy Case is in the best interest of the Estate and creditors. The Trustee believes, subject to the Declaration of Matthew R. Tomlin, CPA a Partner of MCTLLP, which is attached hereto, that the firm is disinterested as defined in Section 101(14) of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtor and the Debtor's Estate, and is well-qualified to perform any and all accounting services required by the Trustee on behalf of the Estate.

12. The Trustee requires the services of an Accounting firm to perform the following services:

   a. Assist the Trustee in identifying financial assets and securing the assets and records of the Estate and provide forensic accounting services if required;

   b. To assist the Trustee in the prosecution or defense of any motions, contested matters, adversary actions, suits, and other proceedings arising in or related to the Bankruptcy Case which involve financial inquiries for the benefit of the estate;

   c. Assist the Trustee with analysis of claims asserted against the Estate;

  d.  Prepare and file necessary tax returns and other required tax filings;

  e.  Attend meetings with the Trustee and Court hearings as required; and provide any other accounting, tax or consulting services as may be requested by the Trustee during the administration of the Bankruptcy Case

13. MCTLLP has agreed to perform these services and thereafter make an application to this Court for Compensation. The Trustee is informed that the normal hourly billing rates of MCTLLP as of the date of this filing are as follows:

| | | |
|---|---|---|
| a. | Partners and Principals | $455.00 - $750.00 per hour |
| b. | Managers | $340.00 - $450.00 per hour |
| c. | Senior Accountants | $255.00 - $335.00 per hour |
| d. | Staff Accountants/paraprofessionals | $100.00 - $250.00 per hour |

These hourly rates are subject to periodic increase in the normal course of MCTLLP business. The particular individuals assigned to this case will from time to time vary based upon the needs of the engagement. All such professionals will bill at MCTLLP regular hourly rates for work of this nature.

14. Upon her retention, the Trustee directed MCTLLP to commence work on certain issues requiring immediate attention to prevent deterioration in the value of the Estate's property and assist the Trustee in carrying out the Trustee's duties under 11 U.S.C. Section 704, including but not limited to (a) review (i) Bankruptcy Schedules, (ii) Statement of Financial Affairs, (iii) Sale Approval Order and related Asset Purchase Agreement, and (iv) Conversion Order; (b) review Tax Returns provided by Debtor along with review of bank statements and Quickbooks software to ascertain debtor's financial status and potential areas for retrieval of monies; and (c) conferences with Trustee concerning open issues and measures to be taken regarding the foregoing to enable the administration of the Estate.

15. The Trustee has determined that the above described services are needed to represent and assist the Trustee as provided for in 11 U.S.C. Sec. 327 in carrying out the Trustee's duties under 11 U.S.C. Section 704 and that the anticipated cost of such services are warranted and necessary and shall be beneficial to the administration of the Estate. In connection with the conversion of the Bankruptcy Case from Chapter 11 to Chapter 7 and the conduct of the Section 363 sale during the Chapter 11, there have been carve-outs created which will be available to pay the costs associated with the necessary accounting services of MCTLLP. In addition, the Trustee anticipates recoveries from potential adversary actions as well as from preference recoveries and it is the Trustee's goal to cover administrative costs and make a meaningful distribution to unsecured creditors.

15. In view of the above the Trustee respectfully requests that this Court authorize the retention of Miller Coffey Tate LLP nunc pro tunc as of November 18, 2021 pursuant to the terms set out herein.

WHEREFORE, the Trustee, Bonnie B. Finkel , respectfully requests that this Court enter the proposed Order filed with the Application approving the retention of Miller Coffey Tate LLP nunc pro tunc as of November 18, 2021 and grant the Trustee such other and further relief as is just and proper.

Dated: December 2, 2021        By:   */s/ Bonnie B. Finkel*
                                      Bonnie B. Finkel, Trustee for the
                                      Bankruptcy Estate of Midnight Madness
                                      Distilling, Inc.

5