**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| In re: | Chapter 7 |
| MIDNIGHT MADNESS DISTILLING, INC. | Case No. 21-11750 (MDC) |
| Debtor. | **Hearing Date: TBD**<br>**Objection Deadline: TBD** |

**COMBINED MOTION OF CHAPTER 7 TRUSTEE FOR (I) ENTRY OF AN
ORDER AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF
UNEXPIRED LEASE AND (II) EXPEDITED HEARING THEREON**

Bonnie B. Finkel, in her capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of debtor Midnight Madness Distilling, Inc. (the "Debtor") hereby files this combined motion for: (i) an order, pursuant to section 365 of title 11 of the U.S. Code (the "Bankruptcy Code"), authorizing the Trustee's assumption and assignment to Millstone Spirits Group LLC ("Millstone") of that certain unexpired personal property lease between the Debtor and Hoover Materials Handling Group, Inc. (the "Motion to Assume and Assign"); and (ii) for an expedited hearing on the Motion to Assume and Assign pursuant to Local Bankruptcy Rule 5070-1(g) (the "Motion for Expedited Hearing", and together with the Motion to Assume and Assign, the "Motion"), and in support hereof respectfully states the following:

## I.        Jurisdiction and Venue

1.        The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.        Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.        The relief sought herein is pursuant to section 365(d) of the Bankruptcy Code and Local Bankruptcy Rule 5070-1(g).

LEGAL\55504664\3

## II.    Background

### A.  The Sale of the Estate's Assets.

4.    Contemporaneously with the filing its Chapter 11 bankruptcy case, the Debtor filed its *Expedited Motion for Entry of an Order: (I) Approving the Sale of Sale of up to Substantially All of the Debtor's Assets, and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, and (III) Scheduling Hearings for Such Relief and (IV) Granting Related Relief* [Doc. No. 4] (the "Sale Motion").  The Sale Motion sought approval of a sale process for substantially all assets of the Debtor.

5.    At the August 25, 2021 sale auction, Millstone submitted the highest and best offer.  Included in Millstone's offer was the assumption by the Debtor, and the assignment by the Debtor to Millstone, of certain leases.

6.    Millstone's purchase of substantially all of the Debtor's assets and assumption and assignment of certain leases were approved by this Court by Order entered September 17, 2021 [Doc. No. 178](the "Sale Order").

7.    On October 13, 2021, the Court entered an Order converting this bankruptcy case to a case under Chapter 7 of the Bankruptcy Code [Doc. No. 191].  On October 14, 2021 the Trustee was appointed.

8.    The Sale Order did not address the disposition of those leases that were not the subject of assumption and assignment, including the Lease (as defined below).   As of the date hereof, the Lease has neither been assumed nor rejected by the Trustee.

LEGAL\55504664\3

### B.  The Hoover Lease

9.     Upon information and belief, Millstone had been under the erroneous understanding that the Debtor owned certain 6,000-gallon mixing tanks (the "Tanks") that were located at the Debtor's business locations, and that the Tanks were among the assets included in the sale to Millstone.  Upon information and belief, on or about September 27, 2021, the Debtor's plant manager advised Millstone that the Tanks were not owned by the Debtor, but rather were leased from Hoover Materials Handling Group, Inc. ("Hoover").  Upon information and belief, Millstone was also advised that the Tanks had been returned by the Debtor to Hoover's Texas headquarters.

10.     On September 27, 2021, Millstone's counsel requested copies of the Master Equipment Rental Contract between the Debtor and Hoover and addenda thereto (collectively, the "Lease") from the Debtor, so that Millstone could evaluate whether it wished to have the Lease assumed and assigned to Millstone, but never received any copies from the Debtor.

11.     Notwithstanding that Millstone did not receive copies of the Lease, Millstone and the Debtor closed on the sale of the Debtor's assets on September 30, 2021.

12.     Millstone has advised the Trustee that, subsequent to the closing of the asset sale, it reached out to Hoover to inquire about leasing the returned Tanks, and was informed that the Tanks had not, in fact, been returned by the Debtor.  Upon further inquiry, Millstone learned, and subsequently informed the Trustee, that the Debtor had moved the Tanks to 2512 Quakertown Road, Pennsburg, PA – a location believed to house the operations of several businesses affiliated with the Debtor and its former management, including AgTech PA LLC, a business owned by Casey Parzych and operating under the name "Wynk", and a canning company called CanMan, LLC (doing business as BevNet) for which the Debtor's former CFO now works.

