**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:                                              *

**MIDNIGHT MADNESS DISTILLING, LLC,**    *          **Case No. 21-11750-MDC**
                                                    **Chapter 11**

Debtor.                         *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MOTION OF MILLSTONE SPIRITS GROUP, LLC TO ENFORCE TERMS**
**OF SALE ORDER AND TERMS OF NON-RESIDENTIAL REAL PROPERTY**
**LEASE ASSUMED AND ASSIGNED UNDER SALE ORDER**

Millstone Spirits Group, LLC ("Millstone"), by and through its undersigned counsel, hereby files this motion to enforce the terms of the Sale Order approving the sale of substantially all of the assets of the Debtor to Millstone. The terms of the Sale Order include approval of the assumption and assignment of a lease of warehouse space to Millstone. Millstone has complied with, and will continue to comply with, the terms of the lease. The counterparty to the lease (an entity owned and controlled by the father of the Debtor's principal), however, has demanded a monthly rental amount well in excess of amounts set forth in the lease, as assumed and assigned under the Sale Order. Millstone submits that such conduct violates the terms of the Sale Order entered by this Court and requests an order from this Court confirming the terms of the lease, as assumed and assigned to Millstone. In support of its motion, Millstone respectfully states as follows:

### I.    BACKGROUND

1.      Contemporaneously with the filing of the present bankruptcy case, Midnight Madness Distilling, LLC (the "Debtor") filed an *Expedited Motion for Entry of an Order: (I) Approving the Sale of Sale of up to Substantially All of the Debtor's Assets, and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding*

1

*Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof,*

*and (III) Scheduling Hearings for Such Relief and (IV) Granting Related Relief* (Dkt. No. 4; "Sale

Motion"). The Sale Motion sought approval of a sale process for substantially all assets of the

Debtor.

2.        The Debtor requested in the Sale Motion that the entire bid and auction process

occur over a thirty-day period, with a bid deadline of only two weeks after approval of the sale

procedures. A data room with information relevant for potential bidders to assess the sale was

not made available until July 9, 2021, merely 19 days before the proposed bid deadline.

3.        Ultimately, the sale procedures were amended to permit additional time for

potential bidders to undertake due diligence and submit bids.

4.        As part of that due diligence, certain contracts were made available for review by

interested bidders.  Included in a data room, among other information and documents, was the

Debtor's non-residential real property lease with Finland Leasing, Inc. ("Finland Leasing") dated

January 1, 2016 (the "Warehouse Lease").  The Warehouse Lease relates to the Debtor's lease of

warehouse space at 2300 Trumbauersville Road, Quakertown, Pennsylvania (the "Property").  A

true and correct copy of the Warehouse Lease is attached hereto as **Exhibit A** and incorporated

herein by reference.

5.        The counterparty to the Warehouse Lease, Finland Leasing, is owned and

controlled by Gary Parzych.  Mr. Parzych is the father of Casey Parzych, the owner of the

Debtor.  The terms of the Lease include, among other things, a monthly rent payment in the

amount of $2,050.00.  The Warehouse Lease was and continues to be a month to month tenancy,

since December 31, 2017.  According to the terms of the Warehouse Lease, it "may be modified

116939\000001\4889-1672-0132.v1

only by a further writing that is duly executed by both parties." *See* Warehouse Lease at 8 "Final Agreement".

6.      During the sale due diligence period, Millstone inquired whether a signed version of the Warehouse Lease existed.  Millstone was informed by the Debtor that no signed version existed, but that the parties continued to operate under the terms of the Warehouse Lease.

7.      On July 30, 2021, Casey Parzych filed a supplemental declaration with this Court in support of the Sale Motion, wherein he addressed the Warehouse Lease. (Dkt. No. 98; the "Declaration")  At paragraphs 17 through 22 of the Declaration, Casey Parzych confirmed:  (i) the relationship of his father with Finland Leasing as landlord under the Warehouse Lease; (ii) the month to month tenancy that existed under the Warehouse Lease since December 31, 2017; and, most notably, (iii) other than the Warehouse Lease, "neither Finland [Leasing] nor my father have any formal or informal agreement or arrangement regarding the [Warehouse] Lease or the Property with me, the Debtor, the Debtor's affiliates . . .."  A true and correct copy of the Declaration is attached hereto as **Exhibit B** and incorporated herein by reference.

