IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>MIDNIGHT MADNESS DISTILLING, INC.<br><br>Debtor. | Chapter 7<br><br>Case No. 21-11750 (MDC)<br><br>Hearing Date:<br>February 2, 2022 at 10:30 a.m.<br><br>Objection Deadline:<br>January 26, 2022 |

**MOTION OF CHAPTER 7 TRUSTEE FOR ORDER ESTABLISHING
CHAPTER 11 ADMINISTRATIVE BAR DATE AND APPROVING FORM
AND MANNER OF NOTICE THEREOF**

Bonnie B. Finkel, in her capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of debtor Midnight Madness Distilling, Inc. (the "Debtor"), hereby files this motion for an order establishing a Chapter 11 administrative expense bar date of March 5, 2022 (the "Motion"), and in support hereof respectfully states the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3. On June 21, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

1

4. On October 13, 2021, this Court entered an order converting the Debtor's Chapter 11 bankruptcy case (the "Chapter 11 Case") to a case under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Case") [Doc. No. 191]. On October 14, 2021, the Trustee was appointed.

5. During this Chapter 7 Case, March 5, 2022 was set as the bar date for filing proofs of claim for claims against the Estate arising on or before the Petition Date.

## RELIEF REQUESTED AND BASIS THEREFOR

6. A Chapter 11 administrative expense bar date is necessary to expeditiously liquidate and administer the Estate. By this Motion, the Trustee requests that the Court set March 5, 2022 as the date (the "Chapter 11 Administrative Bar Date") after which claims arising subsequent to the Petition Date and during the Chapter 11 Case for which administrative expense status is asserted by the claimant in accordance with section 503 of the Bankruptcy Code ("Chapter 11 Administrative Claims") will be barred and disallowed. Setting the Chapter 11 Administrative Bar Date will enable the Trustee to ascertain the total amount of Chapter 11 Administrative Claims against the Estate which should be allowed, and thus to better understand the extent to which funds of the Estate will be available to make distributions to general unsecured creditors. The Trustee believes, based upon her investigation, that the Debtor did not make payment of certain expenses incurred during the pendency of the Chapter 11 Case.

7. A proposed order setting forth the terms of the notice of the proposed Chapter 11 Administrative Bar Date, which the Trustee submits constitutes adequate notice under the circumstances of this case and the Bankruptcy Code and applicable Federal Rules of Bankruptcy Procedure, is submitted herewith.

LEGAL\55592543\3 00604.3853.000/532457.000

## **NOTICE**

8. Notice of this Motion has been served upon: (i) the Office of the United States Trustee, (ii) counsel to the Debtor, (iii) creditors appearing on the Debtor's filed list of creditors who have the 20 largest unsecured claims, and (iv) all parties in interest having requested notices pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties") by U.S. first-class mail. The Trustee submits that such notice to the Notice Parties is appropriate and sufficient.

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form submitted herewith (the "Chapter 11 Administrative Bar Date Order"):

A. Approving the notice of the Chapter 11 Administrative Bar Date as set forth within the Chapter 11 Administrative Bar Date Order;

B. Requiring that all requests for payment, or applications for compensation and reimbursement of expenses, for Chapter 11 Administrative Claims, other than those expressly excluded from such requirement under the Chapter 11 Administrative Bar Date Order, be filed in this Court in writing in accordance with section 503 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9013 on or before the proposed Chapter 11 Administrative Bar Date of March 5, 2022;

C. Providing that all Chapter 11 Administrative Claims not filed and served on or before the Chapter 11 Administrative Bar Date shall be forever barred, and the holder of any such Chapter 11 Administrative Claim shall be forever estopped and enjoined, from asserting such Chapter 11 Administrative Claim against the Estate or receiving a distribution or payment on account of such Chapter 11 Administrative Claim from the Estate; and

D. Establishing that the following persons and entities are not required to file and serve requests for payment, or applications for compensation and reimbursement of expenses, with respect to Chapter 11 Administrative Claims:

(i) Any person who, or entity which, has already filed with the Court a proper request for payment, or application for compensation and reimbursement of expenses, for its entire Chapter 11 Administrative Claim in the Chapter 11 Case or this Chapter 7 Case; and

(ii) Any person or entity whose entire Chapter 11 Administrative Claim has been allowed by order of this Court.

Dated: January 6, 2022

By: */s/ John T. Carroll, III*
John T. Carroll, III, Esquire
Eric L. Scherling, Esquire
Cozen O'Connor
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA  19103
Phone:  (302) 295-2028
Fax No. (215) 701-2140
Email:  jcarroll@cozen.com
Email:  escherling@cozen.com

*Counsel to Bonnie B. Finkel, Chapter 7 Trustee*

LEGAL\55592543\3 00604.3853.000/532457.000