## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | (converted from chapter 11) |
| Midnight Madness Distilling, Inc. | : | Case No. 21-11750 (MDC) |
| | : | |
| Debtor | : | |

### FINLAND LEASING, INC.'S OBJECTION TO MOTION OF MILLSTONE SPIRITS GROUP, LLC TO ENFORCE TERMS OF SALE ORDER AND TERMS OF NON-RESIDENTIAL REAL PROPERTY LEASE ASSUMED AND ASSIGNED UNDER SALE ORDER

Finland Leasing, Inc. (the "Landlord"), by and through its undersigned counsel, hereby objects to the Motion of Millstone Spirits Group, LLC To Enforce Terms of Sale Order and Terms of Non-Residential Real Property Lease Assumed and Assigned Under Sale Order (the "Motion") on the following grounds:

### Introduction

Before this Court is the motion of Millstone Spirits Group, LLC (the "Buyer") seeking to enforce both an order of this Court authorizing the sale of the Debtor's assets to the Buyer (which included an assumption and assignment of a warehouse lease between Midnight Madness Distilling, Inc. (the "Debtor") (the "Lease")) as well as the terms of the Lease.

The dispute that the Buyer seeks to bring before this Court pursuant to the Motion has the following important attributes: (1) it involves two non-debtor parties; (2) disputing over events that occurred *after* the consummation of the sale transaction approved by this Court between the Debtor and Buyer; and (3) the outcome of dispute has no asserted benefit to, or impact upon, the bankruptcy estate.

Noticeably absent from the Motion is any citation to the statutory authority for this Court to exercise jurisdiction over the Motion, including whether the Motion involves a core

Page | 1

or non-core proceeding and therefore whether this Court has the authority to enter a final order or judgment (indeed, if this matter is non-core, the Landlord does not consent to the entry of a final order or judgment in this Court).

Instead, the Buyer conveniently glosses over this critically important threshold issue and relies upon an otherwise attenuated interpretation of the order approving the sale for the proposition that this Court retained exclusive jurisdiction over controversies or claims such as those involving the Landlord and Buyer.  In this regard, it is unfathomable that this Court intended to retain jurisdiction over post-sale disputes between the Landlord and Buyer involving not only rent and other charges owing under the lease, but also damages that the Landlord has incurred by virtue of the Buyer's failure to restore the premises to their original condition as well as environmental cleanup problems created by the Buyer's misuse of the leased premises.  Indeed, it is anticipated that the Landlord's claims would require extensive evidentiary proceedings in order to enable the presiding court to properly reach a final disposition of the issues at hand.

For all of the above reasons as well as the specific responses to Motion as set forth below, the Landlord respectfully requests that this Court deny the Motion.

**Responses to the Motion**

1. Admitted.

2. Denied on the basis that the "Sale Motion" is a written document, the terms of which speak for themselves.  By way of further answer, the remaining averments contained in this paragraph are denied in that after reasonable investigation, Landlord is without knowledge or information sufficient to form a belief as to those averments.

3. Denied on the basis that the referenced amendment is a written document,

the terms of which speak for themselves.

    4.    Admitted in part; denied in part. The Landlord admits only that Exhibit A is a document entitled "Commercial Lease Agreement," but the Landlord denies any attempts by the Buyer to characterize the document. By way of further answer, the remaining averments contained in this paragraph are denied in that after reasonable investigation, Landlord is without knowledge or information sufficient to form a belief as to those averments.

    5.    Denied on the basis that the so-called Warehouse Lease is a written document, the terms of which speak for themselves. The Landlord further denies the Buyer's characterization of the Warehouse Lease insofar as such characterizations call for legal conclusions to which no response is required.

    6.    Denied in that after reasonable investigation, Landlord is without knowledge or information sufficient to form a belief as to the averments in this paragraph of the Motion.

    7.    Denied on the basis that the Declaration referred to by the Buyer is a written document, the terms of which speak for themselves.

    8.    Denied in that after reasonable investigation, Landlord is without knowledge or information sufficient to form a belief as to the averments in this paragraph of the Motion.

    9.    Denied on the basis that the so-called Sale Order is a written document, the terms of which speak for themselves.

    10.    Denied on the basis that the so-called Sale Order is a written document, the terms of which speak for themselves.

11. Denied on the basis that the so-called Sale Order is a written document, the terms of which speak for themselves. By way of further answer, this paragraph contains legal conclusions to which no response is required.

12. Denied in that after reasonable investigation, Landlord is without knowledge or information sufficient to form a belief as to the averments in this paragraph of the Motion.

13. Denied. Landlord denies that the Buyer has paid rent timely or as legally required under the Warehouse Lease. By way of further answer and upon information and belief, Buyer's decision to vacate the property was precipitated by their own defaults under the applicable lease terms and under the threat of eviction of the Buyer.

14. Admitted in part; denied in part. Landlord admits only filing a landlord tenant action to dispossess the Buyer as result of Buyer's existing and continuing defaults under the lease terms. The remaining averments are denied on the basis that the foregoing complaint is a written document, the terms of which speak for themselves.

15. Denied as stated. By way of further answer, the ongoing terms and conditions associated with the Debtor leasehold rights were discussed, agreed to and performed by the parties.

16. Denied. Landlord is without knowledge or information as to what was disclosed in the bankruptcy case or the data room, but avers that the Buyer could have and should have understood the terms and conditions of the Debtor's occupancy of the premises had it done proper diligence. By way of further answer, the Declaration is a written document, the terms of which speak for themselves and do not contradict the Landlord's

position herein. Finally, the terms of the ongoing occupancy of the premises by the Debtor were agreed to and performed by the parties.

17. Denied on the basis that the Sale Order is a written document, the terms of which speak for themselves. By way of further answer, Landlord denies that the Buyer has complied with its legal obligations associated with its occupancy of the premises. Finally, the Landlord denies that the Buyer is entitled to the relief sought in its Motion.

18. Denied on the basis that the Sale Order is a written document, the terms of which speak for themselves. By way of further answer, the Landlord denies that this Court is being asked to interpret its own orders; instead, the Landlord submits that the Motion is nothing more than a back-ended way to wrongfully deprive the proper state court of jurisdiction over this matter.

19. Denied on the basis that the Sale order and the accompanying Notice are written documents, the terms of which speak for themselves.

20. Admitted in part; denied in part. Landlord admits only that it did not object to the sale motion. Landlord denies all remaining allegations outright and/or as stated.

21. Denied on the basis that this paragraph states a legal conclusion to which no response is required.

22. Denied on the basis that the Sale Order is a written document, the terms of which speak for themselves.

23. Denied on the basis that the Sale Order is a written document, the terms of which speak for themselves.

24. Denied on the basis that this paragraph states a legal conclusion to which no response is required.

25. Denied. The so-called Warehouse Lease is a written document, the terms of which speak for themselves. By way of further answer, Landlord denies the Buyer's allegations on that basis that the parties agreed to the terms of the Debtor's occupancy of the premises, and the parties performed in a manner consistent therewith.

26. Denied on the basis that the disclosures and Declaration are written documents, the terms of which speak for themselves.

27. Denied.

WHEREFORE, Finland Leasing, Inc. respectfully requests that this Court enter an order denying the Motion and grant such other and further relief as is just and proper.

Dated: January 18, 2022                              SMITH KANE HOLMAN, LLC

By: __/s/ David B. Smith_____
David B. Smith, Esquire
112 Moores Road, STE 300
Malvern, Pa 19355
(610) 407-7217
dsmith@skhlaw.com
Counsel for Finland Leasing, Inc.