# EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>MIDNIGHT MADNESS DISTILLING, INC.<br><br>Debtor. | Chapter 7<br><br>Case No. 21-11750 (MDC) |

**ORDER ESTABLISHING CHAPTER 11 ADMINISTRATIVE BAR DATE AND
APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the motion of the Bonnie B. Finkel, in her capacity as the Chapter 7 trustee for the estate of the above-captioned Debtor (the "Trustee"), for an order (a) fixing a bar date for filing requests for payment, or applications for compensation and reimbursement of expenses, with respect to Chapter 11 administrative claims; and (b) approving the form and sufficiency of notice of the bar date for filing request for payment of administrative claims (the "Motion")[1]; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334 and that this matter is a core matter pursuant to 28 U.S.C. § 157(b)(7); and the Court having determined that the relief requested in the Motion is in the best interest of the Estate, creditors and other parties in interest; and it appearing that due notice of the Motion has been given to the Notice Parties and that no further notice need be given; and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is GRANTED.

2. All requests for payment, or applications for compensation and reimbursement of expenses, for Chapter 11 Administrative Claims, other than those expressly excluded from such requirement under paragraph 3 of this Order, shall be filed in this Court in writing in accordance

---

[1] Capitalized terms shall have the meanings set forth in the Motion unless otherwise defined herein.

LEGAL\55630404\2 00604.3853.000/532457.000

with section 503 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9013 on or before **MARCH 5, 2022** (the "Chapter 11 Administrative Bar Date"), and served on counsel for the Trustee, Eric L. Scherling, Esq. at Cozen O'Connor, 1650 Market Street, Suite 2800, Philadelphia, PA 19103. All Chapter 11 Administrative Claims not filed and served on or before the Chapter 11 Administrative Bar Date shall be forever barred, and the holder of any such Chapter 11 Administrative Claim shall be forever estopped and enjoined, from asserting such Chapter 11 Administrative Claim against the Estate or receiving a distribution or payment on account of such Chapter 11 Administrative Claim from the Estate.

3. The following persons and entities may, but are not required to, file and serve requests for payment, or applications for compensation and reimbursement of expenses, with respect to Chapter 11 Administrative Claims:

> (a) Any person who, or entity which, has already filed with the Court a proper request for payment, or application for compensation and reimbursement of expenses, for its entire Chapter 11 Administrative Claim in the Chapter 11 Case or this Chapter 7 Case; and
>
> (b) Any person or entity whose entire Chapter 11 Administrative Claim has been allowed by order of this Court;

4. Within five (5) business days of the date of this Order, the Trustee or her designee shall make service by mailing a copy of this Order via first class mail to (i) the Office of the United States Trustee, (ii) all creditors with claims appearing on the claims docket of the Court in the above-captioned case, (iii) all creditors listed in Schedules D, E and F of the Debtor's bankruptcy schedules, (iv) all creditors and parties to executory leases and contracts listed in

Schedule G of the Debtor's bankruptcy schedules, and (v) all parties having filed a request for notice and service of papers pursuant to Federal Rule of Bankruptcy Procedure 2002.

5. Service of this Order upon the parties identified in paragraph 4 above shall constitute good and sufficient notice of the Chapter 11 Administrative Bar Date upon all parties in interest. No further or other notice need be provided.

Dated: _____, 2022

BY THE COURT:

_____
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

**END OF ORDER**

3