United States Bankruptcy Court
Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 21-11750-mdc |
| Midnight Madness Distilling LLC | Chapter 7 |
| Midnight Madness Distilling LLC | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 3 |
| Date Rcvd: Feb 28, 2022 | Form ID: pdf900 | Total Noticed: 24 |

The following symbols are used throughout this certificate:

**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

+++     Addresses marked '+++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(e).

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 02, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Midnight Madness Distilling LLC, MAILING ADDRESS, PO Box 173, Trumbauersville, PA 18970-0173 |
| db | | Midnight Madness Distilling LLC, 118 N. Main Street, Trumbauersville, PA 18970 |
| aty | + | JOHN T. CARROLL, III, Cozen O'Connor, One Liberty Place, 1650 Market Street Suite 2800, Philadelphia, PA 19103-7325 |
| aty | + | MICHAEL W. BISHOP, 1601 Elm St., Suite 4600, Dallas, TX 75201-7212 |
| aty | + | PATRICIA B. JEFFERSON, Miles & Stockbridge, P.C., 100 Light Street, Baltimore, MD 21202-1036 |
| cr | + | Alcohol & Tobacco Tax & Trade Bureau, Daniel Peralta, Senior Counsel (Field Operations), 1301 Clay Street, Suite 650N, Oakland, CA 94612-5251 |
| cr | + | BET Investments, c/o Kurtzman Steady LLC, Jeffrey Kurtzman, Esquire, 101 N. Washington Ave, Suite 4A Margate, NJ 08402-1195 |
| cr | + | Commonwealth of Pennsylvania, Department of Labor and Industry, Collections Support Unit, 651 Boas Street, Room 925, Harrisburg, PA 17121-0751 |
| cr | + | Finland Leasing Company, PO Box 116, Quakertown, PA 18951-0116 |
| intp | + | Hoover Materials Handlings Group, Inc., c/o Turner N. Falk, Esq., Obermayer Rebmann Maxwell & Hippel LLP, Centre Square West, 1500 Market Street, Suite 3400 Philadelphia, PA 19102-2100 |
| cr | + | Isuzu Finance of America, Inc., c/o Dennis A. Dressler, Dressler Peters, LLC, 70 W. Hubbard St., Ste. 200 Chicago, IL 60654-5677 |
| acc | + | Miller Coffey Tate LLP, 1628 JFK Blvd., Suite 950, Philadelphia, PA 19103-2110 |
| cr | +++ | Millstone Spirits Group LLC, c/o Joel L. Perrell Jr., Esquire, Miles & Stockbridge P.C., 100 Light St., 10th Fl., Baltimore, MD 21202-1153 |
| sp | + | THEODORE J. ZELLER, Norris McLaughlin, 515 West Hamilton Suite 502, Allentown, PA 18101-1513 |
| cr | + | Tokyo Century (USA) Inc., c/o Dennis A. Dressler, Dressler Peters, LLC, 70 W. Hubbard St., Ste. 200 Chicago, IL 60654-5677 |
| acc | + | Whisman Giordano & Associates, LLC, 111 Continental Dr., Suite 10, Newark, DE 19713-4330 |

TOTAL: 16

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: megan.harper@phila.gov | Feb 28 2022 23:48:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Feb 28 2022 23:48:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| smg | + | Email/Text: usapae.bankruptcynotices@usdoj.gov | Feb 28 2022 23:48:00 | U.S. Attorney Office, c/o Virginia Powel, Esq., Room 1250, 615 Chestnut Street, Philadelphia, PA 19106-4404 |
| cr | + | Email/PDF: acg.acg.ebn@aisinfo.com | Feb 28 2022 23:55:53 | Ally Bank, c/o AIS Portfolio Services, LP, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| cr | + | Email/Text: megan.harper@phila.gov | Feb 28 2022 23:48:00 | CITY OF PHILADELPHIA, Tax & Revenue Unit, 1401 JOHN F. KENNEDY BLVD., 5TH FLOOR, Major Tax Litigation Division, Philadelphia, PA 19102-1595 |
| NONE | + | Email/Text: RVSVCBICNOTICE1@state.pa.us | Feb 28 2022 23:48:00 | Commonwealth of Pennsylvania Department of Revenue, Dept. 280946, Harrisburg, PA 17128-0001 |

Case 21-11750-mdc    Doc 267    Filed 03/02/22    Entered 03/03/22 00:33:42    Desc
Imaged Certificate of Notice    Page 2 of 9

| District/off: 0313-2 | User: admin | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Feb 28, 2022 | Form ID: pdf900 | Total Noticed: 24 |

| cr | + | Email/Text: accounts.receivable@uline.com | | |
|---|---|---|---|---|
| | | | Feb 28 2022 23:48:00 | Uline, 12575 Uline Drive, Pleasant Prairie, WI 53158-3686 |
| br | | Email/Text: auctions@comly.com | | |
| | | | Feb 28 2022 23:48:00 | Wm. F. Comly & Son, Inc., 1825 E. Boston Street, Philadelphia, PA 19125-1296 |

