# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>MIDNIGHT MADNESS DISTILLING, INC.<br><br>Debtor. | Chapter 7<br><br>Case No. 21-11750 (MDC)<br><br>**Objection Deadline:**<br>April 5, 2023<br><br>**Hearing Date:**<br>April 12, 2023 at 10:30 a.m. (ET) |

**APPLICATION OF BONNIE B. FINKEL, CHAPTER 7 TRUSTEE OF THE ESTATE OF MIDNIGHT MADNESS DISTILLING, INC. PURSUANT TO 11 U.S.C. §§ 327(e) & 328 FOR AUTHORITY TO EMPLOY AND RETAIN COREN & RESS, P.C. AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 7 TRUSTEE TO PURSUE LITIGATION CLAIMS *NUNC PRO TUNC*, EFFECTIVE AS OF FEBRUARY 17, 2023**

Bonnie B. Finkel, the duly appointed chapter 7 trustee (the "Trustee") for the bankruptcy estate of the Debtor, Midnight Madness Distilling, Inc. (the "Debtor" or "Estate"), hereby submits this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit C** (the "Retention Order") pursuant to sections 327 and 328, and 330 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Rules") authorizing the employment and retention of Coren & Ress, P.C. ("C&R" or the "Firm") as special counsel to the Trustee to pursue certain litigation claims (as defined below).

In support of this Application, the Trustee relies on the declaration of Steven M. Coren, (the "Coren Declaration"), attached hereto as **Exhibit A** and incorporated herein by reference herein. In further support of the Application, the Trustee respectfully represents as follows:

1

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), because it is a matter concerning the administration of the Estate.

2.      Venue of this Chapter 7 Case and this Application is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

3.      The statutory predicates for the relief sought herein are section 327(e), 328 and 330 of the Bankruptcy Code, Rules 2014 and 2016 of the Bankruptcy Rules; and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4.      On June 21, 2021 (the "Petition Date"), the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") for relief under Chapter 11 of Title 11 of the Bankruptcy Code.

5.      On October 13, 2021, the Bankruptcy Court entered an order converting the Debtor's bankruptcy case from a case under Chapter 11 to a case under Chapter 7 of the Bankruptcy Code and the Office of the United States Trustee appointed Bonnie B. Finkel to serve as the Trustee on October 14, 2021.

6.      The Trustee has decided, subject to this Court's approval, to retain C&R as the Trustee's special counsel to aid the Trustee in her duty to collect assets of the Debtor's estate including the litigation claims which are more fully described and defined below.

## RELIEF REQUESTED

7.      By this Application, and in furtherance of her authority under sections 327 and 328 of the Bankruptcy Code, the Trustee hereby requests entry of the proposed Retention Order authorizing the employment of C&R as special counsel and to perform services as described in the

2

Fee Agreement (the "Fee Agreement") entered into by C&R and the Trustee, a copy of which is attached hereto and incorporated herein as **Exhibit B**. Subject to the terms and conditions set forth in the Fee Agreement, C&R is being retained *inter alia* to (i) to investigate various transactions, relationships, dealings, transfers and agreements by, between, among or with respect to the Debtor, former managers and members of the Debtor, entities owned or controlled by former managers and members of the Debtor, equity holders and note holders of the Debtor, other insiders and their affiliates, and various third parties, including, but not limited to, transactions whereby former members of the Debtor may have wrongfully diverted assets and opportunities of the Debtor to third parties; (ii) to pursue any claims or matters as the Trustee shall desire with respect to any claims, causes of action or other theories of recovery against one or more of the parties identified in sub-section (i) above relating to the described transactions or other matters identified by the Trustee (collectively, the "Litigation Claims"), including claims for preference, fraudulent conveyance, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, corporate waste, successor liability, conversion, and equitable subordination; (iii) to assist the Trustee in the preparation of necessary applications, complaints, answers, orders, reports and all other pleadings with respect to the Litigation Claims; and, (iv) to provide any and all other legal services to the Trustee which may be necessary or desirable with respect to the Litigation Claims in this chapter 7 case (the "Chapter 7 Case"), pursuant to sections 547 through 550 of the Bankruptcy Code.

8. The Trustee reserves the right to broaden or expand the engagement of C&R as appropriate in the exercise of her business judgment, in which event the expanded engagement shall be disclosed by a Supplemental Declaration to be filed by C&R.

LEGAL\61949757\1 6043853\00532457

**BASIS FOR RELIEF**

9. Section 327(e) of the Bankruptcy Code allows the Trustee to employ, with the Court's approval, an attorney for a specified special purpose if in the best interests of the Estates, and if such attorney does not represent or hold any interest adverse to the debtor or to the Estates with respect to the matter on which such attorney is to be employed. 11 U.S.C. § 327(e).

