**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>MIDNIGHT MADNESS DISTILLING LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 21-11750 (MDC)<br><br>**Hearing Date: May 17, 2023 at 10:30 a.m.**<br>**Objection Deadline: May 10, 2023** |

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER PURSUANT TO
BANKRUPTCY RULE 2004 AND LOCAL BANKRUPTCY RULE 2004-1
DIRECTING THE PRODUCTION OF DOCUMENTS**

Bonnie B. Finkel, in her capacity as the Chapter 7 trustee (the "Trustee") for the bankruptcy estate of debtor Midnight Madness Distilling LLC (the "Debtor"), hereby files this motion (this "Motion") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Rules") for entry of an order, substantially in the form attached hereto as **Exhibit A**, directing American Express National Bank and any of its affiliates or subsidiaries (collectively, "AmEx") to produce all documents and information within AmEx's possession, custody, or control that are responsive to the requests attached as **Exhibit B** (the "Document Requests"). In support of this motion (the "Motion"), the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

1

**BACKGROUND**

3.      On June 21, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

4.      On October 13, 2021, this Court entered an order converting the Debtor's Chapter 11 bankruptcy case (the "Chapter 11 Case") to a case under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Case") [Doc. No. 191].

5.      On October 14, 2021, the Trustee was appointed. *See* Doc. No. 192.

6.      On December 21, 2021, the Trustee presided over the meeting of creditors under 11 U.S.C. § 341(a).

7.      As the chapter 7 trustee for the Debtor's estate, the Trustee has the authority to investigate the acts, conduct, assets, liabilities, and financial condition of the Debtor and litigate affirmative claims of and object to claims asserted against the Debtor pursuant to 11 U.S.C. §§ 1106 and 704.

8.      Based on the Debtor's records, just weeks prior to the Petition Date, the Debtor paid approximately $202,000.00 to AmEx.

9.      AmEx has filed Claim No. 7-2 (the "AmEx Claim") in the Debtor's Chapter 7 Case, asserting a claim against the Debtor's estate in the amount of $315,863.50. A copy of the AmEx Claim is attached hereto as **Exhibit C**. The documents attached to the AmEx Claim relate to an account ending in "1001," with account holders "Theo & Opp" and "Casey S Parzych." However, the charges to the corporate account include charges from many other corporate card holders, including:

| NAME | LAST FOUR DIGITS OF CARD |
|---|---|
| Casey S Parzych | 1001 |
| Kelly Dolan | 5051 |
| John F Pitts | 1068 |
| Andrew Lyons | 1076 |
| Chris Mejia | 1126 |
| Jacob Keller | 4179 |
| Ian Kobos | 2298 |
| Casey Coughlin | 2355 |
| Kelli Scozzaro | 2371 |
| Chris Herman | 2538 |
| Stone Snyder | 1555 |
| Larry Parzych | 1563 |
| Adam Wieand | 1688 |
| John Pitts | 1704 |
| Taylor Heitz | 1712 |
| Andrew Gazzam | 1720 |
| Ryan Dellaquila | 1738 |
| Michael Cozza | 1746 |
| Robert Loughlin | 1753 |
| Pat Thompson | 1761 |
| Jake Hafler | 1779 |
| Andrew Zimmerman | 1787 |
| Austin Hillegass | 1795 |
| Nathan Longacre | 1803 |
| Michael Blackmon | 1811 |

LEGAL\62400709\2 6043853/00532457

10. On March 17, 2023, the Trustee sent an email to AmEx's legal counsel in this Chapter 7 Case, seeking production of certain monthly statements issued by AmEx containing all charges and payments on the above-referenced accounts and cards.

11. By a response email dated the same day, AmEx's legal counsel indicated that it was not authorized to produce the documentation requested by the Trustee, but the Trustee could extend the request directly to AmEx through its subpoena department.

## RELIEF REQUESTED

12. Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, directing AmEx to produce all documents within AmEx's possession, custody, or control, that are responsive to the requests attached as **Exhibit B**.

