# EXHIBIT "B"

## EXHIBIT B

### Instructions and Definitions

**Please produce documents and information in accordance with the following instructions and definitions:**

1. All instructions set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the Federal Rules of Civil Procedure are incorporated herein by reference. The Definitions specified in these requests shall apply to the Instructions below.

2. In response to the following requests, You are requested to produce all information and Documents that are in the possession, custody, or control of You or any of Your employees, agents, representatives, attorneys, investigators, or any other person acting or purporting to act on Your behalf.

3. Each request herein for a Document or Documents to be produced, whether memoranda (including interoffice memoranda, intraoffice memoranda, memoranda for files, and memoranda of telephone, meeting, or other conversations), reports, letters, financial statements, or other Documents of any description, requires the production of the Document or Documents in their entirety without redaction, abbreviation ,or expurgation and including all attachments affixed to the Document. If a Document cannot be produced in its entirety, you shall produce the Document to the extent possible and indicate in Your written response what portion of the Document is not produced and why it could not be produced. If any portion of any Document is redacted, please state with specificity the basis or ground for the redaction.

4. If you contend that no Documents or information exists concerning all or party of a request, You shall state this contention and respond as fully as possible to all parts of the request for which information or Documents do exist.

1

5.	Documents and information are to be produced in a way that identifies the request or requests to which each Document and piece of information applies, or as they are maintained in the usual course of business.  Documents to be produced shall be the original of all Documents in the regular files as maintained, together with any Documents that were stapled, clipped, or attached to them and any originals or copies containing handwriting.  A complete and legibile copy may be produced in lieu of producing the Document itself.

6.	With respect to any Documents called for by these requests but that are no longer in Your possession, custody, or control because of destruction or loss, or because they cannot be produced for any other reason, list for each such Document: (a) the type of Document (*e.g.*, letter or memorandum); (b) the contents of the Document; (c) the date of the Document; (d) the author of the Document; (e) the addressee and any other recipients of the Document; (f) the relationship of the author, addressees, and recipient to each other; and (g) the manner and date of disposition of the Document.

7.	If you object to a portion or any aspect of a request, state the grounds of your objection with specificity and respond to the remainder of the request. Where a claim of privilege is asserted in objection to producing any Document, or any portion thereof, or to disclosing any information contained therein, then with respect to each such Document, provide separately, in writing, at the time of the response, the following information: (a) the nature of the privilege (including work produce) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and (b) unless divulgence of such information would cause disclosure of the allegedly privileged information, (i) the title of the Document, (ii) the type of Document (*e.g.*, letter, note, or memorandum), (iii) the date of the Document, (iv) the subject matter of the Document, (v) the

2

identities of all persons who authored the Document, or assisted in its preparation, or in whose name the Document was prepared, (vi) the identities of all persons to whom the Document was addressed, and (vii) the identities of all other persons to whom the Document was sent, or who received, has seen, has had possession or custody of, or has had disclosed to them the contents of the Document or nay copies thereof.

8. If the requested Documents are maintained in a file, the file folder is included in the request for production of those Documents.

9. These requests are continuing in nature and require You to supplement Your production if You come into possession, custody, or control of responsive Documents or things between the time of initial production and the time of any litigation in or in connection with the above-captioned case.

10. Unless otherwise indicated in a specific request, these requests seek all Documents in existence from one (1) year prior to June 21, 2021 (the "Petition Date") through the Petition Date.

11. As used herein, the term "Debtor" or "Midnight Madness Distilling LLC" refers to Midnight Madness Distilling LLC, as well as any of its predecessors-in-interest, parents, subsidiaries, divisions, units, affiliates, partners, directors, officers, employees, representatives, advisors, agents, attorneys, consultants, and any other person acting on its behalf.

12. As used herein, the words "Document" and "Documents" shall include the plural and shall mean without limitation all written, printed, or graphic matter of any kind, or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copy or otherwise, including,

3

but not limited to: e-mail, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, telecopies, bulletins, offers, notations or recordings of any sort of conversations (including telephone conversations and meetings), or other communications, interoffice and intra-office telephone calls, diaries, chronological data, minutes, agendas, books, reports, charts, ledgers, invoices, statements, receipts, returns, computer printouts, prospectus, financial statements, work sheets, accountant's notes, work papers, schedules, affidavits, contracts, cancelled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases, (and any and all drafts, alterations, modifications, changes, and amendments of any of the foregoing,) graphic or oral records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures, and electronic, mechanical, or electric recordings or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings). The term also refers to and includes all metadata associated with the subject Document.

