**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | CHAPTER 7 |
| MIDNIGHT MADNESS DISTILLING LLC, | CASE NO. 21-11750 (MDC) |
| Debtor. | Hearing Date: September 13, 2023 at 10:30 a.m.<br>Objection Deadline: September 6, 2023 by 4:00 p.m. |

**MOTION OF FLASTER/GREENBERG P.C. FOR AN ORDER DIRECTING THE TRUSTEE TO PAY APPROVED COMPENSATION**

Flaster/Greenberg P.C. ("FG"), as former counsel to debtor Midnight Madness Distilling LLC (the "Debtor"), hereby files this motion (the "Motion") for an order directing Bonnie B. Finkel, Chapter 7 Trustee of the above-captioned case (the "Trustee"), to pay previously approved compensation and in support hereof respectfully states as follows:

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On June 21, 2021, by and through its undersigned counsel, FG, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court.

4. On June 22, 2021, the Debtor filed an application to employ FG as attorneys pursuant to §§ 327 and 328 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014 (the "FG Employment Application") [Docket No. 19]. The FG Employment Application was approved by this Court by order entered on November 3, 2021 [Docket No. 200].

5. FG represented the Debtor through the Chapter 11 case and a 363 Sale Motion. FG negotiated with PNC Bank and obtained approval to use cash collateral for the Debtor to

operate pursuant to detailed budgets (which included carve outs for professionals). FG also obtained other ordinary First Day relief. Thereafter, FG negotiated and drafted a stalking horse Asset Purchase Agreement as well as complex bidding procedures which were approved by this Court (after several revisions and contested hearings). Pursuant to these approved bidding procedures, FG obtained and negotiated with several potential bidders and then conducted an extensive auction via Zoom during the pandemic. The efforts of FG culminated in the Debtor's entry into an Asset Purchase Agreement (the "APA") with Millstone Distillery, LLC ("Millstone") for a gross purchase price which yielded a significant increase in value above the initial stalking horse bidder. Working with Millstone, FG assisted in resolving objections to the sale and then conducting the Sale hearing which resulted in the approval of the proposed APA for the benefit of Millstone on September 17, 2021 [Docket No. 178]. Thereafter, FG assisted the Debtor and Millstone in closing the Sale. FG's efforts directly caused the sale proceeds to be created and paid to the estate.

6. On October 13, 2021, this Court entered an order converting the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code [Docket No. 191].

7. On October 14, 2021, the Trustee was appointed.

8. On November 3, 2021, FG filed its first and final fee application approving the expenses and compensation of FG for its services (the "FG Fee Application") [Docket No. 201].

9. Counsel to the Trustee reviewed the FG Fee Application and negotiated the terms of a consensual order to approve the FG Fee Application which included a voluntary fee reduction.

10. On December 17, 2021, this Court entered an order allowing FG the sum of $116,139.53 as compensation for fees and $3,814.49 for expenses [Docket No. 237] (the "FG

Fee Order"). FG utilized its retainer to pay all but $30,000 of these sums. The FG Fee Order is attached hereto as Exhibit "A."

11. Pursuant to the FG Fee Order, this Court specifically ordered that:

> *The Chapter 7 Trustee is authorized to make payment of the allowed amount of $30,000.00 to Flaster/Greenberg P.C. from the Cash Holdback funds provided in Section 1.09 of the APA approved by Order of this Court on September 17, 2021 [Docket No. 178].*

12. Despite this authorization, to date (nearly 20 months later), and without adequate explanation, FG has still not been paid this $30,000.

13. Further, without justification, the Trustee treated Debtor's marketing broker, W.M. F. Comly & Son, Inc. ("Comly") differently. On May 10, 2022, the Trustee proactively moved to obtain an Order authorizing her to pay Comly [Docket No. 283]. And, upon information and belief, promptly paid Comly. That was over a year ago.

14. The Trustee has never justified its disparate treatment of Comly and FG, never explained why she did not make the payment authorized by the FG Fee Order nor has she provided any assurance as to when FG will get paid.

15. The time to pay FG has long since passed.

16. The Trustee is already authorized to do so under the FG Fee Order.

17. The Trustee has funds in her possession from the proceeds of the Millstone sale to do so. These proceeds, which otherwise constituted PNC's collateral have been carved out from PNC's collateral is evidenced in the approved cash collateral budget agreed to by PNC and the Debtor [Docket Nos. 89, 150 and 183] during the Chapter 11 case. Further, funds are available pursuant to the terms of the Cash Holdback provided in Section 1.09 of the APA, approved by

10616932 v1

Order of this Court on September 17, 2021 [Docket No. 178], as well as the carveout provided in the cash collateral budget, as revised.

18. Prior to filing this Motion, FG shared a draft with counsel to the Trustee, and counsel did not respond.

19. FG has waited nearly two years to be paid, and it is simply not reasonable or fair given that it precisely was *because* of FG's work that there are any funds in the Trustee's estate to begin with. Thus, FG respectfully requests the entry of an Order directing the Trustee to immediately pay $30,000 FG for its approved and agreed fees.

20. Notice of this Motion has been served upon: (i) the Office of the United States Trustee; (ii) counsel to Millstone; (iii) counsel for PNC Bank; (iv) counsel to the Trustee; (v) creditors appearing on the Debtor's filed Schedule, Creditors who have Claims Secured by Property (vi) creditors appearing on the Debtor's filed list of creditors who have the 20 largest unsecured claims and (vii) parties appearing on the Clerk's Service List including all parties-in-interest having requested notices pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties" by U.S. First-Class Mail.  FG submits that such notice to the Notice Parties is appropriate and sufficient under the circumstances given the relief requested.

WHEREFORE, FG respectfully requests that this Court enter an order substantially in the form submitted herewith, directing the Trustee to pay $30,000 in accordance with the Approved FG Fee Order.

Date: August 15, 2023

**FLASTER/GREENBERG P.C.**

By: */s/ William J. Burnett*
William J. Burnett, Esquire
Harry Giacometti, Esquire
1717 Arch Street, Suite 3300
Philadelphia, PA 19103
Tel: (215) 279-9383
Fax: (215) 279-9394

10616932 v1