IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | * | |
| MIDNIGHT MADNESS DISTILLING, LLC, | * | Case No. 21-11750-MDC<br>Chapter 11 |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION OF MILLSTONE SPIRITS GROUP, LLC TO ENFORCE SALE ORDER AND COMPEL TURNOVER OF FUNDS ERRONEOUSLY SENT TO CRUTCH, LLC BY THE PENNSYLVANIA LIQUOR CONTROL BOARD**

Millstone Spirits Group, LLC ("Millstone"), by and through its undersigned counsel, hereby files this motion to enforce the terms of the Sale Order approving the sale of substantially all of the assets of the Debtor to Millstone and to compel turnover of accounts receivable erroneously sent to Crutch, LLC, a subsidiary of the Debtor. In support of its motion, Millstone respectfully states as follows:

### I.    BACKGROUND

1.  Contemporaneously with the filing of the present bankruptcy case, Midnight Madness Distilling, LLC (the "Debtor") filed an *Expedited Motion for Entry of an Order: (I) Approving the Sale of Sale of up to Substantially All of the Debtor's Assets, and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, and (III) Scheduling Hearings for Such Relief and (IV) Granting Related Relief* (Dkt. No. 4; "Sale Motion"). The Sale Motion sought approval of a sale process for substantially all assets of the Debtor.

2.  At the August 25, 2021 sale auction, Millstone submitted the highest and best offer.

1

3. Millstone's offer and Asset Purchase Agreement was approved by this Court on September 17, 2021, by entry of the *Order: (1) Approving Asset Purchase Agreement Among the Debtor and the Buyer, (2) Approving Sale of Substantially All Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(B), (F) And (M), (3) Approving Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 363 and 365, (4) Determining the Amounts Necessary to Cure Such Executory Contracts and Unexpired Leases, and Granting Related Relief* (Dkt. No. 178; "Sale Order"). A true and correct copy of the Sale Order is attached hereto as **Exhibit A** and incorporated herein by reference.

4. The Sale Order provides, among other things, that (i) the Asset Purchase Agreement (defined therein) was approved; and (ii) the Court retains "exclusive jurisdiction to resolve any controversy or claim arising out of or related to th[e] Sale Order, the Asset Purchase Agreement or any related agreements . . .." *See* Sale Order (Dkt. No. 178) at ¶¶ 3 (approving the Asset Purchase Agreement), 11 (approving the assumption and assignment of the Assigned Contracts), and 34 (retention of jurisdiction).

5. Pursuant to the Asset Purchase Agreement, Millstone purchased, among other things, all of the accounts receivable, inventory, finished goods, raw materials, work in progress, packaging, supplies, parts and other inventories owned by the Debtor and/or its various subsidiaries, including Crutch, LLC ("Crutch"). *See* Asset Purchase Agreement at §§ 1.01(b)-(c); 3.06.

6. Pursuant to the Asset Purchase Agreement, the Debtor and Crutch agreed that "from and after the closing, if Seller or any of its Affiliates receives or collects any funds relating

to any Accounts Receivable or any other Purchased Asset, Seller or its Affiliate shall remit such funds to Buyer within five (5) business days after its receipt thereof. *See* Asset Purchase Agreement at § 5.01.

7. In June 2022, the Pennsylvania Liquor Control Board (the "PLCB") submitted payment totaling $20,407.20 on five invoices (the "Invoices") issued by Millstone for product Millstone purchased pursuant to the Asset Purchase Agreement and sold to the PLCB. Copies of those invoices are attached as **Exhibit B** hereto.

8. When the ACH payments did not show up in Millstone accounts, Millstone spent several months corresponding with the PLCB to locate the missing payments. Ultimately, the PLCB informed Millstone that the ACH payments had gone to an account in the name of Crutch at Penn Community Bank. The PLCB further informed Millstone that it could not reverse the ACH payments and could not provide further information except with an authorized representative of Crutch.

9. Millstone attempted to find out who at the Debtor or Crutch had access to the account, but Debtor's counsel was unable to provide that information.

10. Millstone's attempts to reach Crutch via its PA registered office have gone unanswered.

11. Millstone attempted to work with Penn Community Bank but was informed that the bank could not discuss the Crutch account with anyone other than the authorized account owner, absent court order.

12. Accordingly, Millstone requests an order of this Court (i) confirming that the payment sent by the PLCB on account of the Invoices is property of Millstone pursuant to the

3

Asset Purchase Agreement; and (ii) directing Penn Community Bank to release the funds in the Crutch account to Millstone.

## II. ARGUMENT

### A. This Court Retained Jurisdiction Over the Sale Order and enforcement of the Asset Purchase Agreement.

13. Under the terms of the Sale Order, this Court retained "exclusive jurisdiction to resolve any controversy or claim arising out of or related to th[e] Sale Order, the Asset Purchase Agreement or any related agreements ..." Sale Order (Dkt. No. 178) at ¶ 34 (retention of jurisdiction). Even without an express reservation of jurisdiction under the Sale Order, this Court may interpret its own orders and can provide the best interpretation of its own Sale Order. *See In re Zinchiak*, 280 B.R. 117, 125 (Bankr. W. D. Pa. 2002) (finding it appropriate to reopen a case to allow the bankruptcy court that entered an order to provide the best interpretation of its own order).

