# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>MIDNIGHT MADNESS DISTILLING, INC.<br><br>Debtor. | Chapter 7<br><br>Case No. 21-11750 (MDC)<br><br>**Related Doc. No. 321** |

### RESPONSE OF BONNIE B. FINKEL, CHAPTER 7 TRUSTEE TO MOTION OF FLASTER/GREENBERG P.C. FOR AN ORDER DIRECTING THE TRUSTEE TO PAY APPROVED COMPENSATION

Bonnie B. Finkel, in her capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estate of debtor Midnight Madness Distilling, Inc. (the "Debtor"), by and through her undersigned counsel, hereby files this response (the "Response") to the Motion of Flaster/Greenberg P.C. ("Chapter 11 Counsel" or "FG") for an Order Directing the Trustee to Pay Approved Compensation (the "Motion") and in support hereof respectfully responds as follows:

1. Chapter 11 Counsel in the Motion seeks to improperly compel payment by the Trustee of alleged remaining allowed outstanding fees of $30,000 by asserting that the "time to pay FG has long passed." See paragraph 15 of Motion. Chapter 11 Counsel in the Motion further asserts that the Trustee has funds available to pay Chapter 11 Counsel as a result of (i) cash collateral carve-outs pursuant to approved cash collateral budgets during the Chapter 11 and (ii) pursuant to the terms of a "Cash Holdback" provided for in section 1.09 of the approved Asset Purchase Agreement with Millstone. See paragraph 17 of Motion.

2. The aforesaid bases asserted by Chapter 11 Counsel for compelling the Trustee to make an at risk distribution are contrary to both the facts and the law applicable in the circumstances of this failed Chapter 11 case. Nothing in the Bankruptcy Code requires the Trustee

to pay administrative claims prior to final distribution in the now Chapter 7 case. As the court observed in *In re Cryptek, Inc.*:

> Although the court agrees that the amount [previously] approved is an administrative expense that requires no further application or approval simply because the case has been converted, and although the court agrees that the order is binding on the chapter 7 trustee, **nothing in the Bankruptcy Code or Rules requires immediate payment of allowed administrative expense claims. Indeed, the normal practice in chapter 7 cases is to pay administrative expenses at the time the trustee's final report and account before distribution is approved.**

*In re Cryptek, Inc.,* No. 08-17324-SSM, 2010 WL 5330507, at *2 (Bankr. E.D. Va. Dec. 21, 2010) (quoting with approval previous order in case denying request for immediate payment of committee counsel fees) (emphasis added).

3. Trustees have discretion on whether to pay administrative claims and the court should not supplant its judgment for that of the Trustee in such administrative matters. *See In re McConkey*, No. BR 15-60092-JDP, 2017 WL 6276094, at *2 (Bankr. D. Mont. Dec. 8, 2017) ("[T]he Court concludes that whether distributions should occur by Trustee to estate professionals prior to the approval of Trustee's final accounting in this case was a matter submitted to Trustee's sound discretion and good judgment").

4. In situations such as a failed Chapter 11 where solvency of the estate is in doubt, a court should not authorize, let alone compel, the Trustee to pay administrative expense claims.

> If administrative solvency is not assured, however, the court would not normally authorize, let alone compel, the trustee to pay administrative expense claims prior to the submission of a final report and account before distribution. This is particularly true with respect to chapter 11 administrative expense claims in a case converted to chapter 7, since such expenses are subordinate to the administrative expenses of the chapter 7 case. § 726(b), Bankruptcy Code. Although the court recognizes the hardship on the law firm of having to wait for payment, such waiting is simply a fact of life in bankruptcy cases. The court also acknowledges the seeming unfairness of counsel for the debtor in possession having already received full payment, but the fact remains that any such payment is subject to

2

partial disgorgement—so as to provide for ratable payment—if the estate proves administratively insolvent.

*Cryptek, Inc.,* 2010 WL 5330507, at *2 (emphasis added); *see In re IML Freight, Inc.,* 52 B.R. 124, 139 (Bankr. D. Utah 1985) ("Where there is a substantial doubt that there will be sufficient assets for the payment of all administrative expenses in full, the Court will authorize payment of only such an amount 'as would almost certainly be allowed the applicant under all possible contingencies' . . . Until the approximate amount of the Chapter 11 and Chapter 7 administrative claims is known, it is virtually impossible to determine correctly the percentage of payment the Chapter 11 professionals should receive").

5. In the instant case, Chapter 11 Counsel has already applied $89,954.02 of funds held in their attorney trust account against allowed fees of which $75,000 constituted the budgeted cash-collateral funds paid by the debtor. Accordingly, Chapter 11 Counsel as set forth above is asserting that the remaining outstanding fees of Chapter 11 Counsel are payable from the "Cash Holdback" provided for in Section 1.09(a) of the approved Asset Purchase Agreement with Millstone Spirits Group LLC which is as follows:

(a) Notwithstanding the inclusion of all of the Seller's cash and cash equivalents in Purchased Assets, the Buyer agrees that the lesser of Three Hundred Thousand Dollars ($300,000) or the Seller's cash on hand as of the Closing Date (the "**Cash Holdback**") shall remain in the Seller's Debtor-in-Possession account at PNC Bank, subject to an administrative hold by PNC Bank. *The Cash Holdback shall be available for the payment of **any administrative expenses*** either (a) incurred by the Debtor the ordinary course of its business between the Petition Date and the Closing Date and due and payable prior to the Closing Date in accordance with the Seller's 13 week cash flow budget submitted to PNC Bank; or (b) incurred by the Debtor on or after the Petition Date and allowed pursuant to Section 503 of the Bankruptcy Code by a final, non-appealable order of the Bankruptcy Court (collectively, the "**Unpaid Administrative Claims**"). (Emphasis added).

6. The Cash Holdback is available for payment of *any administrative expenses* including other Chapter 11 and Chapter 7 administrative claims. The Trustee in the exercise of her discretion and judgment does not want to make a pre-mature distribution to Chapter 11 Counsel

which could place other administrative claimants and the estate at risk before the full scope of such administrative claims is determined. The Trustee is especially uncomfortable in making such an at risk distribution to Chapter 11 Counsel given circumstances which have come to light concerning pre-conversion events during the Chapter 11, including those as set forth in the pending adversary action of *Bonnie B. Finkel in her capacity as Chapter 7 Trustee v. Casey Parzych, et al.*, adversary case no. 23-00047-MDC (filed 6/15/23) and recently filed *Motion of Millstone Spirits Group LLC to Enforce Sale Order and Compel Turnover of Funds Erroneously Sent to Crutch LLC By The Pennsylvania Liquor Control Board* (filed 8/30/23; D.I. 323).

WHEREFORE, the Trustee respectfully requests that this Court enter an order denying the Motion of Chapter 11 Counsel.

Dated: September 6, 2023

COZEN O'CONNOR

By:  */s/ John T. Carroll, III*
John T. Carroll, III, Esquire
(PA ID 34243)
Cozen O'Connor
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA 19103
Phone: (302) 295-2028
Fax No. (215) 701-2140
Email: jcarroll@cozen.com

*Counsel to Bonnie B. Finkel,
Chapter 7 Trustee*

4