**EXHIBIT A**

| 1. E/C CONTROL NUMBER:<br>EC-NRC-2022-045 | **DEPARTMENT OF THE TREASURY**<br>ALCOHOL AND TOBACCO TAX AND TRADE BUREAU<br>**NOTICE OF LEVY** | |
|---|---|---|
| 2. ISSUANCE DATE<br>04/22/2022 | 3. INITIATING TTB OFFICE *(Division, City and State)*<br>NRC, Cincinnati, Ohio | 4. INITIATING TTB OFFICE TELEPHONE NUMBER<br>( 877 ) 882-3277 |
| 5. TO:<br>Penn Community Bank Quakertown<br>1051 S. West End Blvd.<br>Quakertown, PA 18951 | | 6. TAXPAYER NAME AND ADDRESS<br>Crutch, LLC<br>dba: Theobald & Oppenheimer<br>PO Box 116<br>Quakertown, PA 18951 |
| 7. REMIT TO:<br>National Revenue Center<br>550 Main Street, Suite 8002<br>Cincinnati, Ohio 45202-5215 | | 8. TAXPAYER IDENTIFICATION NO.<br>36-4888246 |

**9. DESCRIPTION OF LIABILITY**

| TYPE OF TAX<br>(a) | TAX PERIOD ENDED<br>(b) | UNPAID ASSESSMENT BALANCE<br>(c) | ADDITIONAL PENALTIES & INTEREST<br>(d) | TOTAL<br>(e) |
|---|---|---|---|---|
| see attachment | see attachment | see attachment | see attachment | see attachment |

| THIS LEVY WILL NOT ATTACH TO ANY INDIVIDUAL RETIREMENT ACCOUNT (IRA), RETIREMENT PLAN BENEFITING SELF-EMPLOYED INDIVIDUALS, OR ANY OTHER QUALIFIED PLAN IN YOUR POSSESSION OR CONTROL. | 10. TOTAL AMOUNT DUE ▶ | $ 30,261.98 |
|---|---|---|

11. Interest and late payment penalty have been figured to  January 18, 2022

Chapter 64 of the Internal Revenue Code provides a lien for the above tax and statutory additions. Notice and demand, as required by the Internal Revenue Code, has been made, and the taxpayer has neglected or refused to pay. This amount is still due, owing, and unpaid. All property, rights to property, money, credits, and bank deposits now in your possession and belonging to this taxpayer (or for which you are obligated) and all money or other obligations you owe this taxpayer, are levied upon for payment of the tax, plus all additions provided by law. Demand is made on you either to pay this tax liability or pay any smaller amount that you owe this taxpayer.

**Money on deposit at banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must be held for 21 days from the day you receive this levy before it is sent to us along with any interest the taxpayer will earn during that time. In all other cases, you must turn over the taxpayer's property, money, credits, etc. just as though the taxpayer had demanded it.**

Please make your check or money order payable to the Alcohol and Tobacco Tax and Trade Bureau. Write on your payment the taxpayer's name, the taxpayer identification number, the type of tax, and tax period shown above, and the words "LEVY PROCEEDS". Complete the back of Part C and mail it to us with your payment in the enclosed envelope. Keep Part A for your records and give Part B to the taxpayer within 2 work days. **If you do not owe funds to this taxpayer, please complete the back of Part C and return all copies using the enclosed envelope.** Make reasonable efforts to identify all accounts in the taxpayer's name using Address, Social Security, and/or Employer ID number as a minimum. Do not offset funds the Taxpayer owes you without contacting the appropriate TTB Office shown above by phone for instructions.

| 12. SIGNATURE OF TTB AUTHORIZED OFFICIAL<br>*Terri K Maher*  Digitally signed by Terri K. Maher<br>Date: 2022.04.19 14:48:48 -04'00' | 13. TITLE<br>Dep. Director, Tax Services, National Revenue Center |
|---|---|
| TTB F 5652.1 (04/2009) | PART A – ADDRESSEE'S COPY |

## Excerpts from the Internal Revenue Code

### SEC. 6331. LEVY AND DISTRAINT

(b) **Seizure and Sale of Property**-The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal; tangible or intangible).