13.     According to Hoover's counsel, Hoover was unaware of the Debtor's bankruptcy case or that the Tanks had been relocated until sometime in October or November, through conversations with Millstone and its counsel.

14.     On November 17, 2021, Hoover's counsel provided Millstone copies of the Lease, which evidences that the Debtor leased eight Tanks from Hoover pursuant to addenda to the Lease dated April 28, 2021, May 10, 2021 and May 27, 2021.  A true and correct copy of the Lease is attached hereto as Exhibit A.

15.     On November 19, 2021, Hoover's counsel provided Millstone with copies of past due invoices, showing that Hoover was owed a total of $76,667.60 through October 31, 2021, and Millstone has provided these invoices to the Trustee.  Of the total owed to Hoover, it appears from the invoices that $11,596.40 is for amounts due pre-petition, and $7,886.40 is for rental of the Tanks for the month of October 2021, after the Debtor had ceased operations.

16.     Millstone now desires to have the Trustee assume the Lease and assign it to Millstone, and Hoover has consented to such assumption and assignment, subject to the terms set forth herein.

### III.     Relief Requested

**A.  Assumption and Assignment of Lease**

17.     By the Motion to Assume and Assign, the Trustee seeks an order under section 365(a) of the Bankruptcy Code authorizing the Trustee to assume the Lease and assign the Lease to Millstone, effective as of December 1, 2021.

18.     Pursuant to section 365(a) of the Bankruptcy Code, a trustee "may assume or reject any executory contract or unexpired lease of the debtor" subject to the approval of the court.  11 U.S.C. § 365(a).  The assumption or rejection of an unexpired lease or executory

contract by a debtor is subject to review under the business judgment standard.  *See NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984); *In re Market Square Inn, Inc.,* 978 F.2d 116, 121 (3d Cir. 1992).  Under this test, the decision to assume or reject an executory contract must be affirmed unless it is the product of "bad faith, or whim or caprice." *In re Trans World Airlines, Inc.,* 261 B.R. 103 (Bankr. D. Del. 2001).  The "purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate…" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),* 4 F.3d 1095, 1098 (2d Cir. 1993).

19.    Under section 365(b) of the Bankruptcy Code, any defaults by the debtor under a contract to be assumed must be cured as a precondition to assumption.  In addition, Section 365(b)(1) requires that the trustee provide adequate assurance of future performance under the executory contract or lease to be assumed.

20.    Millstone, Hoover and the Trustee have agreed to the following terms and conditions for the assumption of the Lease by the Trustee and her assignment of the Lease to Millstone effective as of December 1, 2021:

 a. Millstone will assume all obligations due to Hoover under the Lease effective as of December 1, 2021;

 b. Within three business days after entry of an order approving the assumption and assignment of the Lease, Millstone shall pay Hoover the rent due under the Lease for December 2021, plus a cure amount of $15,000.

 c. Hoover shall have an allowed Chapter 11 administrative priority claim pursuant to section 503(b) of the Bankruptcy Code in the total amount of $10,000 (the "Allowed Chapter 11 Administrative Claim"), which shall be paid by the Trustee

within three business days after entry of an order approving the assumption and assignment of the Lease, from funds that Millstone left in the Debtor-In-Possession account at closing on the asset sale as a holdback. With the exception of the Allowed Chapter 11 Administrative Claim, Hoover waives and releases any and all claims Hoover has or may have against the Debtor, the Estate and the Trustee related to or arising from the Lease.

d.    Notwithstanding anything in the Leases, the Tanks shall be leased to Millstone AS IS WHERE IS, WITH ALL FAULTS, and whether the Tanks are empty or not upon delivery to Millstone. Rent owing to Hoover by Millstone respecting the Tanks commences December 1, 2021 whether or not Millstone has possession of the Tanks.

e.    Subject to the provisions of the next sentence, Hoover shall be responsible for the relocation of the Tanks from 2512 Quakertown Road, Pennsburg, PA to Millstone's operations at 118 N. Main Street, Trumbauersville, PA. Such relocation shall be arranged as expeditiously as possible, and in no event later than 5 business days after the later to occur of: (i) entry of an order approving the assumption and assignment of the Lease; and (ii) Hoover obtaining access to the Tanks for delivery. Millstone shall be responsible at its own cost and expense for (a) obtaining possession of the Tanks such that Hoover can arrange for their relocation, and (b) complying with any applicable non-bankruptcy law, rule or procedure for the moving and disposition of any contents in the Tanks, if any.

f.    The relief requested in this Motion and granted in any subsequent Court order relating hereto is without prejudice to any rights, claims or causes of action held

by Hoover against any third parties, excluding the Debtor, the Trustee, the Estate and Millstone.