8.      At the August 25, 2021 sale auction, Millstone submitted the highest and best offer.  Included in Millstone's offer was the assumption by the Debtor, and the assignment by the Debtor to Millstone, of the Warehouse Lease.

9.      Millstone's offer and Asset Purchase Agreement was approved by this Court on September 17, 2021, by entry of the *Order: (1) Approving Asset Purchase Agreement Among the Debtor and the Buyer, (2) Approving Sale of Substantially All Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(B), (F) And (M), (3) Approving Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Free and Clear of All Liens, Claims, Encumbrances and Other Interests*

116939\000001\4889-1672-0132.v1

*Pursuant to Bankruptcy Code Sections 363 and 365, (4) Determining the Amounts Necessary to Cure Such Executory Contracts and Unexpired Leases, and Granting Related Relief* (Dkt. No. 178; "Sale Order").

10.     The Sale Order provides, among other things, that (i) the Asset Purchase Agreement (defined therein) was approved; (ii) the assumption and assignment of the Assigned Contracts was approved; and (iii) the Court retains "exclusive jurisdiction to resolve any controversy or claim arising out of or related to th[e] Sale Order, the Asset Purchase Agreement or any related agreements . . .." *See* Sale Order (Dkt. No. 178) at ¶¶ 3 (approving the Asset Purchase Agreement), 11 (approving the assumption and assignment of the Assigned Contracts), and 34 (retention of jurisdiction).

11.     The Warehouse Lease was an Assigned Contract.  It was assumed by the Debtor and assigned to Millstone. *See* Sale Order (Dkt. No. 178) at ¶¶ 5, 11; Asset Purchase Agreement at ¶ 1 and Schedule 1.01 (designating the Warehouse Lease as an assumed and assigned contract).

12.     Millstone and the Debtor closed on the sale on September 30, 2021.

13.     Millstone has paid monthly rent in the amount of $2,050.0 to Finland Leasing through December 31, 2021 in accordance with the rent amount in the Warehouse Lease, as assumed and assigned to Millstone.  Millstone intends to vacate the Property by no later than December 31, 2021.

14.     On December 16, 2021, Finland Leasing filed a Landlord/Tenant Complaint in Bucks County, asserting that the monthly rent due under the Warehouse Lease is $9,750.42, and that Millstone owes Finland Leasing the total amount through December 28, 2021 of $28,509.97. A true and correct copy of the Landlord/Tenant Complaint is attached hereto as **Exhibit C.**  A

4

hearing on the Landlord/Tenant Complaint has been scheduled for December 28, 2021 at 10:45 a.m.

15.     Upon inquiry, Finland Leasing's counsel advised Millstone that the Warehouse Lease was orally modified prior to the filing of this bankruptcy case to increase monthly rent to $9,750.42.

16.     The pre-sale "modification" to the Warehouse Lease increasing monthly rent and adding additional "other" charges were never disclosed in this bankruptcy case or in the data room during the due diligence period.  The Warehouse Lease modification directly contradicts the sworn Declaration of Casey Parzych, the Debtor's principal.  When Millstone inquired whether the increase in rent was ever documented, through an amendment to the Warehouse Lease (as would be required by the express terms of the Warehouse Lease and the statute of frauds), Finland Leasing responded through its counsel that it had not.

17.     This Court approved the assumption and assignment of the Warehouse Lease to Millstone.  Millstone has complied with the terms of the Warehouse Lease, including the payment of rent in the amount required by the Warehouse Lease.  Millstone requests confirmation from this Court that (i) Millstone's obligations are set forth in, and limited to, the express terms of the Warehouse Lease and (ii) rent under the Warehouse Lease is $2,050.00 per month.

## II.   ARGUMENT

### A.  This Court Retained Exclusive Jurisdiction Over the Sale Order and the Assumption and Assignment of the Warehouse Lease.