TOTAL: 8

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 02, 2022          Signature:     /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 28, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| ANTHONY ST. JOSEPH | on behalf of Creditor United States of America on behalf of Alcohol Tobacco, Tax and Trade Bureau anthony.stjoseph@usdoj.gov, mardella.suarez@usdoj.gov,CaseView.ECF@usdoj.gov |
| BONNIE B. FINKEL | finkeltrustee@comcast.net NJ69@ecfcbis.com;Finkeltrustee@comcast.net |
| CAROL E. MOMJIAN | on behalf of Commonwealth of Pennsylvania Department of Revenue cmomjian@attorneygeneral.gov |
| DAVID B. SMITH | on behalf of Creditor Finland Leasing Company dsmith@skhlaw.com b.dr70286@notify.bestcase.com |
| EVERETT K. SHEINTOCH | on behalf of Creditor Isuzu Finance of America Inc. esheintoch@sheintochlaw.com, ssilenzi@sheintochtodd.com |
| EVERETT K. SHEINTOCH | on behalf of Creditor Tokyo Century (USA) Inc. esheintoch@sheintochlaw.com ssilenzi@sheintochtodd.com |
| HARRY J. GIACOMETTI | on behalf of Debtor Midnight Madness Distilling LLC harry.giacometti@flastergreenberg.com harry.giacometti@ecf.inforuptcy.com;jennifer.vagnozzi@flastergreenberg.com;giacometti.flastergreenberg@gmail.com;jeanne.valentino@flastergreenberg.com |
| HOWARD GERSHMAN | on behalf of Creditor PACCAR Financial Corp. hg229ecf@gmail.com 229ecf@glpoc.comcastbiz.net |
| JEFFREY KURTZMAN | on behalf of Creditor BET Investments Kurtzman@kurtzmansteady.com |
| JENNIFER L. MALESKI | on behalf of Creditor PNC BANK NATIONAL ASSOCIATION jmaleski@dilworthlaw.com, mdolan@dilworthlaw.com;cchapman-tomlin@dilworthlaw.com |
| JENNIFER L. MALESKI | on behalf of Creditor PNC Equipment Finance LLC jmaleski@dilworthlaw.com, |

District/off: 0313-2    User: admin    Page 3 of 3
Date Rcvd: Feb 28, 2022    Form ID: pdf900    Total Noticed: 24

| | |
|---|---|
| | mdolan@dilworthlaw.com;cchapman-tomlin@dilworthlaw.com |
| JENNIFER L. MALESKI | on behalf of Creditor Bancshares Realty LLC jmaleski@dilworthlaw.com, mdolan@dilworthlaw.com;cchapman-tomlin@dilworthlaw.com |
| JOEL L. PERRELL | on behalf of Creditor Millstone Spirits Group LLC jperrell@MilesStockbridge.com |
| JOHN T. CARROLL, III | on behalf of Trustee BONNIE B. FINKEL jcarroll@cozen.com jdeeney@cozen.com;pgiordano@cozen.com;john-carroll-2735@ecf.pacerpro.com |
| JULIE A. CALLSEN | on behalf of Creditor Berlin Packaging L.L.C. julie.callsen@tuckerellis.com, brittany.falkner@tuckerellis.com;thomas.fawkes@tuckerellis.com |
| KEVIN P. CALLAHAN | on behalf of U.S. Trustee United States Trustee kevin.p.callahan@usdoj.gov |
| MATTHEW A. HAMERMESH | on behalf of Creditor Agtech VI LLC mhamermesh@hangley.com, ecffilings@hangley.com;kem@hangley.com;mjl@hangley.com |
| MATTHEW A. HAMERMESH | on behalf of Creditor ETOH Worldwide LLC mhamermesh@hangley.com ecffilings@hangley.com;kem@hangley.com;mjl@hangley.com |
| MEGAN N. HARPER | on behalf of Creditor CITY OF PHILADELPHIA megan.harper@phila.gov Edelyne.Jean-Baptiste@Phila.gov |
| MICHAEL G. MENKOWITZ | on behalf of Anthony Lorubbio mmenkowitz@frof.com brian-oneill-fox-5537@ecf.pacerpro.com;jdistanislao@foxrothschild.com |
| TURNER N. FALK | on behalf of Interested Party Hoover Materials Handlings Group Inc. turner.falk@obermayer.com, coleen.schmidt@obermayer.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |
| WILLIAM J. BURNETT | on behalf of Debtor Midnight Madness Distilling LLC william.burnett@flastergreenberg.com william.burnett@ecf.inforuptcy.com;jennifer.vagnozzi@flastergreenberg.com;jeanne.valentino@flastergreenberg.com |
| WILLIAM J. BURNETT | on behalf of Accountant Whisman Giordano & Associates LLC william.burnett@flastergreenberg.com, william.burnett@ecf.inforuptcy.com;jennifer.vagnozzi@flastergreenberg.com;jeanne.valentino@flastergreenberg.com |
| WILLIAM J. BURNETT | on behalf of Broker Wm. F. Comly & Son Inc. william.burnett@flastergreenberg.com, william.burnett@ecf.inforuptcy.com;jennifer.vagnozzi@flastergreenberg.com;jeanne.valentino@flastergreenberg.com |