10. The Trustee seeks to retain C&R as special litigation counsel because of C&R's extensive experience and knowledge with respect to litigation matters involving bankruptcy, insolvency, corporate reorganization, debtor/creditor law, and commercial litigation. The Trustee believes that C&R is both well-qualified and uniquely able to represent her in these matters in a most efficient and timely manner.

11. Attorneys at C&R have broad-based experience and a respected reputation in commercial and bankruptcy litigation. Through C&R, the Trustee will have the benefit of such knowledge and experience, as well as the ability to call upon other attorneys within C&R with expertise in other specialized areas of law as may be needed.

 **A.** **Compensation for Investigation and Pursuit of Litigation Claims.**

12. C&R has agreed to perform its services in this matter on a contingent fee equal to Thirty-Five Percent (35%) of the "Financial Benefit" (as defined in Section 3.1 of the Fee Agreement) hereafter recovered or obtained by or on behalf of the Trustee and/or the Debtor's Estate in connection with the Litigation Claims, whether recovered by final/non-appealable settlement, judgment, award, verdict, order or otherwise (the "Contingent Fee").

 **B.** **Payment of Costs and Expenses**.

13. C&R shall be entitled, out of the Trustee's/Debtor's Estate's Sixty-Five Percent (65%) share of the Financial Benefit, to reimbursement of all out-of-pocket costs and expenses incurred in connection with the investigation and prosecution of the Litigation Claims, including,

but not limited to, costs and expenses for filing fees, expert fees and expenses, document management and document hosting fees, outside consultant fees and expenses, postage, travel, couriers, meals, lodging, court reporters, transcripts, and photocopying.

14. C&R may seek interim compensation as permitted by section 331 of the Bankruptcy Code.

15. The terms and conditions of the C&R engagement are embodied in the Fee Agreement (Exhibit "B" hereto). In the event of a conflict between this Application and the Fee Agreement, the terms and conditions of the Fee Agreement shall prevail and control.

16. C&R will work closely with Cozen O'Connor, as general counsel to the Trustee, to avoid duplication of effort.

17. No previous application for the relief sought herein has been made to this or any other Court.

18. C&R has neither shared nor agreed to share with any person compensation to be received in this case, other than as permitted by the Bankruptcy Code.

**C.    <u>Disinterestedness of Professionals.</u>**

19. To the best of the Trustee's knowledge, information and belief, based upon and made in reliance on the Coren Declaration, as required by section 327(a) of the Bankruptcy Code, C&R (i) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (ii) holds no interest adverse to the Trustee and the Estate in connection with the matter for which C&R is to be employed, and (iii) has no connections to the Trustee, the Debtor, the Debtor's creditors, and the United States Trustee, Assistant United States Trustee for the Eastern District of Pennsylvania, any person employed with the Office of the United States Trustee for the Eastern District of Pennsylvania, or any Judges of the Eastern District of Pennsylvania Bankruptcy Court except as disclosed in the Coren Declaration.

20. Accordingly, the Trustee submits that C&R's representation is permissible under section 327(e) of the Bankruptcy Code and is in the best interest of all creditors of the Estates.

21. Further, the Trustee believes that the employment of C&R is needed to assist the Trustee in carrying out the Trustee's duties and that the anticipated costs of such services are warranted and will be beneficial to the administration of the estate. The Trustee anticipates recoveries from potential adversary actions as well as from preference recoveries, and it is the Trustee's goal to cover administrative costs and make a meaningful distribution to unsecured creditors.

## NOTICE

22. A copy of this Application has been provided to (i) the United States Trustee, (ii) counsel to the Debtor and (iii) the Clerk's Service List. The Trustee respectfully submits that, in light of the nature of the relief requested, that no further notice of this Application is necessary. (collectively, the "Notice Parties"). The Trustee respectfully submits that no further notice of this Application is necessary.

## CONCLUSION

WHEREFORE, the Trustee respectfully that this Court enter an order, substantially in the form of the order attached hereto, authorizing the retention of C&R, as special litigation counsel to the Trustee, *nunc pro tunc* effective as of February 17, 2023, in connection with the Chapter 7 Case and grant such other and further relief as is just or proper.

Dated: March 10, 2023    By:    */s/ Bonnie B. Finkel*
                                 Bonnie B. Finkel, Trustee for the
                                 Bankruptcy Estate of Midnight Madness
                                 Distilling, Inc.