## BASIS FOR THE RELIEF REQUESTED

13. Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity[]" relating to (among other things) "the acts, conduct, or . . . liabilities and financial condition of the debtor," or "any matter which may affect the administration of the debtor's estate[.]" *See* Fed. R. Bankr. P. 2004(a)-(b).

14. Courts have consistently recognized that Rule 2004 gives parties in interest great latitude in seeking discovery concerning the debtor. *See, e.g.*, *In re Teleglobe Comm'ns Corp.*, 493 F.3d 345, 354 n.6 (3d Cir. 2007); *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) ("[T]he scope of Rule 2004 is broad and unfettered, and has been likened to a 'fishing expedition' and 'an inquisition.'"), *cited in* *DeWitt v. First Nat'l Bank of Pa. (In re DeWitt)*, 608 B.R. 794, 797-98 (Bankr. W.D. Pa. 2019); *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008) ("The scope of *Rule 2004* examinations is recognized

4

as broad, unfettered and in the nature of a 'fishing expedition.' It is therefore proper to give the 'scope of examination' provision set forth in *Rule 2004(b)* a broad reading to effectuate the overall purpose behind the Rule.") (internal citations omitted).

15. The Trustee seeks the production of documents from AmEx relevant to the Debtor's financial condition and the administration of the Debtor's estate. Specifically, the Trustee seeks this documentation to better understand the basis for the large payment shortly before the Petition Date, to assess the existence of any potential claims to avoid and recover the relevant monetary transfers pursuant to Chapter 5 of the Bankruptcy Code, to evaluate the validity of AmEx's proof of claim, and to evaluate potential claims against other entities and individuals.

16. As AmEx has indicated that it will not produce the requested documentation without the issuance of a subpoena, the Trustee has prepared this Motion and the accompanying subpoena (the "**Subpoena**") attached as **Exhibit D.**

## LOCATION OF PRODUCTION

17. Bankruptcy Rule 2004(c) provides that "[t]he attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at hearing or trial." Bankruptcy Rule 9016 states that Rule 45 of the Federal Rules of Civil Procedure applies in bankruptcy cases. Rule 45(c)(2) provides that a subpoenaed party may be required to attend at any place within 100 miles from the place where that person resides, is employed, or transacts business in person.

18. Here, the Trustee proposes to conduct the document production via electronic discovery such that there will be no inconvenience to AmEx.

5

**CERTIFICATION OF COUNSEL**

19.     Pursuant to Local Rule 2004-1(a) and (b)(3), as stated above, prior to filing this Motion seeking the production of documents pursuant to Bankruptcy Rule 2004, the Trustee attempted to consult with AmEx through its legal counsel to reach an agreement on the date, time, place, and scope of the production of documents, but no agreement was reached.

**RESERVATION OF RIGHTS**

20.     The Trustee reserves all rights to serve additional requests for documents or conduct examinations of any persons in this case pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 or otherwise, and to propound other or additional discovery requests in connection with this Chapter 7 Case.

**NOTICE**

21.     The Trustee will provide notice of this Motion to the following parties or their respective counsel: (a) the Office of the United States Trustee; and (b) AmEx.

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A** and grant the Trustee such other and further relief as this Court deems appropriate.

6

| | |
|---|---|
| Dated:  April 14, 2023 | By:  */s/ Marla S. Benedek* <br>John T. Carroll, III, Esquire <br>Marla S. Benedek, Esquire <br>Cozen O'Connor <br>One Liberty Place <br>1650 Market Street <br>Suite 2800 <br>Philadelphia, PA  19103 <br>Phone:   (302) 295-2028 <br>Fax No. (215) 701-2140 <br>Email:  jcarroll@cozen.com <br>Email:  mbenedek@cozen.com <br><br>*Counsel to Bonnie B. Finkel,* <br>*Chapter 7 Trustee* |

7