13. As used herein, the term "communication" shall include the plural and refers to each and every means of transmitting information to another person and/or entity, including but not limited to transmissions of information by electronic mail, writing, speaking, telephone, facsimile, telegram, and/or recording. "Communication" shall mean every manner or means of disclosure, transfer, or exchange of information of any kind in the form of facts, ideas, inquiries, or otherwise, whether orally or by Document, whether face-to-face, by telephone, telecopier, any form of video transmission, mail, e-mail, facsimile, personal delivery, overnight delivery, computer transmission, or otherwise.

14. As used herein, the words "American Express National Bank," "You" or "Your" refers to American Express National Bank and any of its affiliates, subsidiaries, predecessors,

4

successors, parents, or divisions, and their respective officers, directors, agents, attorneys, accountants, assigns, employees, partners, other persons occupying similar positions or performing similar functions, or other persons or entities under Your control or direction.

15. The "Bankruptcy Case" refers to the Chapter 7 bankruptcy case of Midnight Madness Distilling LLC pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Case No. 21-11750 (MDC).

16. The phrase "possession, custody, or control," when used herein in connection with a Document, specifically includes any Document or copy thereof that You have the right to secure from any other person or entity having actual possession of the Document or a copy thereof.

17. As used herein, the terms "person" or "persons" mean natural persons, firms, partnerships, associations, joint ventures, corporations, and all other types of business, social, or fraternal groups or entities.

18. As used herein, the term "including" means including, without limitation.

19. As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively as required by the context to elicit all information requested and discoverable within the scope of this request.

20. The use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular verb shall be deemed to include the plural, and vice versa.

21. As used herein, the term "concerning" includes regarding, referring to, relating to, reflecting or reflecting upon, mirroring, addressing, discussing, forming the basis of, discussing, analyzing, supporting, constituting, comprising, containing, evidencing, setting forth, showing, disclosing, embodying in, forming the basis of, in connection with, commenting on, responding

5

to, demonstrating, declaring, describing, analyzing, explaining, summarizing, mentioning, evidencing, or reflecting any event, act, or occurrence.

22. All other terms used herein are intended to have the same meaning that they have in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Eastern District of Pennsylvania, and the Federal Rules of Civil Procedure, unless the context requires a different meaning.

**Document Requests**

1. Any monthly statements or other Documents issued by American Express National Bank or any of its affiliates or subsidiaries in reference to accounts held by or related to Midnight Madness Distilling LLC, Theobald & Oppenheimer LLC, "Theo & Opp," and/or Casey S. Parzych in the one (1) year prior to June 21, 2021 (the "Petition Date"), including but not limited to the following accounts and card numbers:

| NAME | LAST FOUR DIGITS OF ACCOUNT/CARD NUMBER |
|---|---|
| Casey S Parzych | 1001 |
| Kelly Dolan | 5051 |
| John F Pitts | 1068 |
| Andrew Lyons | 1076 |
| Chris Mejia | 1126 |
| Jacob Keller | 4179 |
| Ian Kobos | 2298 |
| Casey Coughlin | 2355 |
| Kelli Scozzaro | 2371 |
| Chris Herman | 2538 |
| Stone Snyder | 1555 |
| Larry Parzych | 1563 |
| Adam Wieand | 1688 |

| John Pitts | 1704 |
| --- | --- |
| Taylor Heitz | 1712 |
| Andrew Gazzam | 1720 |
| Ryan Dellaquila | 1738 |
| Michael Cozza | 1746 |
| Robert Loughlin | 1753 |
| Pat Thompson | 1761 |
| Jake Hafler | 1779 |
| Andrew Zimmerman | 1787 |
| Austin Hillegass | 1795 |
| Nathan Longacre | 1803 |
| Michael Blackmon | 1811 |

2. Any monthly statements or other Documents issued by American Express National Bank or any of its affiliates or subsidiaries in reference to accounts referenced in Claim No. 7-2, filed by American Express National Bank in the Bankruptcy Case. A copy of the claim is attached to the accompanying Rule 2004 Motion as Exhibit C.

3. Any Documents, communications, and information regarding the amount and date of payments that were made by, or on behalf of, Midnight Madness Distilling LLC, Theobald & Oppenheimer LLC, and/or Casey S. Parzych to American Express National Bank or any of its affiliates or subsidiaries during the one (1) year prior to the Petition Date.

4. Any and all other Documents, communications, and information from the one (1) year prior to the Petition Date concerning the relationship between (a) Midnight Madness Distilling LLC, Theobald & Oppenheimer LLC, and/or Casey S. Parzych; and (b) American Express National Bank or any of its affiliates or subsidiaries.

7