### B. There Should be no doubt that the Accounts Receivable Sent by the PLCB to Crutch, LLC belong to Millstone.

14. Millstone purchased all of the Debtor and its subsidiaries (including Crutch, LLC's), accounts receivable, inventory, finished goods, raw materials, work in progress, packaging, supplies, parts and other inventories *See* Asset Purchase Agreement at §§ 1.01(b)-(c); 3.06. The payment sent by the PLCB to Crutch's bank account was for invoices generated by Millstone, for finished goods that Millstone acquired pursuant to the Asset Purchase Agreement and sold to the PLCB.

15. Crutch is a party to the Asset Purchase Agreement, and agreed that if it received any funds relating to Accounts Receivable or Purchased Assets "from and after the closing"… it

would "remit such funds to Buyer within five (5) business days after its receipt thereof. *See* Asset Purchase Agreement at § 5.01.

16. Crutch has failed to remit the $20,407.20 (the "PLCB Payment") it received from the PLCB in June 2022.

WHEREFORE, Millstone Spirits Group, LLC, respectfully requests that this Court enter an Order:

A. Confirming that the PLCB Payment funds in Crutch, LLC's account at Penn Community Bank are property of Millstone;

B. Directing Penn Community Bank to remit the funds in Crutch, LLC's account at Penn Community Bank to Millstone within three (3) business days from entry of an order of this Court;

C. Directing Crutch, LLC, or anyone acting on its behalf, to remit to Millstone any portion of the PLCB Payment that has been removed or withdrawn from the Crutch, LLC account at Penn Community Bank within three (3) business days from entry of an order of this Court; and

D. Granting such other and further relief as this Court deems fair and just.

DATE: August 30, 2023

Respectfully submitted:

*/s/ Rebecca Leaf*
Rebecca Leaf
PA Bar No. 325589
Patricia B. Jefferson-*Admitted Pro Hac Vice*
Miles & Stockbridge P.C.
100 Light Street, 10th Floor
Baltimore, Maryland 21202
Tel: (410) 385-3406
Email: pjefferson@milesstockbridge.com

*Counsel for Millstone Spirit Group, LLC*

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 30, 2023, a true and correct copy of the foregoing Motion of Millstone Spirits Group, LLC to Enforce Terms of Sale Order was served via this Court's CM ECF system upon:

- WILLIAM J. BURNETT    william.burnett@flastergreenberg.com, william.burnett@ecf.inforuptcy.com; jennifer.vagnozzi@flastergreenberg.com; nicole.pettit@flastergreenberg.com; nicole.pettit@flastergreenberg.com; jeanne.valentino@flastergreenberg.com
- KEVIN P. CALLAHAN    kevin.p.callahan@usdoj.gov
- JULIE A. CALLSEN    julie.callsen@tuckerellis.com, brittany.falkner@tuckerellis.com; thomas.fawkes@tuckerellis.com
- JOHN T. CARROLL    jcarroll@cozen.com, jdeeney@cozen.com; pgiordano@cozen.com; john-carroll-2735@ecf.pacerpro.com
- BONNIE B. FINKEL    finkeltrustee@comcast.net, NJ69@ecfcbis.com; Finkeltrustee@comcast.net
- EDMOND M. GEORGE    michael.vagnoni@obermayer.com; turner.falk@obermayer.com; Lucille.acello@obermayer.com; helen.belair@obermayer.com; coleen.schmidt@obermayer.com
- HOWARD GERSHMAN    hg229ecf@gmail.com, 229ecf@glpoc.comcastbiz.net
- HARRY J. GIACOMETTI    harry.giacometti@flastergreenberg.com, harry.giacometti@ecf.inforuptcy.com; nicole.pettit@flastergreenberg.com; jennifer.vagnozzi@flastergreenberg.com; giacometti.flastergreenberg@gmail.com; jeanne.valentino@flastergreenberg.com
- MATTHEW A. HAMERMESH    mhamermesh@hangley.com, ecffilings@hangley.com; kem@hangley.com; mjl@hangley.com
- MEGAN N. HARPER    megan.harper@phila.gov, Edelyne.Jean-Baptiste@Phila.gov
- JEFFREY KURTZMAN    Kurtzman@kurtzmansteady.com
- JENNIFER L. MALESKI    jmaleski@dilworthlaw.com, mdolan@dilworthlaw.com; ctomlin@dilworthlaw.com
- MICHAEL G. MENKOWITZ    mmenkowitz@frof.com, brian-oneill-fox-5537@ecf.pacerpro.com; jdistanislao@foxrothschild.com
- CAROL E. MOMJIAN    cmomjian@attorneygeneral.gov
- JOEL L. PERRELL    jperrell@MilesStockbridge.com
- EVERETT K. SHEINTOCH    esheintoch@sheintochlaw.com, ssilenzi@sheintochtodd.com
- DAVID B. SMITH    dsmith@skhlaw.com, b.dr70286@notify.bestcase.com
- ANTHONY ST. JOSEPH    anthony.stjoseph@usdoj.gov, mardella.suarez@usdoj.gov, CaseView.ECF@usdoj.gov
- United States Trustee    USTPRegion03.PH.ECF@usdoj.gov

And via first class mail, postage prepaid, upon:

Penn Community Bank
3969 Durham Road
Doylestown, PA 18902
Attn: Stephanie Schwartzberg, Chief Legal Officer

Crutch, LLC
2305 Trumbauersville Road
PO Box 116
Quakertown, PA 18951


Pennsylvania Liquor Control Board
Northwest Office Building, Room 301
Harrisburg, PA 17124


                                        */s/ Rebecca A. Leaf*
                                        Rebecca A. Leaf

116939\000001\4878-8563-4940.v1