(c) **Successive seizures**-Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

### SEC. 6332. SURRENDER OF PROPERTY SUBJECT TO LEVY

(a) **Requirement**-Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(b) **Special rule for life insurance and endowment contracts**

(1) **In general**-A levy on an organization with respect to a life insurance or endowment contract issued by such organization shall, without necessity for the surrender of the contract document, constitute a demand by the Secretary for payment of the amount described in paragraph (2) and the exercise of the right of the person against whom the tax is assessed to the advance of such amount. Such organization shall pay over such amount 90 days after service of notice of levy. Such notice shall include a certification by the Secretary that a copy of such notice has been mailed to the person against whom the tax is assessed at his last known address.

(2) **Satisfaction of levy**-Such levy shall be deemed to be satisfied if such organization pays over to the Secretary the amount which the person against whom the tax is assessed could have had advanced to him by such organization on the date prescribed in paragraph (1) for the satisfaction of such levy, increased by the amount of any advance (including contractual interest thereon) made to such person on or after the date such organization had actual notice or knowledge (within the meaning of section 6323(i)(1)) of the existence of the lien with respect to which such levy is made, other than an advance (including contractual interest thereon) made automatically to maintain such contract in force under an agreement entered into before such organization had such notice or knowledge.

(3) **Enforcement proceedings**-The satisfaction of a levy under paragraph (2) shall be without prejudice to any civil action for the enforcement of any lien imposed by this title with respect to such contract.

(c) **Special rule for banks**-Any bank (as defined in section 408(n)) shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after

(d) **Enforcement of levy**

(1) **Extent of personal liability**-Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331(d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) **Penalty for violation**-In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(e) **Effect of honoring levy**-Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

### SEC. 6333. PRODUCTION OF BOOKS

If a levy has been made or is about to be made on any property, or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Secretary, exhibit such books or records to the Secretary.

### SEC. 6334. PROPERTY EXEMPT FROM LEVY

(a) **Enumeration**-There shall be exempt from levy

(1) **Wearing apparel and school books**-Such items of wearing apparel and such school books as are necessary for the taxpayer or for members of his family;

(2) **Fuel, provisions, furniture, and personal effects**-So much of the fuel, provisions, furniture, and personal effects in the taxpayer's household, and of the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $6,250 in value;

(3) **Books and tools of a trade, business, or profession**-So many of the books and tools necessary for the trade, business, or profession of the taxpayer as do not exceed in the aggregate $3,125 in value.

(5) **Undelivered mail**-Mail, addressed to any person, which has not been delivered to the addressee.

### SEC. 6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY

(a) **Release of levy and notice of release**

(1) **In general**-Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if—

(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,

(B) release of such levy will facilitate the collection of such liability,

(C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,

(D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or

(E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) **Expedited determination on certain business property**-In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) **Subsequent levy**-The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) **Return of property**-If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return—

(1) the specific property levied upon,

(2) an amount of money equal to the amount of money levied upon, or

(3) an amount of money equal to the amount of money received by the United States from a sale of such property.

Property may be returned at any time. An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 9 months from the date of such levy. For purposes of paragraph (3), if property is declared purchased by the United States at a sale pursuant to section 6335(e) (relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such section or (if larger) the amount received by the United States from the resale of such property.

APPLICABLE SECTIONS OF INTERNAL REVENUE CODE
6321. Lien for Taxes
6322. Period of Lien
6325 Release of Lien of Discharge of Property
6331 Levy and Distraint
6332 Surrender of Property Subject to Levy
6333 Production of Books
6334 Property Exempt From Levy
6343 Authority to Release Levy and Return Property
7428. Civil Actions By Persons Other Than Taxpayers
7429. Review of Jeopardy Levy or Assessment Procedures

For more information about this notice, please call the phone number on the front of the form.