21.     The Trustee believes that assumption and assignment of the Lease under the aforementioned terms is in the best interest of the Estate.  Absent the Trustee's assumption of the Lease, it will be deemed rejected, and Hoover is likely to file a motion seeking allowance of a Chapter 11 administrative priority claim for a portion, if not all, of the amounts that accrued under the Lease after the Petition Date for the Debtor's use of the Tanks.  Without conceding whether Hoover would be entitled to such a claim, the Trustee recognizes the expense associated with disputing the allowance, and expects that the Court would find some portion of the post-petition amounts owed were entitled to Chapter 11 administrative priority in excess of the Allowed Chapter 11 Administrative Claim.

22.     Accordingly, the Trustee requests entry of an order authorizing the assumption of the Lease, and the assignment of the Lease to Millstone, on the terms set forth herein.

**B.  Request for Expedited Hearing**

23.     The requests that the Court hear the Motion to Assume and Assign, and any objections hereto, on the earliest possible date when the Court is available.

24.     The Trustee requests relief on an emergency basis for three reasons: first, the Tanks are not in the possession of the Trustee or the Estate and thus the Trustee has no ability to safeguard those Tanks at the present time; second, rent under the Lease continues to accrue, and notwithstanding that the Trustee believes the Estate would not be responsible for such rent after September 2021, the agreement between Millstone and Hoover regarding the cure amounts and reduced administrative claim are predicated on expedited relief; third, the Trustee has been informed that that one or more entities (i.e. Can Man, LLC and/or AgTech PA LLC) is presently

LEGAL\55504664\3

benefitting from the use of Estate property without any legal right of which the Trustee is aware. In order for the Trustee to maximize value to the Estate and minimize harm to Hoover, a creditor of the Estate, it is imperative that the assumption and assignment of the Lease occur as expeditiously as possible.

26.   Prior to filing the Motion, the undersigned counsel for the Trustee consulted with counsel for Millstone and Hoover regarding the Trustee's intention to seek an expedited hearing and counsel indicated their consent to obtaining a hearing at the earliest date on which the Court is available.

26.   Pursuant to Rule 6004(g) of the Bankruptcy Rules, the Trustee requests that the Court waive the fourteen (14) day stay of any final order granting this Motion and order that the final relief requested in this Motion be immediately available upon the entry of an order approving the assumption and assignment.

27.   Service of the Motion has been made upon the (i) Office of the United States Trustee, (ii) counsel to the Debtor, (iii) all parties in interest having requested notices pursuant to Bankruptcy Rule 2002, and (iv) the persons and/or entities who the Trustee is informed may be in possession of the Tanks (the "Notice Parties") by electronic mail, fax or overnight mail.  The Trustee submits that such notice to the Notice Parties is appropriate and sufficient.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order, substantially in the form submitted herewith:

A.   Granting this Motion;

B.   Authorizing the Trustee to assume and assign the Lease to Millstone effective as of December 1, 2021, subject to the terms set forth herein;

C.      Waiving the fourteen (14) day stay pursuant to Rule 6004(g) of the Bankruptcy Rules; and

D.      Granting such other and further relief as this Court deems fair and just.

Dated:  December 13, 2021

By:    */s/ John T. Carroll, III*
       John T. Carroll, III, Esquire
       Eric L. Scherling, Esquire
       Cozen O'Connor
       One Liberty Place
       1650 Market Street
       Suite 2800
       Philadelphia, PA  19103
       Phone:   (302) 295-2028
       Fax No. (215) 701-2140
       Email:  jcarroll@cozen.com
       escherling@cozen.com

*Counsel to Bonnie B. Finkel,*
*Chapter 7 Trustee*

9