18.     Under the terms of the Sale Order, this Court retained "exclusive jurisdiction to resolve any controversy or claim arising out of or related to th[e] Sale Order, the Asset Purchase

5

Agreement or any related agreements . . .." Sale Order (Dkt. No. 178) at ¶ 34 (retention of

jurisdiction). Even without an express reservation of jurisdiction under the Sale Order, this

Court may interpret its own orders and can provide the best interpretation of its own Sale Order.

*See In re Zinchiak*, 280 B.R. 117, 125 (Bankr. W. D. Pa. 2002) (finding it appropriate to reopen a

case to allow the bankruptcy court that entered an order to provide the best interpretation of its

own order).

**B. The Warehouse Lease was Assumed by the Debtor and Assigned to Millstone**

**Under the Terms of the Sale Order.**

19.     The Warehouse Lease was one of a number "Assigned Contracts" under the Sale

Order, as defined therein and in the Asset Purchase agreement. Notice of the Debtor's proposed

assumption and the assignment to Millstone was provided by overnight delivery on August 12,

2021, to counterparties to the Assigned Contracts, including Finland Leasing related to the

Warehouse Lease. (Dkt. No. 114). The cure amount to assume and assign the Warehouse Lease

was proposed in the amount of $0.00.

20.     Finland Leasing did not file an objection to the assumption and assignment of the

Warehouse Lease, the $0.00 cure amount proposed, or the sale of the Debtor's assets generally.

Finland Leasing never raised the alleged modification to the Warehouse Lease prior to entry of

the Sale Order.

21.     The Assigned Contracts, including the Warehouse Lease, were assumed by the

Debtor and assigned to Millstone under the Sale Order. *See* Sale Order (Dkt. No. 178) at ¶¶ 5, 11;

Asset Purchase Agreement at ¶ 1 and Schedule 1.01 (designating the Warehouse Lease as an

assumed and assigned contract).

22.    The Assigned Contracts, including the Warehouse Lease, "shall be transferred to, and remain in full force and effect for the benefit of, the [Millstone] in accordance with their respective terms . . . " under the Sale Order.  Sale Order (Dkt. No. 178) at ¶ 12.

23.    The Sale Order further provides that all non-debtor parties to the Assigned Contracts, including Finland Leasing under the Warehouse Lease, "are barred from asserting against the Debtor, [Millstone], and their respective successor and assigns, any default or unpaid obligation allegedly arising or accruing before the Closing, any pecuniary loss resulting from such default, or any other obligation under the Assigned Contracts arising or incurred prior to the Closing, other than the Cure Amounts."  Sale Order (Dkt. No. 178) at ¶ 14.

**C. The Terms of the Warehouse Lease Provide for Monthly Rent in the Amount of $2,050.00 and No More.**

24.    An assumption and assignment of an executory contract or lease, under Section 365 of the Bankruptcy Code, does not modify the terms of such contract.  The benefits and burdens follow the contract.  *See In re Italian Cook Oil Corp.*, 190 F.2d 994, 996-97 (3d Cir. 1951) (assumption requires accepting both benefits and burdens of contract).

25.    The express terms of the Warehouse Lease require payment of rent in the monthly amount of $2,050.00.  The Warehouse Lease was never modified in writing to increase the monthly rental amount. Finland Leasing has confirmed there is no written amendment to the Warehouse Lease.

26.    All disclosures made during the sale process indicated that the terms of the Warehouse Lease were as disclosed in the data room.  The Declaration, signed under oath by Casey Parzych, states that the Warehouse Lease is the agreement and there are no other agreements in place.  See Declaration (Dkt. No. 98) at ¶¶ 17-22.

116939\000001\4889-1672-0132.v1

27.    The Warehouse Lease was assumed and assigned to Millstone with all the benefits and burdens contained therein.  The uncontroverted evidence indicates that the monthly rental amount in the Warehouse Lease is $2,050.00.  Millstone has paid this obligation through November 30, 2021.  In the face of demands made by Finland Leasing, Millstone requests this Court enter an order enforcing the terms of the Sale Order and confirming that Millstone has complied with its rental payment obligations under the Warehouse Lease.