TOTAL: 25

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| Midnight Madness Distilling LLC, | : | |
| Debtor. | : | Bankruptcy No. 21-11750-MDC |

# ORDER GOVERNING PROCEDURES AT EVIDENTIARY HEARING CONDUCTED REMOTELY BY VIDEO CONFERENCE

**AND NOW WHEREAS**, it is necessary and appropriate to conduct an evidentiary hearing in the above case in connection with 1) *the Motion of ETOH Worldwide, LLC for Allowance of Expense Reimbursement and to Compel Payment,*[1] and 2) *the Motion of ETOH Worldwide, LLC and Agtech VI, LLC for Allowance of Administrative Expenses.*[2]

**AND**, the court having **SCHEDULED** a hearing (the "Hearing") on **March 18, 2022, at 10:30 a.m.**

**AND**, due to the limitations on public gatherings imposed by public health authorities in response to the COVID-19 pandemic, it being impractical to conduct the Hearing in the ordinary course in the courtroom.

**AND**, therefore, there being compelling circumstances justifying conducting the Hearing remotely by video conference pursuant to Fed. R. Bankr. P. 9017 (incorporating Fed. R. Civ. P. 43(a)).

---

[1] Bankr. Docket No. 187.

[2] Bankr. Docket No. 211.

It is therefore **ORDERED** that the parties shall comply with the following procedures in connection with the Hearing:

**Pretrial Disclosure Requirements**

1. **On or before March 11, 2022, by 5:00 p.m. (ET)**, any party intending to call a witness to testify by video conference ("the Remote Witness") shall file and serve[3] a Remote Witness List setting forth the following:

   a. the name and title of the Remote Witness.
   b. a summary of subject matter of the anticipated testimony.
   c. an e-mail address for the witness.[4]
   d. the location of the Remote Witness (city, state, country).
   e. the place from which the Remote Witness will testify (e.g. home, office – no addresses are required).
   f. whether any other person(s) will be in the room with the Remote Witness during the testimony, and if so, who (name, title and the other person(s)' relationship to the Remote Witness), and the purpose of the other person(s)' presence.
   g. whether the Remote Witness will have access to any documents other than exhibits included on the Exhibit List required by Paragraph 3 below and, if so, a description of those documents and the reason why they have not been included on the Exhibit List.

2. **On or before March 11, 2022, by 5:00 p.m. (ET)**, any party intending to offer into evidence in its case in chief or otherwise use at the Hearing any exhibits shall:

   a. pre-mark each exhibit.
   b. serve each party who has appeared in the matter(s) being heard at the

---

[3] It is contemplated and preferred that all service required by this Order will be accomplished by e-mail. However, other means of service are acceptable so long as the document to be served is received within one (1) business day of service.

[4] The witness' e-mail address provides a means for opposing parties to communicate with the witness (when that is legally permissible) as well as a means for service of exhibits to be used in connection with the witness' examination by opposing counsel during the Hearing.

2

                    Hearing with a list of each exhibit ("the Exhibit List").

        c.        serve each party with each pre-marked exhibit on the Exhibit List.[5]

        d.        deliver the Exhibit List and the exhibits to the court by e-mailing them to the Courtroom Deputy at Eileen_Godfrey@paeb.uscourts.gov.

3.        A party that wishes to use an exhibit in connection with the examination or cross-examination of a witness shall serve the witness with each such exhibit (with notice to all other parties) at least 24 hours prior to the Hearing.

4.        If a party anticipates the possibility of offering into evidence or otherwise using exhibits at the Hearing in the party's case in rebuttal:

        a.        On the same date as set forth in Paragraph 2, the party shall prepare a Rebuttal Exhibit List and shall e-mail the Rebuttal Exhibit List and all rebuttal exhibits to the Courtroom Deputy.

        b.        The court will retain, without reviewing, the Rebuttal Exhibit List and the rebuttal exhibits unless and until the party seeks to use a rebuttal exhibit at the Hearing.

        c.        If a party seeks to use a rebuttal exhibit, the rebuttal exhibit will then be e-mailed to all parties participating in the Hearing and the witness. If appropriate, the court will take a short recess to allow the other parties to review the exhibit.[6]

5.        **FAILURE TO COMPLY STRICTLY WITH THE REQUIREMENTS OF PARAGRAPHS 1-4 MAY RESULT IN THE EXCLUSION OF EVIDENCE OFFERED DURING THE HEARING**.