TTB F 5652.1 (04/2009)
REVERSE OF PARTS A, B, D & E

| 1. E/C CONTROL NUMBER: <br> EC-NRC-2022-045 | **DEPARTMENT OF THE TREASURY** <br> ALCOHOL AND TOBACCO TAX AND TRADE BUREAU <br> **NOTICE OF LEVY** | |
|---|---|---|
| 2. ISSUANCE DATE <br> 04/22/2022 | 3. INITIATING TTB OFFICE *(Division, City and State)* <br> NRC, Cincinnati, Ohio | 4. INITIATING TTB OFFICE TELEPHONE NUMBER <br> ( 877 ) 882-3277 |
| 5. TO: <br> Penn Community Bank Quakertown <br> 1051 S. West End Blvd. <br> Quakertown, PA 18951 | | 6. TAXPAYER NAME AND ADDRESS <br> Crutch, LLC <br> dba: Theobald & Oppenheimer <br> PO Box 116 <br> Quakertown, PA 18951 |
| 7. REMIT TO: <br> National Revenue Center <br> 550 Main Street, Suite 8002 <br> Cincinnati, Ohio 45202-5215 | | 8. TAXPAYER IDENTIFICATION NO. <br> 36-4888246 |

### 9. DESCRIPTION OF LIABILITY

| TYPE OF TAX (a) | TAX PERIOD ENDED (b) | UNPAID ASSESSMENT BALANCE (c) | ADDITIONAL PENALTIES & INTEREST (d) | TOTAL (e) |
|---|---|---|---|---|
| see attachment | see attachment | | | see attachment |

| THIS LEVY WILL NOT ATTACH TO ANY INDIVIDUAL RETIREMENT ACCOUNT (IRA), RETIREMENT PLAN BENEFITING SELF-EMPLOYED INDIVIDUALS, OR ANY OTHER QUALIFIED PLAN IN YOUR POSSESSION OR CONTROL. | 10. TOTAL AMOUNT DUE ▶ | $ 30,261.98 |
|---|---|---|

11. Interest and late payment penalty have been figured to    January 18, 2022

Chapter 64 of the Internal Revenue Code provides a lien for the above tax and statutory additions. Notice and demand, as required by the Internal Revenue Code, has been made, and the taxpayer has neglected or refused to pay. This amount is still due, owing, and unpaid. All property, rights to property, money, credits, and bank deposits now in your possession and belonging to this taxpayer (or for which you are obligated) and all money or other obligations you owe this taxpayer, are levied upon for payment of the tax, plus all additions provided by law. Demand is made on you either to pay this tax liability or pay any smaller amount that you owe this taxpayer.

**Money on deposit at banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must be held for 21 days from the day you receive this levy before it is sent to us along with any interest the taxpayer will earn during that time. In all other cases, you must turn over the taxpayer's property, money, credits, etc. just as though the taxpayer had demanded it.**

Please make your check or money order payable to the Alcohol and Tobacco Tax and Trade Bureau. Write on your payment the taxpayer's name, the taxpayer identification number, the type of tax, and tax period shown above, and the words "LEVY PROCEEDS". Complete the back of Part C and mail it to us with your payment in the enclosed envelope. Keep Part A for your records and give Part B to the taxpayer within 2 work days. **If you do not owe funds to this taxpayer, please complete the back of Part C and return all copies using the enclosed envelope.** Make reasonable efforts to identify all accounts in the taxpayer's name using Address, Social Security, and/or Employer ID number as a minimum. Do not offset funds the Taxpayer owes you without contacting the appropriate TTB Office shown above by phone for instructions.

| 12. SIGNATURE OF TTB AUTHORIZED OFFICIAL | 13. TITLE <br> Dep. Director, Tax Services, National Revenue Center |
|---|---|

TTB F 5652.1 (04/2009)                                    PART C – TO BE RETURNED TO TTB

SECTION 1.   LEVY ACKNOWLEDGEMENT

1. Signature of person responding ............. _____

2. Printed name of person responding ....... _____

3. Your telephone number......................... _____

4. Date and time this levy was received ..... _____

SECTION 2.   LEVY RESULTS

1. Check attached in the amount of $ _____

2. No funds due ☐

3. No account ☐

4. No record ☐

SECTION 3.   OTHER INFORMATION — PLEASE COMPLETE ONLY IF YOU ARE NOT SENDING US THE TOTAL AMOUNT THE TAXPAYER OWES.

1. Taxpayer's latest address, if different from the one on this levy

2. Taxpayer's telephone number
   (     )

3. Name and address of taxpayer's employer *(if different from addressee)*

4. Next date you will owe funds to the taxpayer

5. Other information you believe may help us

REVERSE OF PART C --TTB F 5652.1 (04/2009)