WHEREFORE, Millstone Spirits Group, LLC, respectfully requests that this Court enter an Order:

A.    Confirming that Millstone's obligations under the Warehouse Lease are limited to the express terms of the Warehouse Lease;

B.    Confirming that Millstone's monthly rental obligation is no more than $2,050.00 under the terms of the Warehouse Lease; and

C.    Granting such other and further relief as this Court deems fair and just.

DATE:  December 23, 2021                    Respectfully submitted:

*/s/ Joel L. Perrell Jr.*

Joel L. Perrell Jr

 PA Bar No. 204803

Patricia B. Jefferson

 *Admitted Pro Hac Vice*

Miles & Stockbridge P.C.

100 Light Street, 10th Floor

Baltimore, Maryland 21202

Tel: (410) 385-3406

Fax: (410) 698-1354

Email: pjefferson@milesstockbridge.com

8

116939\000001\4889-1672-0132.v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 23, 2021, a true and correct copy of the foregoing Motion of Millstone Spirits Group, LLC to Enforce Terms of Sale Order and Terms of Non-Residential Real Property Lease Assumed and Assigned Under Sale Order was served via this Court's CM ECF system upon:

- WILLIAM J. BURNETT    william.burnett@flastergreenberg.com, william.burnett@ecf.inforuptcy.com;jennifer.vagnozzi@flastergreenberg.com;jeanne.valentino@ flastergreenberg.com
- KEVIN P. CALLAHAN    kevin.p.callahan@usdoj.gov
- JULIE A. CALLSEN    julie.callsen@tuckerellis.com, brittany.falkner@tuckerellis.com;thomas.fawkes@tuckerellis.com
- BONNIE B. FINKEL    finkeltrustee@comcast.net, NJ69@ecfcbis.com;Finkeltrustee@comcast.net
- HOWARD GERSHMAN    hg229ecf@gmail.com, 229ecf@glpoc.comcastbiz.net
- HARRY J. GIACOMETTI    harry.giacometti@flastergreenberg.com, harry.giacometti@ecf.inforuptcy.com;jennifer.vagnozzi@flastergreenberg.com;giacometti.flaster greenberg@gmail.com;jeanne.valentino@flastergreenberg.com
- MATTHEW A. HAMERMESH    mhamermesh@hangley.com, ecffilings@hangley.com;kem@hangley.com;mjl@hangley.com
- MEGAN N. HARPER    megan.harper@phila.gov, Edelyne.Jean-Baptiste@Phila.gov
- JEFFREY KURTZMAN    Kurtzman@kurtzmansteady.com
- JENNIFER L. MALESKI    jmaleski@dilworthlaw.com, mdolan@dilworthlaw.com;cchapman-tomlin@dilworthlaw.com
- MICHAEL G. MENKOWITZ    mmenkowitz@frof.com, brian-oneill-fox-5537@ecf.pacerpro.com;jdistanislao@foxrothschild.com
- CAROL E. MOMJIAN    cmomjian@attorneygeneral.gov
- JOEL L. PERRELL    jperrell@MilesStockbridge.com
- EVERETT K. SHEINTOCH    esheintoch@sheintochlaw.com, ssilenzi@sheintochtodd.com
- ANTHONY ST. JOSEPH    anthony.stjoseph@usdoj.gov, mardella.suarez@usdoj.gov,CaseView.ECF@usdoj.gov
- United States Trustee    USTPRegion03.PH.ECF@usdoj.gov

And via electronic mail and first class mail, postage prepaid, upon:

Gavin Laboski, Esq.                         gavin@laboskilaw.com
Laboski Law PC
314 West Broad Street, Suite 124
Quakertown, PA 18951

*Counsel to Finland Leasing Co., Inc.*

                                                        */s/ Joel L. Perrell, Jr.*
                                                        Joel L. Perrell, Jr.

116939\000001\4889-1672-0132.v1