---

[5] If an exhibit is on the docket, counsel may reference the applicable CM/ECF docket number rather than serving the exhibit itself on opposing counsel. However, an exhibit used in connection with the testimony of a witness must be supplied to the witness.

[6] The procedures in Paragraph 3 are included because there are situations in which a party may legitimately wish to hold back a rebuttal exhibit and use it only if necessary due to the developments during a hearing. If no such concerns exist, nothing in this Order precludes a party from including rebuttal exhibits on the primary Exhibit List and labeling them as such.

**Technological and Logistical Protocols**

6. Any attorney or party or representative of a party wishing to attend the Hearing and participate by video shall notify the Courtroom Deputy at least 72 hours prior to the Hearing in order to obtain the access information to the Hearing.[7]

7. **EACH PARTY CALLING A WITNESS IS RESPONSIBLE FOR PROVIDING THE ZOOM LINK TO THE WITNESS**.

8. **ALL AUDIO WILL BE THROUGH THE ZOOM WEBSITE. IT IS STRONGLY PREFERRED THAT ALL PARTICIPANTS EMPLOY THE COMPUTER AUDIO OPTION, RATHER THAN THE TELEPHONIC OPTION AVAILABLE ON THE ZOOM WEBSITE.**

9. When signing into Zoom, each participant shall use their first and last name as their screen name, not an e-mail address or nickname.

10. Counsel and parties must treat the proceeding as if it were in open court so appropriate dress and decorum are required.

11. To reduce the risk of transmission problems with the video or audio during the Hearing, the parties should, when possible, limit themselves to one (1) participating attorney and it is preferable that those persons who do not anticipate addressing the court limit themselves to audio participation. The court reserves the right to limit the attendance of non-litigants and their counsel to receipt of audio.

12. No participant may use a virtual background without Court permission. Any virtual background must be dignified and respectful. The background may not contain any

---

[7] An attorney may make the request on behalf of a client or client representative.

4

messages or background that is political or that may influence the witness or the proceeding or that is otherwise inappropriate. **FAILURE TO COMPLY WITH THIS PARAGRAPH MAY RESULT IN THE IMPOSITION OF SANCTIONS**.

13. During testimony by a party or witness, no one is permitted to communicate - via text or chat application or any other means - with the testifying witness except by way of on the record oral questions directed toward that witness.

14. All participants must appear on camera during the entire hearing, whether or not they are speaking, unless the Court directs otherwise. No participant shall be permitted to attend or participate in a hearing being conducted on Zoom by telephone only without prior Court approval, which shall be requested by such participant or their counsel no later than 24 hours prior to the scheduled start of the hearing.

15. All participants shall make their best efforts to ensure that they are attending the Zoom hearing from a location which affords stable, reliable Internet access with sufficient connection speed to permit them to attend and participate in the hearing without interruption. Each party or their counsel shall communicate this requirement to any witnesses to be called on such party's behalf and shall coordinate with such witnesses to identify a suitable location from which to attend the hearing.

16. Participants must limit or eliminate possible background distractions.

17. If during the course of the proceeding it becomes necessary for counsel to consult with a client in private, counsel request to be sent to a breakout room for a short time to have a private conversation. However, this Paragraph does not apply when the client is in the midst of testifying.

18. **CONSISTENT WITH JUDICIAL CONFERENCE POLICY, NO PERSON MAY RECORD THE VIDEO OR AUDIO OF THE HEARING. FAILURE TO COMPLY WITH THIS PARAGRAPH MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

Dated: February 28, 2022

*Magdeline D. Coleman*
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Harry J. Giacometti, Esquire
William J. Burnett, Esquire
Flaster/Greenberg, PC
1835 Market Street, Suite 1050
Philadelphia, PA 19103

Matthew A. Hamermesh, Esquire
Hangley Aronchick Segal Pudlin & Schiller
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933

Joel L. Perrell Jr., Esquire
Patricia B. Jefferson, Esquire
Miles & Stockbridge P.C.
100 Light Street, 10th Floor
Baltimore, MD 21202

John T. Carroll, III, Esquire
Cozen O'Connor
One Liberty Place, Suite 2800
1650 Market Street
Philadelphia, PA 19103

Bonnie B. Finkel, Esquire
P.O. Box 1710
Cherry Hill, NJ 08034

Kevin P. Callahan, Esquire
United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912

6